# 15-180(L)

### 15-208 (XAP)

## United States Court of Appeals
## for the Second Circuit

---

MIAMI GROUP, CONSISTING OF THE RETIREMENT SYSTEM FOR GENERAL EMPLOYEES OF THE CITY OF MIAMI BEACH, FRANCOIS R. GERARD, PRIGEST S.A. AND TOCQUEVILLE FINANCE S.A., PEARSON-DONIGER FAMILY, CONSISTING OF TWO SISTERS AND THEIR RESPECTIVE FAMILY MEMBERS BEATRICE DONIGER, GRANDCHILDREN'S TRUST BY BRUCE DONIGER TRUSTEE, ALISON DONIGER, MICHAEL DONIGER, EDWARD B. BRUNSWICK AND RUTH PEARSON TRUST PEARSON TRUSTEE, GAMCO INVESTORS, INCORPORATED, OPPENHEIM KAPITALANLAGEGESELLSCHAFT MBH, PLAINTIFF KBC ASSET MANAGEMENT N.V., CAPITALIA ASSET MANAGEMENT SGR, S.P.A., CAPITALIA INVESTMENT MANAGEMENT S.A., EURIZON CAPITAL SGR S.P.A., BADEN-WURTTEMBERGISCHE INVESTMENTGESELLSCHAFT MBH, BARCLAYS GLOBAL INVESTORS (DEUTSCHLAND),

*[caption continued on next page]*

---

On Appeal From The United States District Court
For The Southern District Of New York, No. 02-cv-05571-SAS

---

**JOINT SPECIAL APPENDIX, VOLUME III OF III, PAGES SA456-SA582**

---

Jeffrey A. Lamken
MOLO LAMKEN LLP
The Watergate, Suite 660
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
(202) 556-2000

*Counsel of Record for*
*Class Plaintiffs*

Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
(202) 955-8500

*Counsel of Record for*
*Vivendi S.A.*

*[caption continued]*

COMINVEST ASSET MANAGEMENT GMBH, DEUTSCHE ASSET MANAGEMENT INVESTMENTGESELLSCHAFT MBH, DWS (AUSTRIA) INVESTMENTGESELLSCHAFT MBH, DWS INVESTMENT GMBH, ERSTE-SPARINVEST KAPITALANLAGEGESELLSCHAFT M.B.H., FORSTA AP-FONDEN, FORTIS INVESTMENT MANAGEMENT SA, KBC ASSET MANAGEMENT S.A., LANDESBANK BERLIN INVESTMENT GMBH, LBBW LUXEMBURG S.A., OPPENHEIM ASSET MANAGEMENT SERVICES S.A.R.L., PIONEER INVESTMENT MANAGEMENT LIMITED, PIONEER INVESTMENT MANAGEMENT SGRPA, PIONEER INVESTMENTS AUSTRIA GMBH, PIONEER INVESTMENTS KAPITALANLAGEGESELLSCHAFT MBH, RAIFFEISEN KAPITALANLAGE-GESELLSCHAFT M.B.H., SEB INVESTMENT MANAGEMENT AB, SKANDIA INSURANCE COMPANY LTD., UNION ASSET MANAGEMENT HOLDING AG, UNIVERSAL-INVESTMENT-GESELLSCHAFT MBH, SEB INVESTMENT GMBH, ANDRA AP-FONDEN, BAYERN-INVEST KAPITALANLAGEGESELLSCHAFT MBH, DEKA INVESTMENT GMBH, PRIGEST, S.A., TOCQUEVILLE FINANCE, S.A., ROSENBAUM PARTNERS, L.P., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, RUTH PEARSON TRUST, DEKA INTERNATIONAL (IRELAND) LIMITED, DEKA INTERNATIONAL S.A. LUXEMBURG, DEKA FUNDMASTER INVESTMENTGESELLSCHAFT MBH, FIDEURAM INVESTIMENTI S.G.R., FIDEURAM GESTIONS S.A., INTERFUND SICA V, FRANKFURT-TRUST INVESTMENT-GESELLSCHAFT MBH, FRANKFURT-TRUST INVEST LUXEMBURG AG, HELABA INVEST KAPITALANLAGEGESELLSCHAFT MBH, HSBC TRINKAUS & BURKHARDT AG, INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH, MEAG MUNICH ERGO KAPITALANLAGEGESELLSCHAFT MBH, MEAG MUNICH ERGO ASSET MANAGEMENT GMBH, METZLER INVESTMENT GMBH, METZLER IRELAND LTD, NORDCON INVESTMENT MANAGEMENT AG, NORGES BANK, SWISS LIFE HOLDING AG, SWISS LIFE INVESTMENT MANAGEMENT HOLDING AG, SWISS LIFE ASSET MANAGEMENT AG, SWISS LIFE FUNDS AG, SWISS LIFE (BELGIUM) S.A., SWISS LIFE ASSET MANAGEMENT GMBH, SWISS LIFE ASSET MANAGEMENT (NEDERLAND) B.V., TREDJE AP-FONDEN, WESTLB MELLON ASSET MANAGEMENT KAPITALANLAGEGESELLSCHAFT MBH, ALECTA PENSIONSFORSAKRING, OMSESIDIGT, SJUNDE AP-FONDEN, VARMA MUTUAL PENSION INSURANCE COMPANY, DANSKE INVEST ADMINISTRATION A/S, AFA LIVFORSAKRINGSAKTIEBOLAG, AFA TRYGGHETSFORSAKRINGSAKTIEBOLAG, AFA SJUKFORSAKRINGSAKTIEBOLAG, AMF PENSION FONDFORVALTNING AB, ARBETSMARKNADSFORSAKRINGAR, PENSIONSFORSAKRINGSAKTIEBOLAG, PENSIONSKASSERNES ADMINSTRATION A/S, ARBEJDSMARKEDETS TILLAEGSPENSION, INDUSTRIENS PENSIONSFORIKRING A/S, ARCA SGR S.P.A.,

*[caption continued]*

ILMARINEN MUTUAL PENSION INSURANCE COMPANY, PRIMA SOCIETA' DI GESTIONE DEL RISPARMIO S.P.A., NORDEA INVEST FUND MANAGEMENT A/S, NORDEA FONDER AB, NORDEA INVESTMENT FUNDS COMPANY I.S.A., NORDEA FONDENE NORGE AS, NORDEA FONDBOLAG FINLAND AB, SWEDBANK ROBUR FONDER AB, FJARDE AP-FONDEN, OLIVIER CHASTAN, REED S. CLARK, DAHA DAVIS, COLLEN DODI, RUTH PEARSON TRUST PEARSON TRUSTEE, EDWARD B. BRUNSWICK, MICHAEL DONIGER, ALISON DONIGER, GRANDCHILDREN'S TRUST BY BRUCE DONIGER TRUSTEE, BRUCE DONIGER, BEATRICE DONIGER, JEFFREY KURTZ, PRICE HAL, W. SCOTT POLLAND, JR., NICHOLAS A. RADOSEVICH, CAISSE DE DEPOT ET PLACEMENT DU QUEBEC, AGF ASSET MANAGEMENT, S.A., IRISH LIFE INVESTMENT MANAGERS LIMITED,

*Plaintiffs-Appellees*,

BRUCE DONIGER, GERARD MOREL, OLIVER M. GERARD, THE RETIREMENT SYSTEM FOR GENERAL EMPLOYEES OF THE CITY OF MIAMI BEACH,

*Plaintiffs-Appellees/Cross-Appellants*,

WILLIAM CAVANAGH,

*Cross-Appellant*,

v.

VIVENDI, S.A.,

*Defendant-Appellant - Cross-Appellee*,

JEAN-MARIE MESSIER, GUILLAUME HANNEZO, VIVENDI UNIVERSAL,

*Defendants*.

# TABLE OF CONTENTS

**Description**                                                                    **Page**

## VOLUME I

November 4, 2003 Opinion and Order of Judge Baer (Dkt. 84) ................................. SA1

September 21, 2004 Order of Judge Holwell (Dkt. 165).......................................... SA41

May 23, 2007 Revised Memorandum Opinion and Order of Judge Holwell,
    signed May 21, 2007 (Dkt. 347)...................................................................... SA42

March 2, 2009 Oral Order of Judge Holwell (Dkt. 752) (excerpt)......................... SA110

March 16, 2009 Order of Judge Holwell (Dkt. 749)............................................... SA115

March 31, 2009 Memorandum Opinion and Order of Judge Holwell
    (Dkt. 755) ....................................................................................................... SA118

March 31, 2009 Memorandum Opinion and Order of Judge Holwell
    (Dkt. 758) ....................................................................................................... SA147

April 21, 2009 Revised Memorandum Opinion and Order of Judge Holwell
    (Dkt. 775) ....................................................................................................... SA183

August 18, 2009 Order of Judge Holwell (Dkt. 929) ............................................. SA219

October 13, 2009 Order of Judge Holwell (Dkt. 953) ............................................ SA234

January 4, 2010 Oral Order of Judge Holwell (Dkt. 1001) (excerpt)...................... SA236

## VOLUME II

February 2, 2010 Jury Verdict Form (Dkt. 998)...................................................... SA242

September 30, 2010 Order of Judge Holwell (Dkt. 1083)....................................... SA331

February 22, 2011 Memorandum Opinion and Order of Judge Holwell
    (Dkt. 1084) ..................................................................................................... SA332

**TABLE OF CONTENTS**
**(continued)**

**VOLUME III**

February 1, 2012 Memorandum Opinion and Order of Judge Holwell (Dkt. 1114) ................................................................... SA456

July 5, 2012 Order of Judge Scheindlin (Dkt. 1147) ............................................ SA468

August 18, 2014 Memorandum Opinion and Order of Judge Scheindlin (Dkt. 1208) ................................................................... SA519

November 12, 2014 Order of Judge Scheindlin (Dkt. 1229) ................................. SA525

December 22, 2014 Partial Final Judgment Entered by Judge Scheindlin (Dkt. 1231) ................................................................... SA529

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIVENDI UNIVERSAL, S.A., SECURITIES LITIGATION<br><br>This Memorandum Opinion & Order relates to:<br><br>07 Civ. 5742    07 Civ. 7370<br>07 Civ. 7775    07 Civ. 7776<br>07 Civ. 7778    07 Civ. 7779<br>07 Civ. 7803    07 Civ. 7863<br>07 Civ. 8156    07 Civ. 8208<br>07 Civ. 8830    07 Civ. 9229<br>07 Civ. 9593    07 Civ. 10578<br>07 Civ. 10954   07 Civ. 10995<br>07 Civ. 11092   07 Civ. 11305<br>07 Civ. 11483   07 Civ. 11484<br>07 Civ. 11485   07 Civ. 11628<br>08 Civ. 24      08 Civ. 116<br>08 Civ. 117     08 Civ. 418<br>08 Civ. 950     08 Civ. 1111<br>08 Civ. 1938    08 Civ. 1973<br>08 Civ. 1974    08 Civ. 1975<br>08 Civ. 1983    08 Civ. 1985<br>09 Civ. 2568    08 Civ. 2592<br>09 Civ. 2603    09 Civ. 2611 | 02 Civ. 5571 (RJH)<br><br>**MEMORANDUM OPINION &<br>ORDER** |

Richard J. Holwell, *District Judge*:

Before the Court is the defendants' motion for partial judgment on the pleadings,

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed on August 22, 2011.  For

the reasons stated herein, the defendant's motion is GRANTED.

## BACKGROUND

On March 22, 2007, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil

Procedure, the Court granted in part a motion to certify a class "consisting of all persons from the

United States, France, England, and the Netherlands who purchased or otherwise acquired

ordinary shares or American Depository Shares [("ADS")] of Vivendi Universal, S.A. [("Vivendi" or "Company")] . . . ."  *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 109 (S.D.N.Y. 2007) ("*Vivendi I*").  The certified class ("Class Plaintiffs") proceeded to litigate a class action ("Class Action"), resulting in a three-month-plus jury trial in this Court during late 2009 and early 2010.  *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 523–24 (S.D.N.Y. 2011) ("*Vivendi II*").  Several months after class certification, individual Vivendi shareholders who were excluded from the class filed the first of thirty-five complaints in the Southern District of New York, and on July 7 and 8, 2009, the plaintiffs in the above-captioned cases ("Individual Plaintiffs") filed four amended complaints (collectively, "Amended Complaints")—the superseding and operative complaints at issue here.  *See* Amended Compl. ("Allianz Compl."),  *Allianz Global Investors v. Vivendi Universal, S.A.*, Nos. 07 Civ. 8156, 07 Civ. 9229, 08 Civ. 1973, 08 Civ. 1974, 08 Civ. 1975 (S.D.N.Y. July 8, 2009); Amended Compl. ("AP Compl."), *Andra AP-Fonden v. Vivendi Universal, S.A.*, Nos. 07 Civ. 7370, 07 Civ. 7775, 07 Civ. 7776, 07 Civ. 7778, 07 Civ. 7779, 07 Civ. 7803, 07 Civ. 7863, 07 Civ. 8208, 07 Civ. 9593, 07 Civ. 11485, 08 Civ. 24, 08 Civ. 116, 08 Civ. 117, 08 Civ. 1938, 08 Civ. 1985 (S.D.N.Y. July 7, 2009); Amended Compl. ("B-W Compl."), *Baden-Württenbergische Investmentgesellschaft mbH v. Vivendi Universal, S.A.*, Nos. 02 Civ. 5571, 07 Civ. 8830, 07 Civ. 10578, 07 Civ. 10954, 07 Civ. 11628, 08 Civ. 950, 08 Civ. 1111, 08 Civ. 1983 (S.D.N.Y. July 7, 2009); Amended Complaint ("Capitalia Compl."), *Capitalia Asset Mgmt. SGR, S.p.A. v. Vivendi Universal, S.A.*, Nos. 07 Civ. 5742, 07 Civ. 10995, 07 Civ. 11305, 07 Civ. 11483, 07 Civ. 11484, 08 Civ. 418 (S.D.N.Y. July 7, 2009).

The Individual Plaintiffs allege—asserting claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and Rule

10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, as well as claims pursuant Sections 11,

12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77k(a), 77*l*(a)(2),

77o—that Vivendi, Jean-Marie Messier, and Guillaume Hannezo (collectively, "Defendants")

made materially false or misleading statements regarding Vivendi's financial health.[1]

Specifically, the Amended Complaints contain assertions that these statements "had the purpose

and effect of creating in the market an unrealistically positive assessment of Vivendi and its

business, prospects and operations, thus causing the Company's securities to be overvalued and

artificially inflated."  Allianz Compl. ¶ 262; AP Compl. ¶ 262; B-W Compl. ¶ 262; Capitalia

Compl. ¶ 262.  The Individual Plaintiffs further allege that they purchased or otherwise acquired

ordinary shares of Vivendi between October 30, 2000, and August 14, 2002, and that Vivendi's

ordinary shares traded on the EuroNext, S.A. ("Paris Bourse"), a foreign exchange.[2]  *See* Allianz

Compl. ¶¶ 13, 18, 45, 307; AP Compl. ¶¶ 13, 18, 45, 307; B-W Compl. ¶¶ 13, 18, 45, 307;

Capitalia Compl. ¶¶ 13, 18, 45, 307; *see also* Individual Plaintiffs Who Purchased or Otherwise

Acquired Vivendi Ordinary Shares, Exh. A to Decl. of Penny P. Reid in Supp. of Defs.' Mot. for

Partial J. on the Pleadings ("Reid Decl.") (Aug. 22, 2011) (ECF No. 1097-1).

On June 24, 2010, the Supreme Court issued its opinion in *Morrison v. National

Australia Bank Ltd.*, --- U.S. ---, 130 S. Ct. 2869 (2010).  The *Morrison* Court "concluded that

Section 10(b) [of the Exchange Act] does not apply extraterritorially," *Vivendi II*, 765 F. Supp.

2d at 526, and held that "Section 10(b) reaches the use of a manipulative or deceptive device or

contrivance only in connection with the purchase or sale of a security listed on an American

[1] The Individual Plaintiffs bring their claims under Section 20(a) of the Exchange Act and Section 15 of the Securities Act—which impose control-person liability over primary violations of the Acts within which they are respectively located—only against the individual defendants, Messier and Hannezo.

[2] As noted above, the Individual Plaintiffs also assert claims involving their purchases of American Deposit Shares, or "ADS," purchased on the New York Stock Exchange, located in New York City.  *See, e.g.*, Allianz Compl. ¶¶ 2, 38; AP Compl. ¶¶ 2, 38; B-W Compl. ¶¶ 2, 38; Capitalia Compl. ¶¶ 2, 38.  These "ADS Claims" are not in issue here.

stock exchange, and the purchase or sale of any other security in the United States," *Morrison*, 130 S. Ct. at 2888. On February 17, 2011, applying *Morrison*—which had upended Second Circuit precedent on the issue, *see Vivendi II*, 765 F. Supp. at 526–27—this Court dismissed the Section 10(b) claims brought by ordinary shareholders of Vivendi securities in the Class Action. *See id.* at 533–34.

It is the Supreme Court's *Morrison* opinion, and this Court's application of such in *Vivendi II*, upon which the Defendants moved the Court, through the instant motion, to enter partial judgment on the pleadings in their favor and to dismiss the Exchange Act claims of Individual Plaintiffs who purchased or otherwise acquired Vivendi ordinary shares. The Defendants filed their motion on August 22, 2011,[3] and by an October 6 letter, they sought leave to amend the motion in order to seek partial judgment on the Individual Plaintiffs' claims under the Securities Act, on the same basis. The next day, the Individual Plaintiffs informed the Court that they had no objection to the Defendants' proposed amendment. Accordingly, the Court endorsed the Defendants' request and "deemed" the Defendants' motion "to cover [the Individual Plaintiffs'] claims under both the Securities Act . . . and [the] Exchange Act . . . ." Endorsed Letter to Court ("Endorsed Letter") at 1 (Oct. 17, 2011) (ECF No. 1106). The Court shall refer to the claims at issue—claims brought under the Securities Act and the Exchange Act by the Individual Plaintiffs who purchased ordinary shares of Vivendi on the Paris Bourse—as the "Ordinary Share Claims."

---

[3] The Defendants move jointly in all of the above-captioned cases, with two exceptions. First, Hannezo is the only named defendant in the individual actions numbered 09 Civ. 2568, 09 Civ. 2592, 09 Civ. 2603, and 09 Civ. 2611, and therefore it is only he who moves the Court in those cases. Second, Hannezo clarifies that he "joins in th[e Defendants'] motion only with regard to those Individual Plaintiff actions in which he has been properly served." Mem. of Law in Supp. of Defs.' Mot. for Partial J. on the Pleadings ("Defs.' Mem.") at 1 n.1 (Aug. 22, 2011) (ECF No. 1096).

The motion being fully briefed, and neither party having requested oral argument, the Court now turns to its resolution.

## LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "a party may move for judgment on the pleadings" anytime "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "In deciding a Rule 12(c) motion, [the Court] appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 99 (2d Cir. 2001). The Court "may dismiss the complaint only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *accord Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) ("To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

## DISCUSSION

I. Motion for Partial Judgment on the Pleadings

 A. Governing Law

  1. Exchange Act

To state a claim for relief pursuant to Section 10(b) and Rule 10b-5, "a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *ATSI Commc'ns, Inc. v.*

SA460

*Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007).  However, in *Morrison*, the Supreme Court further limited relief under those sections to claims alleging "the use of a manipulative or deceptive device or contrivance *only* in connection with the purchase or sale of a security listed *on an American stock exchange*, and the purchase or sale of any other security *in the United States*."  130 S. Ct. at 2888 (emphases added).

Section 20(a) of the Exchange Act provides for so-called "controlling-person liability," *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996), over "[e]very person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder . . . , unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action."  15 U.S.C. § 78t.  In order to establish a violation of Section 20(a), "a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud."  *ATSI*, 493 F.3d at 108 (citing *First Jersey*, 101 F.3d at 1472).  Where a plaintiff fails to allege properly a primary violation, the plaintiff cannot succeed on a Section 20(a) controlling-person-liability claim.  *See id.*

### 2. Securities Act

"Claims under sections 11 and 12(a)(2) of the Securities Act have 'roughly parallel elements.'"  *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 109 (2d Cir. 2011) (quoting *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010)).  Section 11 "imposes liability on issuers and other signatories of a registration statement that 'contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading.'"  *Id.* (quoting 15 U.S.C. § 77k(a)).  Section 12(a)(2)

— 6 —

**SA461**

"imposes liability under similar circumstances with respect to, *inter alia*, prospectuses." *Id.*

(citing 15 U.S.C. 77*l*(a)(2)). Like the Exchange Act, the Securities Act also establishes

controlling-person liability for individuals or entities who "control[] any person liable" for

primary violations, 15 U.S.C. § 77o, and such liability may only be imposed where the plaintiff

has also proven a primary violation of Section 11 or 12. *See In re Morgan Stanley Info. Fund*

*Sec. Litig.*, 592 F.3d at 358; *see also Fait*, 655 F.3d at 109 n.2.

     B. Application

          1. Exchange Act Claims

     The Defendants argue that because "[a]ll four amended complaints assert claims based on

Vivendi ordinary shares"—"which are not listed for trading purposes on any U.S. exchange"—

the Court must dismiss the plaintiffs' Exchange Act claims pursuant to *Morrison*. Mem. of Law

in Supp. of Defs.' Mot. for Partial J. on the Pleadings ("Defs.' Mem.") at 4–5 (Aug. 22, 2011)

(ECF No. 1096). In opposition, the Individual Plaintiffs "refer the Court to" the arguments

presented in the papers submitted by the Class Plaintiffs in response to a post-trial Court order

for supplemental briefing regarding the effect of *Morrison*. Indiv. Pls.' Mem of Law in

Response to Defs.' Mot. for J. on the Pleadings Based on *Morrison v. National Australia Bank*

("Pls.' Mem.") at 1 (Sept. 9, 2011) (ECF No. 1098). The Individual Plaintiffs "further submit

that *Morisson* was wrongly decided and look forward to a day when a future Supreme Court

corrects the error," *id.*, and they "are optimistic that the SEC will recommend—and Congress

will enact—legislation overruling *Morrison*," *id.* at 2.

     The Court concludes that the Individual Plaintiffs' Exchange Act claims must be

dismissed. The Court has already rejected the Class Plaintiffs' arguments in *Vivendi II*, *see* 765

F. Supp. 2d at 527–34, and other courts in this District have come to similar conclusions about

the meaning of *Morrison*, *see, e.g.*, *In re Royal Bank of Scot. Grp. PLC Sec. Litig.*, 765
F.Supp.2d 327, 336 (S.D.N.Y.2011); *In re Alstom SA Sec. Litig.*, 741 F. Supp. 2d 469, 472
(S.D.N.Y. 2010).  The Court sees no reason to revisit those conclusions now, particularly in the
absence of any new legal arguments from the Individual Plaintiffs.  Furthermore, actions
initiated but not completed in the legislative and regulatory arenas are of no moment in the
Court's consideration of the continuing application of Supreme Court decisions.  *See, e.g.*,
*Hoffman v. Palmer*, 129 F.2d 976, 995 (2d Cir. 1942) ("[A] proposed statute gives courts no
authority.  It is for us to construe and apply the existing enactment, not one which would enlarge
it and which is, as yet, but a wish.").  Therefore, the Court grants the Defendants' motion with
respect to the Individual Plaintiffs' Ordinary Share Claims brought under the Exchange Act.

2. Securities Act Claims

After filing the instant motion, the Defendants, in a letter to the Court dated October 6,
2011, requested that, "for the sake of judicial efficiency," the Court "allow Defendants to amend
their motion" to cover the Individual Plaintiffs' Securities Act claims in addition to the Exchange
Act claims specifically identified in the motion.  Letter from Penny P. Reid to Hon. Richard J.
Holwell at 1–2 (Oct. 6, 2011) (on file with Court).  The Individual Plaintiffs did not oppose the
request, and the Court approved it in an October 17, 2011 Order.  *See* Endorsed Letter at 1.

While *Morrison* involved solely an Exchange Act claim, *see Morrison*, 130 S. Ct. at 2875
("We decide whether § 10(b) of the Securities Exchange Act of 1934 provides a cause of action
to foreign plaintiffs suing foreign and American defendants for misconduct in connection with
securities traded on foreign exchanges."), the Defendants argue that given that the Individual
Plaintiffs' Ordinary Share Claims under the Securities Act are "based on purchases of Vivendi
ordinary shares on a foreign exchange," *Morrison* requires their dismissal for the same reasons it

— 8 —

requires dismissal of the Exchange Act claims. Reply Mem. of Law in Further Supp. of Defs.' Mot. for Partial J. on the Pleadings ("Defs.' Reply") at 2 n.3 (Oct. 6, 2011) (ECF No. 1105); *see Vivendi II*, 765 F. Supp. 2d at 527–34 (analyzing the dismissal of Exchange Act claims under *Morrison*). The Individual Plaintiffs did not proffer any legal argument contesting the Defendants' contention that *Morrison* (however interpreted) should apply to both statutes.

In the only two federal cases to have considered the issue to date, two courts—both in this District—have dismissed Securities Act claims pursuant to *Morrison*. In *In re Royal Bank of Scotland Group PLC Securities Litigation*, Judge Batts seized on the *Morrison* Court's statement that the Securities Act shares the "same focus on domestic transactions" as the Exchange Act, *Morrison*, 130 S. Ct. at 2885, in concluding that "the Securities Act, like the Exchange Act, does not have extraterritorial reach," *In re Royal Bank of Scot. Grp.*, 765 F. Supp. 2d at 338 & n.11. Judge Batts therefore applied *Morrison* to claims under Sections 11, 12, and 15 of the Securities Act. *See id.* at 338–39. Likewise, in *SEC v. Goldman Sachs & Co.*, 790 F. Supp. 2d 147 (S.D.N.Y. 2011), Judge Jones "agree[d with the defendant] that *Morrison* applies to Section 17(a) of the Securities Act," *id.* at 164, relying principally on the fact that "the definition of 'sale' under the Securities Act is virtually identical to the definition of 'sale' under the Exchange Act." *Id.* at 164 n.21 (comparing 15 U.S.C. § 77b(a)(3) (defining "sale" to "include every contract of sale or disposition of a security or interest in a security, for value" in the Securities Act), with *id.* § 78c(a)(14) (defining "sale" to "include any contract to sell or otherwise dispose of" in the Exchange Act)).

The Court agrees with those decisions and concludes that *Morrison* permits Securities Act claims only "in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States," *Morrison*,

130 S. Ct. at 2888.  In *Morrison*, the Supreme Court applied the "presumption against extraterritoriality" that accompanies federal legislation to the Exchange Act, rejecting various textual counterarguments to conclude that Section 10(b) does not apply to sales of securities outside the United States because the statute lacks an "affirmative indication" to the contrary that might overcome the presumption.  *Id.* at 2883.  In so doing, the Court noted that the Securities Act—which prohibits the sale of a security, "through a prospectus or otherwise, making use of 'any means or instruments of transportation or communication in interstate commerce or of the mails,' unless a registration statement is in effect," *id.* at 2885 (quoting 15 U.S.C. § 77e(a)(1))—was "enacted by the same Congress as the Exchange Act" and "form[s] part of the same comprehensive regulation of securities trading."  *Id.*  The Court further cited, *see id.*, to the Code of Federal Regulations, in which the Securities Exchange Commission has interpreted the registration requirement mandated by the Securities Act "not to include . . .  sales that occur outside the United States," 17 C.F.R. § 230.901 (2009).

For those reasons, and like its sister courts in this District, the Court determines that *Morrison*'s underlying logic counsels extending its holding to cover the Securities Act, and therefore the Individual Plaintiffs' Ordinary Share Claims under that statute must also be dismissed.

## II. Sanctions

In the memorandum accompanying their motion for partial judgment on the pleadings, the Defendants indicate that they "intend to seek costs covering the expense of filing this motion" because the "Individual Plaintiffs' refusal to withdraw their meritless Section 10(b) claims violates Rule 11(b) of the Federal Rules of Civil Procedure."  Defs.' Mem. at 5. However, even absent a Rule 11 motion, the Private Securities Litigation Reform Act of 1995

SA465

("PSLRA"), 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.), requires the district court, "upon final adjudication of the action," to make "specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) . . . as to any complaint, responsive pleading, or dispositive motion."  15 U.S.C. § 78u-4(c)(1); *accord Rombach v. Chang*, 355 F.3d 164, 178 (2d Cir. 2004).  If a district court finds that an attorney is in violation of Rule 11, the court *must* impose sanctions.  *See* 15 U.S.C. § 78u-4(c)(2).

That inquiry, though, must wait for another day.  The PSLRA requires Rule 11 findings to be made "upon final adjudication of the action," *id.* §78u-4(c)(1).  But, though the Court has granted the Defendants' motion for partial judgment on the pleadings, this case has not yet reached "final adjudication."  In this Memorandum Opinion & Order, the Court dismisses the Individual Plaintiffs' Ordinary Share Claims *only*—that is, only their claims related to purchases of ordinary shares of Vivendi securities, shares which were sold on the Paris Bourse, a foreign exchange.  Indeed, as the Court explained above, it is precisely the "foreignness" of those ordinary shares which subject them to dismissal under *Morrison*.  On the other hand, the Individual Plaintiffs further allege violations of the Exchange Act, Securities Act, and those statutes' implementing regulations as to "American Depository Shares," or "ADS," which were traded solely on the New York Stock Exchange—a domestic exchange falling outside the *Morrison* analysis.  *See, e.g.*, Allianz Compl. ¶¶ 2, 38; AP Compl. ¶¶ 2, 38; B-W Compl. ¶¶ 2, 38; Capitalia Compl. ¶¶ 2, 38; *see also* Defs.' Mem. at 3 n.10 ("Defendants are only seeking dismissal of the claims brought in connection with the acquisition of Vivendi ordinary shares at this time.").  Those claims—the Individual Plaintiffs' "ADS Claims"—then, are still in play in this litigation, and the Court therefore declines to engage in the Rule 11 fact-finding mandated by

the PSLRA at this time.  It will instead endeavor to make such findings upon the filing of the Defendants' promised Rule 11 motion or, alternatively, at the termination of this action under the requirements of the PSLRA.

## CONCLUSION

For the reasons stated in this Memorandum Opinion & Order, the Court GRANTS the Defendants' motion for partial judgment on the pleadings [ECF No. 1095], and the Ordinary Share Claims of the Individual Plaintiffs in the above-captioned cases are dismissed.


**SO ORDERED.**

Dated: New York, New York
      January 27, 2012

Richard J. Holwell
United States District Judge

SA467

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

:
IN RE VIVENDI UNIVERSAL, S.A.          :       **OPINION AND ORDER**
SECURITIES LITIGATION                  :
:          **02 Civ. 5571 (SAS)**
:
:
---------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.     INTRODUCTION[1]

On September 21, 2011, class counsel filed the following motions: (1)

to adjust the class definition; (2) to approve plaintiffs' proposed procedures for the

"Individual Reliance Phase"; (3) to approve post-verdict class notice and claims

administration and to require Vivendi to pay for those procedures; (4) to award

prejudgment interest; and (5) to apply for attorneys' fees and costs. On February

8, 2012, this class action was transferred from Judge Richard Holwell's docket to

my docket. On April 2, 2012, a status conference was held in which I requested

additional briefing on certain topics pertaining to the pending motions.[2] This

opinion resolves the pending motions and establishes a preliminary framework for

moving this class action towards a final resolution.

---

[1]     Familiarity with the extensive factual and legal background to this
litigation is presumed. *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp.
2d 512 (S.D.N.Y. 2011) (sometimes referred to as the "February 17, 2011 Order").

[2]     *See* 4/2/12 Tr.

-1-

## II.   CLASS DEFINITION

### A.   Plaintiffs' Request to Eliminate Geographic Restrictions

On May 21, 2007, Judge Holwell first defined the Class as "consisting of all persons from the United States, France, England, and the Netherlands who purchased or otherwise acquired ordinary shares or American Depository Shares ['ADSs'] of Vivendi Universal, S.A. between October 30, 2000 and August 14, 2002."[3]  "The ordinary shares in question traded primarily on the Paris Bourse, and did not trade on any U.S. exchange.  The [ADSs] were listed and traded on the New York Stock Exchange ('NYSE')."[4]  Thereafter, the U.S. Supreme Court decided *Morrison v. National Australian Bank Ltd.*,[5] holding that "Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States."[6]

In his decision addressing Vivendi's motions for judgment as a matter of law and a new trial, Judge Holwell modified the Class definition in light of

---

[3]    *In re Vivendi Universal*, 242 F.R.D. 76, 109 (S.D.N.Y. 2007) (the "Class Certification Order").

[4]    *In re Vivendi Universal*, 765 F. Supp. 2d at 521.

[5]    130 S. Ct. 2869 (2010).

[6]    *Id.* at 2888.

SA469

*Morrison*, stating as follows:

> the Court finds that the Section 10(b) claims of Americans who purchased Vivendi's ordinary shares, like the claims of foreigners who purchased Vivendi's ordinary shares, do not survive *Morrison*. Accordingly, these claims are dismissed. Furthermore, the Court hereby amends the class definition in this case to exclude purchasers of ordinary shares. The class going forward shall consist of all persons from the United States, France, England and the Netherlands who purchased or otherwise acquired Vivendi ADRs between October 30, 2000 and August 14, 2002.[7]

Plaintiffs argue that because the Court dismissed the claims of Vivendi ordinary share purchasers pursuant to *Morrison*, it is no longer appropriate to limit the Class to purchasers from the four specified countries (U.S., France, England, and the Netherlands).[8] Plaintiffs seek to re-define the Class as "all persons who purchased or otherwise acquired American Depository Shares . . . of Vivendi between October 30, 2000 and August 14, 2002."[9] Plaintiffs further propose that class members who are not from the four aforementioned countries be

---

[7]     *In re Vivendi*, 765 F. Supp. 2d at 533-34 (citations omitted).

[8]     *See* Plaintiffs' Memorandum of Law in Support of Renewed Motion at 9 ("Plaintiffs submit that since all purchasers of foreign securities have now been excluded from the class, the geographic limitations included in the original 2007 decision are no longer necessary or appropriate.").

[9]     *Id.* at 8-9.

given a chance to "opt out now."[10]

Vivendi strenuously objects to broadening the definition of the Class on a number of grounds.  *First*, Vivendi argues that claims of ADS holders from countries other than the United States, France, England and the Netherlands are time-barred.  According to Vivendi, plaintiffs' request to remove the "geographical limitations" is, in actuality, a request to resurrect claims for which the statute of limitations has long since passed.  The statute of limitations for plaintiffs' Section 10(b) claims is between one year (for pre-July 30, 2002 fraudulent activity) and two years (for post-July 30, 2002 fraud).[11]  To the extent that excluded ADS holders (from outside the U.S., France, England and the Netherlands) wanted to preserve their claims, they were required to file complaints soon after the Court issued its Class Certification Order on May 21, 2007.  In fact, certain Vivendi ADS holders that had been excluded from the certified Class filed the first of thirty-five complaints.  For those ADS holders who did not file a complaint following their exclusion from the Class, the statute of limitations continued running and consequently expired on May 21, 2008 or May 21, 2009.  Vivendi claims that it would suffer extreme prejudice if the Class definition were expanded to include all

---

[10]     *Id.*

[11]     *See* Section 804 of the Sarbanes-Oxley Act of 2002.

SA471

purchasers of ADSs regardless of their country of residence.[12]

　　　　*Second*, Vivendi argues that there is no legal basis for "adjusting" the definition of the Class at this time.  In other words, *Morrison* has no impact on the Class Certification Order which was based, in part, on the superiority of the class action mechanism.  In analyzing superiority, the Court evaluated the likelihood that a U.S. judgment would be recognized in the Class members' respective countries of residence.[13]

　　　　The February 17, 2011 Order did not address the Rule 23(b)(3) issues that were central to the Class Certification Order.  Unlike the Class Certification Order, the February 17, 2011 Order focused on the validity of the claims of Vivendi ordinary share purchasers in light of *Morrison*, not whether their claims

---

[12]　　*See* Defendant Vivendi, S.A.'s Memorandum of Law in Opposition to Plaintiff's Renewed Motion ("Def. Opp. Mem.") at 8 ("Adjusting the class definition to include these putative class plaintiffs more than two years after their claims became time barred, and more than four years after the Class Certification Order, would severely prejudice Vivendi, as Vivendi had no notice of the pendency of these claims at the time of trial and, moreover, justifiably believed that the statute of limitations on these claims had run.").

[13]　　*See* Class Certification Order at 105 ("Having considered the arguments presented by both sides on the risk of nonrecognition of a U.S. judgment or settlement abroad, the Court concludes that such concerns, without more, do not warrant exclusion of the citizens of France, England, and the Netherlands, who are otherwise putative members of the proposed class. If and when the issue is presented to these countries, it is more likely than not that the courts in these countries would recognize the enforceability of a judgment or settlement in the present case.").

were appropriate for class action treatment. Accordingly, nothing in *Morrison* or the February 17, 2011 Order alters the superiority analysis in the Class Certification Order. Thus, there is no legal basis for now amending the definition of the Class.

Finally, Vivendi argues that Rule 23 does not permit the Court to amend the definition of the Class under these circumstances. In 1966, Rule 23 was amended to end the practice of "one-way intervention."[14] One-way intervention eviscerated the mutuality of estoppel in class actions. Under the current policy against one-way intervention, it would be improper to let plaintiffs opt into a class after a trial on the merits has concluded.

In sum, plaintiffs' motion to amend the class definition is denied because (1) claims by ADS holders outside the U.S., France, England and the Netherlands are time-barred and (2) nothing in *Morrison* has changed Judge Holwell's analysis concerning the likelihood that certain countries would recognize a U.S. class action judgment.

### B. Plaintiffs' Request to Restore Ordinary Shareholders to the Class Definition

On March 29, 2012, plaintiffs notified the Court that they intended to

---

[14] *See* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.").

request yet another modification to the class definition.  Plaintiffs seek to restore to

the class those individuals who purchased Vivendi ordinary shares in the United

States.  Specifically, they request the following language be added to the class

definition:

> All persons from the United States, France, Netherlands and
> England who during the class period purchased or otherwise
> acquired Vivendi ordinary shares in a 'domestic transaction,'
> which includes a transaction in which the parties incurred
> irrevocable liability to carry out the transaction within the United
> States or when title is passed within the United States.

Plaintiffs also proposed additional instructions to be included on the claims form

suggesting that three categories of ordinary shareholders would fall under this new

addition to the class definition: (1) purchasers of the January 7, 2002 Vivendi

treasury share sale from a U.S. underwriter; (2) persons from the United States

who received Vivendi Universal ordinary shares as a result of the December 2000

three-way merger; and (3) persons from the United States who purchased Vivendi

Universal ordinary shares in off-exchange transactions directly from a person in

the United States.[15]  After a brief discussion of the applicable law on the

---

[15]    While plaintiffs propose an amended class definition that includes
"persons from the United States, France, Netherlands and England," their proposed
additional instructions, which identify three categories of ordinary shareholders
that may have entered into domestic transactions, only contemplate "persons from
the U.S."  Because plaintiffs have not raised a single colorable argument that
persons from France, Netherlands or England would have purchased Vivendi
Universal ordinary shares in a transaction subject to the Exchange Act, I limit my

extraterritorial application of the Exchange Act, I consider, collectively, whether any of these three categories could have involved a transfer of title in the United States. Then, I consider each category in turn to determine whether any purchaser may have incurred irrevocable liability in the United States.

### 1. Extraterritorial Application of the Exchange Act

"Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States."[16] The second prong of *Morrison* ("the purchase or sale of any other security in the United States") has presented many questions of interpretation for lower courts.

The Second Circuit recently clarified the second prong of *Morrison* holding that "to sufficiently allege the existence of a 'domestic transaction in other securities,' plaintiffs must allege facts indicating that irrevocable liability was

---

consideration to persons from the United States. Although I recognize that the *Morrison* and *Absolute Activist* tests focus on the locus of the transaction, not the parties' citizenship or residence, plaintiffs have made no argument suggesting that a person from France, Netherlands or England would have entered into a transaction in the United States to purchase a French stock.

[16]  *Morrison*, 130 S. Ct. at 2888.

-8-

incurred or that title was transferred within the United States."[17]  After reviewing the Exchange Act definitions for "purchase" and "sale," the Second Circuit noted "that the 'purchase' and 'sale' take place when the parties become bound to effectuate the transaction,"[18] thereby equating "irrevocable liability" with entering into a binding contract.

### 2. Title to Vivendi Universal Ordinary Shares Did Not Pass in the United States

Plaintiffs argue that, with respect to the December 2000 three-way merger, the "parties . . . passed title in the United States by virtue of the terms of the merger and the registration and delivery of the shares in the U.S."[19]  However, plaintiffs cannot and have not pled any factual allegations suggesting that title for any Vivendi Universal ordinary shares passed in the United States.

Vivendi's Form F-4 represents that, "[i]n accordance with French securities law, shareholders' ownership rights, whether in registered or bearer

------

[17]     *Absolute Activist Value Master Fund Ltd. v. Ficeto*, No. 11-221-CV, 2012 WL 1232700, at *1 (2d Cir. Mar. 1, 2012) (as amended Apr. 13, 2012) (quoting *Morrison*, 130 S. Ct. at 2884).

[18]     *Id.*

[19]     Plaintiffs' Supplemental Memorandum Regarding Class Definition and Damage Calculation Issues ("Pl. Supp. Mem.") at 2.

form, are represented by book entries instead of share certificates."[20]  These book

entries are maintained in share accounts with the French depository, Sicovam, and

"no other company is authorized to act as a central depository."[21]  BNP Paribas,

which administers the Sicovam accounts, "will issue confirmations to each

registered shareholder as to shares registered in the shareholder's account, but

these confirmations are *not documents of title*."[22]  Because title to Vivendi

Universal shares is maintained in book entries in France, there is no justification

for adding to the class purchasers of Vivendi Universal ordinary shares "when title

is passed within the United States."  No such purchasers exist.

### 3.    The January 2002 Treasury Share Sale

Plaintiffs propose adding the following instruction to the claim form:

"Receipt by a person from the U.S. of Vivendi Universal ordinary shares directly

from a U.S. underwriter or manager of an underwriting in or about January 2002 of

Vivendi Universal treasury shares is a domestic transaction."[23]  However,

---

[20]    10/30/00 Vivendi Universal Form 4-F, Ex. 1 to 5/9/12 Declaration of
Daniel Slifkin, defendants' counsel, in Support of Vivendi's Memorandum of Law
in Opposition to Plaintiffs' Motion for Amendment to the Class Definition
("Slifkin Decl."), at 158.

[21]    *Id.*

[22]    *Id.* (emphasis added).

[23]    Pl. Supp. Mem. at 2.

-10-

**SA477**

Vivendi's January 7, 2002 sale of fifty-five million treasury shares used two foreign underwriters – Deutsche Bank AG London and Goldman Sachs International (also based in London).[24]  Plaintiffs have made no allegations supporting an inference that any portion of the January 7, 2002 treasury share sale was made through underwriters in the United States.  Accordingly, the treasury share sale cannot serve as a basis to expand the class definition.

### 4.    The Vivendi-Seagram-Canal Plus Three-Way Merger

Plaintiffs argue that U.S. holders of Vivendi ordinary shares and Canal Plus shares became irrevocably liable in the United States to acquire new Vivendi Universal ordinary shares as a result of the December 2000 merger. Specifically, plaintiffs believe that irrevocable liability was incurred because "of the investor's status as holder of the pre-Merger securities and her obligation to accept the new ordinary shares at the time they were registered in the U.S."[25]

Vivendi argues that "shareholders of the pre-Merger companies did not incur any liability to do anything; their shares were exchanged without any

---

[24]    *See* 1/10/02 letter from Andrew A. Bernstein, counsel to Deutsche Bank AG London, to Deutsche Bank AG London, Ex. 2 to Slifkin Decl., at 1.

[25]    Plaintiffs' Supplemental Reply Memorandum Regarding Class Definition and Damages Calculation Issues at 4.

action on their part."[26]  Moreover, the basis for plaintiffs' argument that the

Exchange Act reaches these shares – that the new ordinary shares were registered

in the United States and that they were designated for U.S. persons – was rejected

in *Absolute Activist*.

Vendi correctly notes that *Absolute Activist* rejects the argument that

SEC registration is determinative because *Morrison* refers to "domestic

transactions in other securities,"[27] not "transactions in domestic securities" or

"transactions in securities that are registered with the SEC."  In addition, the fact

that the shares were designated for U.S. persons is not conclusive because "a

party's residency or citizenship is irrelevant to the location of a given

transaction."[28]

Thus, the question is whether irrevocable liability was incurred when

the recipients of the Vivendi Universal ordinary shares actually received the shares

or when the Merger Agreement was signed binding the recipients to accept the

---

[26]    Vivendi's Memorandum of Law in Opposition to Plaintiffs' Motion
for Amendment to the Class Definition at 8.

[27]    *Morrison*, 130 S. Ct. at 2884.

[28]    *Absolute Activist*, 2012 WL 1232700, at *9.

Vivendi Universal ordinary shares.[29]  In a related matter, I have previously rejected an argument that irrevocable liability occurs when the shares are actually transferred, but rather held that irrevocable liability occurs when (and where) there is a binding contract for the purchase or sale of a security.[30]  Although class plaintiffs were not a direct party to the three-way merger agreement, as shareholders they were bound by it to accept the Vivendi Universal ordinary shares.  There has been no evidence presented, or even allegations made, that the Merger Agreement among Vivendi, Seagrams, and Canal Plus – French and Canadian companies – was executed in the United States.  Accordingly, there is no basis for extending the Exchange Act to reach those shareholders who acquired Vivendi Universal ordinary shares as a result of the December 2000 three-way merger.

---

[29]     Although neither side has made an argument that irrevocable liability was incurred when shareholders ratified the Merger Agreement, or even discussed whether shareholder ratification was required for this transaction, the locus of the shareholder approval might be the proper test in this case.  However, I will not accept further briefing on that issue because I do not believe it would change the result.  There is little likelihood that a shareholder meeting approving a merger agreement between French and Canadian companies occurred in the United States.

[30]     *See Liberty Media Corp. v. Vivendi Universal S.A.*, No. 03 Civ. 2175, — F. Supp. 2d —, 2012 WL 1203825, at *4 (S.D.N.Y. Apr. 11, 2012) ("Irrevocable liability was incurred when the Merger Agreement was executed on December 16, 2001.  The Merger Agreement was a binding agreement, not a preliminary agreement, and therefore satisfies the standard for irrevocable liability.").

### 5.  Off-Exchange Transactions in the United States

Plaintiffs request an instruction that the following transactions be included in the class: "Receipt by a person from the U.S. of Vivendi Universal ordinary shares in a purchase transaction directly from another person from the U.S., including from a U.S. broker owning the shares (typically noted as acting 'as principal'), without the use of the Bourse or other non-U.S. exchange."[31]

Vivendi objects to including these transactions for a number of reasons: (1) plaintiffs supply no evidence that such transactions ever occurred; (2) plaintiffs' reference to persons "from the U.S." is overbroad under *Absolute Activist*; (3) determination of where irrevocable liability was incurred raises substantial factual issues that should be determined by a jury; and (4) off-exchange transactions raise individual reliance issues not presented to the jury.

The individualized issues raised by participants in off-exchange transactions preclude resolution of their claims along side the claims of current class members.  Although participants in off-exchange transactions in the United States (if any exist) may have claims under the Exchange Act, plaintiffs have pointed to no ruling in this litigation that all participants in off-exchange transactions may receive the benefit of the fraud-on-the-market presumption of

---

[31]    Pl. Supp. Mem. at 1-2.

-14-

reliance. Indeed, I have held that Liberty Media – in a related case – was not entitled to the full benefit of the fraud-on-the-market presumption in connection with its off-exchange transaction.[32] Moreover, the class trial focused on purchases made on the NYSE and the Paris Bourse.[33] So while Vivendi will have an opportunity to rebut the presumption of reliance that inure to class members, participants in off-exchange transactions would likely have the burden of establishing reliance. As a result, determination of reliance and damages for participants in off-exchange transactions in the United States require separate trials. Accordingly, plaintiffs' request to amend the class definition is denied in its entirety.[34]

## III. INDIVIDUAL RELIANCE PHASE

Plaintiffs have proven, on a class-wide basis, the element of "justifiable reliance" on Vivendi's misrepresentations, relying on the fraud-on-the-

---

[32] *See Liberty Media*, No. 03 Civ. 2175, 3/13/12 Tr. at 21.

[33] The jury did not calculate inflation rates for the days these exchanges were closed. Therefore, off-exchange transactions could present distinct questions of damages, which were not resolved in the class trial.

[34] Because *Absolute Activist* reinstated the validity of Exchange Act claims for purchasers of Vivendi Universal shares in off-exchange transactions in the United States, and this Opinion holds for the first time that such plaintiffs are not part of the class, such plaintiffs may bring individual suits against Vivendi (if any such plaintiffs exist and if their claims are not time-barred).

-15-

market theory.[35]  Vivendi attempted to rebut, on a class-wide basis, the fraud-on-the-market presumption of reliance by asserting a "truth on the market" defense.[36] The jury, however, rejected this defense.

        With regard to individualized reliance, Judge Holwell held that "Vivendi is entitled to rebut the presumption of reliance on the market price of Vivendi's stocks with respect to particular class members."[37]  Regarding that rebuttal, Judge Holwell stated that

> certain means of rebutting the presumption of reliance require an individualized inquiry into the buying and selling decisions of particular class members. For example, the Supreme Court stated in *Basic* that the presumption of reliance would be rebutted if the defendant could show that a particular investor would have purchased a company's stock even if she had known of the fraud, or that a particular investor purchased even though she did actually know of the fraud.  Alternatively, if a particular investor relied upon information not generally available to the public, it may be argued that that particular investor did not rely upon the integrity of the market.  Logically, any attempt to rebut the presumption of reliance on such grounds would call for separate inquiries into the individual circumstances of particular class members.  For this reason, courts in securities fraud actions have consistently recognized that issues of individual reliance can and should be addressed after a class-wide trial, through separate jury

---

[35]    *See* February 17, 2011 Order, 765 F. Supp. 2d at 583.

[36]    *See id.* at 584.

[37]    *Id.* at 583.

trials if necessary.[38]

Plaintiffs have interpreted the February 17, 2011 Order as restricting the ways Vivendi may rebut individual reliance.  According to plaintiffs, rebuttal of individual reliance "can only be shown by proving either (1) that an individual purchased [Vivendi ADSs] while possessing material non-public information, or (2) that a purchase was motivated entirely by reasons unrelated to the precise value of the stock and would have occurred even if the purchaser knew of the fraud."[39] Arguably, then, the individual Class Member's financial sophistication and trading strategies, as well as the reasonableness of the Class Member's reliance on the integrity of the market, are inquires that are outside the bounds of Vivendi's right to rebut.[40]

Under the first step of plaintiffs' proposal, "Vivendi would set forth, on a pleading-type basis, its grounds for rebutting the presumption of reliance as to

---

[38]    *Id.* at 584-85 (citations omitted).

[39]    Plaintiffs' Memorandum of Law in Support of Renewed Motion at 4.

[40]    *See id.* at 4-5 (limiting Vivendi's right to rebut "to showing either that a claimant purchased in possession of material non-public information or that the claimant would have made the same purchases even if aware that Vivendi's share price was fraudulently inflated").

-17-

any particular class member(s)."[41]  In the second step, plaintiffs suggest that the

Class Members be required to answer the following two interrogatories which

would appear in Section III (Certification) of the proposed Proof of Claim form:

> 1.  When you bought your Vivendi securities, did you know that the company was making false and misleading statements to the public?  (If you answer "yes," your claim will be denied.  If you answer "no," your claim may proceed.); and
>
> 2.  Did you buy your Vivendi securities for reasons totally unrelated to their economic value?  (If you answer "yes," your claim will be denied.  If you answer "no," your claim may proceed.).[42]

Finally, in the last step, "the responses [of Class Members] should be evaluated in

light of the standards for a defendant's rebuttal of the presumption of reliance to

determine whether further discovery or other proceedings should be made

available."[43]  "In the event Vivendi demonstrates a basis for further inquiry into a

claimant's individual reliance, the parties or the Court could then determine any

---

[41]     *Id.* at 2-3.  *See also id.* at 6 ("Plaintiffs submit that the first step in this phase of the case should be a requirement that Vivendi submit – essentially, plead – its claims that any class member(s) either received material non-public information or purchased despite knowledge of the fraud.").

[42]     *Id.* at 7.

[43]     *Id.*

appropriate further procedures."[44]

Vivendi objects to both the procedures proposed by plaintiffs as well as the limitations placed on Vivendi's right to rebut. Vivendi argues that it "should be allowed to show the unreasonableness of a particular investor's reliance on a case-by-case basis."[45] Vivendi further argues that a Class Member's invocation of the fraud-on-the-market presumption of reliance is rebuttable by "[a]ny showing that severs the link between the alleged misrepresentation and either the price received (or paid) by the plaintiff, or his decision to trade at a fair market price . . . ."[46] In *Basic v. Levinson*, the Supreme Court made clear that the two aforementioned methods of rebutting individual reliance were only examples and the means for rebutting individual reliance are expansive and case specific.

Vivendi also objects to the procedures proposed by plaintiffs. Because Class Members have not yet even been identified, the requirement that Vivendi first plead its grounds for rebuttal does not make much sense. Vivendi proposes the following alternative three-step process:

In the first stage, the parties would have an opportunity to

---

[44]      *Id.* at 3.

[45]      Defendant Vivendi, S.A.'s Memorandum of Law in Opposition to Plaintiffs' Renewed Motion at 14.

[46]      *Basic, Inc. v. Levinson*, 485 U.S. 224, 248 (1988).

review each Class member's claim to determine whether
the claimant *prima facie* meets the elements for relief under
Section 10(b) and Rule 10b-5. During this stage, the Class
Members would be required to show proof that they
purchased or otherwise acquired Vivendi ADSs during the
Class Period, as well as provide information that would
assist Vivendi in ascertaining whether there may be
grounds for challenging individual reliance. In the second
stage, the parties would obtain discovery from a limited
number of claimants selected by Vivendi and would litigate
before the Court whether those claimants satisfy the
reliance element under Section 10(b) and Rule 10b-5. . . .
Finally, in the third stage, Vivendi would have an
opportunity to contest the reasonable reliance of those
claimants whose claims survived the second stage in jury
trials, as guaranteed by the Seventh Amendment.[47]

Vivendi proposes three ways that it could challenge individual

reliance. *First*, Vivendi may show that it was unreasonable for a particular

investor to have relied upon the alleged misstatements and omissions. The

investor's level of sophistication and whether the investor based his investment

decision on the kind of independent financial analyses typically prepared by large

financial institutions would be relevant to this inquiry. *Second*, Vivendi intends to

rebut the presumption of reliance for those investors who sold Vivendi shares

short. Judge Holwell noted that "whether short sellers can benefit from the fraud

on the market presumption is unsettled."[48] *Third*, Vivendi seeks to rebut reliance

---

[47]     Def. Opp. Mem. at 15-16.

[48]     February 17, 2011 Order, 765 F. Supp. 2d at 586 n.65.

by showing that certain Class Members would have purchased Vivendi stock even if they knew the truth about the misstatements in issue.

The procedures to be used by Vivendi in rebutting the presumption of reliance were left open by Judge Holwell.[49]  I intend to adopt a procedure that differs from either party's proposal.  *First*, the notice will be sent to potential class members in substantially the form it has been prepared, without any questions relating to reliance.[50]  Vivendi has stated that it "has no intention of contesting the individual reliance of each and every Class member" but instead "only intends to challenge the reliance of sophisticated persons and entities, such as large institutional investors, who may not satisfy the standard of reasonable reliance . . . ."[51]  Once the claim forms have been submitted, Vivendi will have the opportunity to screen large investors by analyzing the information included in Section II of the Proof of Claim form (which includes the maximum number of Vivendi ADSs held during the Class Period; the maximum number of Vivendi ADSs purchased in a

---

[49]     *See id.* at 586 ("The Court's conclusion that Vivendi is entitled to an opportunity to rebut the presumption of reliance on an individual basis does not answer the question of what procedures should be used during the individual reliance phase.").

[50]     At the April 2, 2012 conference I circulated edits to the proposed forms.  The parties should incorporate these revisions and submit the revised forms to the Court.

[51]     Def. Opp. Mem. at 16 n.10.

single transaction between October 30, 2000 and August 14, 2002; the total

number of Vivendi ADSs purchased during the period October 30, 2000 to August

14, 2002; the maximum number of Vivendi ADSs sold in a single transaction

between October 30, 2000 and August 14, 2002; and the total number of Vivendi

ADSs sold during the period October 30, 2000 to August 14, 2002).

*Second*, based on the information provided in the claims forms,

interrogatories relating to reliance will be sent to the limited number of

"sophisticated persons and entities" whose reliance defendants choose to challenge.

These interrogatories will be prepared by counsel, subject to approval by the Court.

The parties appear to have substantial differences over the scope of the

interrogatories; however, those disputes will be resolved at the time counsel submit

proposed interrogatories.

*Third*, a Special Master will determine which claimants' interrogatory

responses raise a triable issue of material fact sufficient to potentially rebut the

presumption of reliance.  If challenges to any claimant's reliance survive this

quasi-summary judgment determination by the Special Master, subject to review

by this Court, I will consider proposals for an efficient manner to decide

individualized reliance with respect to those claims.  However, it would be

premature to set forth any procedures before knowing how many claimants'

interrogatory responses will present a triable issue of individual reliance.

Therefore, this is only a rough sketch of the procedure that will be followed, and is subject to refinement as the claims process proceeds.  For now, (1) the initial claims form will be distributed without any questions regarding reliance, (2) the claims forms will be processed by the claims administrator, as discussed below; (3) interrogatories concerning reliance will be sent to a limited number of claimants selected by Vivendi; and (4) the Special Master will make a determination of whether any interrogatory responses raise a material issue of fact as to whether Vivendi can rebut that claimant's presumption of reliance.

## IV.   CLASS NOTICE; CLAIMS ADMINISTRATION; DAMAGES METHODOLOGY

Plaintiffs again move for Approval of Post-Verdict Class Notice and Claims Administration, and to Require Vivendi to Pay for Those Procedures that are consistent with the February 17, 2011 Order.  Accordingly, plaintiffs renew their requests for: (1) appointment of The Garden City Group, Inc. ("GCG") as claims administrator; (2) approval of the rules for the calculation of damages as set forth in the 3/30/10 Declaration of Dr. Blaine F. Nye on the Method of Calculating Class Member Damages (the "Nye Decl."); and (3) an Order requiring Vivendi to pay for notice and claims processing.

### A.   Appointment of Claims Administrator

-23-

Plaintiffs seek approval of the appointment of GCG as the notice and claims administrator.  GCG was previously appointed by the Court to provide notice of pendency of this class action.  As claims administrator, GCG would provide post-verdict notice, described below, and perform all claims administration services.[52]  To process claims, GCG would establish a central facility for receiving, handling, and analyzing all claim forms submitted by Class Members ("claims administration").  GCG would analyze the claim forms it receives and determine, according to the rules set forth herein, whether the claim qualifies for damages and, if so, in what amount ("claims disposition").[53]  Plaintiffs further suggest that each side appoint a "Party Representative" to review any claim forms as well as claim handling and analysis by GCG personnel.

Vivendi objects to the appointment of GCG on several grounds.  Vivendi points out that two elements of a Rule 10b-5 claim – reliance and economic loss – remain unproven at this time as to each individual claimant.  According to Vivendi, there is absolutely no authority that would permit GCG to make factual and legal determinations during a litigated claims process.  Vivendi

---

[52]     *See* Declaration of Neil L. Zola, President and Chief Operating Officer of GCG, dated March 30, 2010 (the "Zola Decl.") ¶ 3 (Docket Entry 1026-2).

[53]     *See id.* ¶ 33 ("GCG will program a calculation module to assist in the calculation process.").

also objects to the types of documentation GCG anticipates relying on "as back-up

for the transaction information provided by the claimant[.]"[54]  Thus, Vivendi

argues that

> under Plaintiffs' proposal, GCG would have authority to
> "determine whether the claim qualifies for damages, and if
> so, in what amount" and notify "each claimant of the
> disposition of its claim" before the parties have had the
> opportunity to review and challenge those claims or solicit
> additional information from the claimants.  Thus, not only
> would GCG be making factual and legal determinations
> that are the province of the Court (or its appropriate
> representative) and, in some instances, a jury, it would be
> doing so without any input whatsoever from Vivendi.[55]

As an alternative to GCG, Vivendi urges the Court to appoint an

independent, neutral special master to oversee the claims process.[56]  Vivendi argues

that appointment of a special master is especially warranted here given the size of

the Class and the large number of anticipated claims which will involve difficult

---

[54]  *Id.* ¶ 32 (stating that the documentation to be provided by claimants
will also be used to "resolve questions, provide further information, [and] identify
open issues").

[55]  Vivendi's Memorandum of Law in Opposition to Plaintiffs' Motion
for Approval of Post-Verdict Class Notice and Claims Administration, and to
Require Vivendi to Pay for It at 17 (Docket Entry # 1042) ("Vivendi Notice Opp.
Mem.").

[56]  *See id.* (citing Fed. R. Civ. P. 53(a)(1) for the proposition that a court
may appoint a special master to "hold trial proceedings and make or recommend
findings of fact on issues to be decided without a jury" if appointment is warranted
by, *inter alia*, the need to resolve a difficult computation of damages).

computations of damages.

I plan to adopt a middle course.  As previously discussed, this case will proceed in two phases: (1) claims forms will be distributed and claimants will have one-hundred fifty days to submit them, and then (2) interrogatories will be sent to certain claimants.  With respect to the first phase, GCG is appointed claims administrator to handle the ministerial tasks of processing these initial claims.  In doing so, GCG will make initial determinations of a claim's validity by applying this Court's rulings to determine (1) if the claim falls within the Class Period; (2) if the claim yields net losses (and, if so, how much) after applying Court-approved damages calculations.  However, GCG would not be able to notify any claimants of the disposition of their claim before Vivendi has had an opportunity to challenge all of these determinations as laid out in the second phase.

With respect to the second phase, I will appoint a Special Master to (1) review the interrogatory responses and consider whether they raise material issues of fact with respect to reliance, (2) review any challenges by defendants to the validity of claims, including whether there is appropriate documentation to support the claim, and (3) review any challenges by defendants to the amount of damages computed by GCG.

**B.**  **Methodology for Computing Damages**

According to plaintiffs, "a defrauded purchaser is entitled to recover the difference between the price paid for the stock and the 'fair value' of the stock (value absent the fraud)."[57]  Plaintiffs further posit that those transactions that qualify for an award of damages ("qualifying transactions") should be determined as follows:

> Under well-established legal rules for damages, calculation of a Class Member's damages with respect to a purchase of Vivendi shares during the Class Period begins with the inflation amount on [the] date of purchase.  If those shares were purchased and also sold prior to the first date of materialization of the fraud (January 7, 2002), the purchase will not qualify for damages.  Similarly, a purchase and sale of shares occurring on or after one materialization date and before the next one will not qualify for damages. Otherwise, for shares that were purchased and sold during the Class Period, the damages will be the inflation amount on the date of purchase minus the inflation amount on the date of sale; for shares purchased during the Class Period and held beyond the end of the Class Period, the damages will be the inflation amount on the date of purchase.[58]

Plaintiffs seek to calculate damages in accordance with the proposed rules as set forth in the Nye Declaration: (1) a claimant's damages will be equal to

---

[57]    Plaintiffs' Memorandum of Law in Support of Their Motion for Approval of Post-Verdict Notice and Claims Administration, and to Require Vivendi to Pay for It at 4 ("Pl. Mem.").

[58]    *Id.* at 4-5.  Vivendi agrees that damages are not incurred on ADSs acquired during the Class Period and disposed of prior to January 7, 2002, the first materialization date, and for ADSs acquired on or after any one materialization date but disposed of before the next materialization date.

-27-

the sum of damages for each ADS qualifying transaction for which damages are

positive, without any offset for transactions that resulted in gains;[59] (2) a claimant's

sales of ADSs will be matched with purchases using FIFO (first in, first out)

methodology;[60] (3) the Class Period will be defined as the period from December

8, 2000 through August 13, 2002, inclusive;[61] (4) damages will be awarded for

transactions other than purchases or sales,[62] and (5) ADSs that are converted to

---

[59]      *See* Nye Decl. ¶ 19 ("A Claimant's total Damages are equal to the sum
of Damages for each of the above transactions for which Damages are positive.").

[60]      *See id.* ¶ 12.

[61]      *See id.* ¶¶ 5-6.  Vivendi objects to Dr. Nye's proposal to redefine the
Class Period to begin on December 8, 2000.  Vivendi notes that shares of Vivendi
Universal were not publicly traded until December 8, 2000 because the merger
releasing those shares into the market had not yet closed.  Vivendi further notes
that the jury found that Vivendi Universal shares were inflated at a constant
amount from October 30, 2000 through December 8, 2000.  Vivendi interprets this
to mean that shares of the companies that merged to become Vivendi Universal –
Vivendi S.A., Seagram and Canal Plus – were inflated.  Vivendi concludes,
however that "whether the exchange of a Vivendi, S.A., Seagram or Canal Plus
share for a Vivendi Universal share is an acquisition is irrelevant to the calculation
of damages, because the exchange has no impact on the harm suffered by a
claimant."  Vivendi Notice Opp. Mem. at 12.  The Class Period has been
previously identified as starting on October 30, 2000 and ending on August 14,
2002.  This is the time period, only modified as necessary to implement the
PSLRA 90-day-lookback provision, that will be used for the calculation of
damages notwithstanding Dr. Nye's suggestion to the contrary.

[62]      *See* Nye Decl. ¶ 13(c).  Vivendi objects on the ground that Section
10(b) prohibits certain activities "in connection with the purchase and sale of any
security."  15 U.S.C. § 78j(b).  Vivendi argues that by including other transactions,
plaintiffs are "attempting to rewrite the language of Section 10(b).  Vivendi Notice

-28-

ordinary shares will be treated according to their final form.[63]  Three of these

proposed rules have been addressed in footnotes below, and I now address the

—————————————

Opp. Mem. at 13.  The Class Definition has always included "all persons from the United States, France, England and the Netherlands who purchased *or otherwise acquired* American Depositary Shares of Vivendi between October 30, 2000 and August 14, 2002."  *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d at 587 (emphasis added).  Thus, the phrase "purchased or otherwise acquired" has been used throughout this litigation in the Class Definition.  *See In re Vivendi Universal S.A. Sec. Litig.*, 242 F.R.D. 76, 109 (S.D.N.Y. 2007) (class certification order).  The phrase is redundant, however, because, under the securities laws, a "purchase" is defined to include "any contract to buy, purchase, or *otherwise acquire*."  78 U.S.C. § 78c(a)(13) (emphasis added).  While I will not disturb the settled Class Definition, I note that the phrase "or otherwise acquired" is surplusage and does not certify a class broader than that permitted in a Section 10(b) action.  Accordingly, plaintiffs concede that category (b) (gift, inheritance, donation) should be removed from the Notice to Class Members.  *See* Pl. Supp. Mem. at 3.

[63]        *See* Nye Decl. ¶ 20(b).  Dr. Nye proposes that for shares originally purchased as ADSs and subsequently converted to ordinary shares, the inflation amount at acquisition will be the inflation amount applicable to the final form of the security.  Dr. Nye does not explain the rationale underlying this proposal.  Plaintiffs' sole justification for this proposal is that it is "practical and efficient."  Plaintiffs' Reply Memorandum in Support of Their Motion for Approval of Post-Verdict Class Notice and Claims Administration, and to Require Vivendi to Pay for It at 5.  Vivendi, by contrast, argues that an ADS should be treated as an ADS regardless of its final form.  *See* Vivendi Notice Opp. Mem. at 13-14 ("If a claimant purchased an ADS that was inflated by $1.03 on April 24, 2001, that person overpaid by $1.03, regardless of the form of the share at disposition, and his or her out-of-pocket loss cannot be greater than $1.03 minus any inflationary gains.").  In dealing with converted securities, the inflation amount at acquisition will be the inflation amount of the form of security originally purchased.  As illustrated by Vivendi's hypothetical involving an April 24, 2001 purchaser, this is a common sense approach.  I see no reason to measure the inflation of an April 24, 2001 ADS purchaser (even if those ADSs are subsequently converted into ordinary shares) by looking at the inflation figure for ordinary shares.

remaining two.  Any other damage calculation issues that may arise shall be

referred initially to the Special Master.

At the April 2, 2012 conference, I signaled to the parties my initial

rulings regarding the netting of gains and losses and the methodology to be used

for matching sales and purchases (FIFO v. LIFO).  At that conference, I stated that

it is appropriate to net gains accrued as a result of selling shares at inflated prices

with losses accrued as a result of buying shares at inflated prices.[64]  I also informed

the parties of my intention to use LIFO (last-in first-out) methodology to match

sales and purchases.  Plaintiffs' counsel then raised the question of whether netting

and LIFO were mutually exclusive.[65]  I solicited supplemental briefing on this

issue.  After reviewing the parties' submissions in detail, the following rulings are

now final.[66]

### 1.  Netting Gains with Losses

---

[64]   *See* 4/2/12 Tr. at 22 ("Where, as here, an inflation band increases before decreasing, netting is appropriate.  Ignoring the benefits an investor receives from selling shares during a period of inflation would incorrectly overstate the economic damages to each investor.").

[65]   *See id.* at 52.

[66]   To the extent that this Opinion leaves open any questions concerning calculation of damages, these questions can be raised after claim forms have been submitted.  At that time, the Special Master may make an initial determination of additional issues relating to damages calculations, subject to my review.

Vivendi argues that plaintiffs may only recover "actual damages" which represent the out-of-pocket economic loss caused by the fraud. Vivendi urges the Court to net gains and losses when calculating a Class Member's compensable loss. According to Vivendi, the proper amount of damages is determined by taking the actual amount of harm suffered as a result of buying shares at an inflated price and deducting the actual amount of gain accrued as a result of selling shares at an inflated share price.

Plaintiffs object to netting, arguing that Vivendi is seeking to add the following two additional steps to the calculation of damages: "[(1)] if a matched transaction yields 'negative damages,' *i.e.*, the claimant received more inflation value at sale than she paid at purchase, that negative 'excess' can be applied against any 'positive damages' calculated for other matched transactions, thus reducing overall damages; and [(2)] a claimant's sale during the class period matched to a purchase *before* the class period will always yield 'negative damages' (because the inflation prior to the class period is zero) that can be applied against 'any damages' incurred on purchase-and-sale transactions occurring during the class period."[67]

---

[67]     Pl. Supp. Mem. at 5.

Plaintiffs cite *Dura Pharmaceuticals v. Broudo*[68] for the proposition that an investor who purchases and later sells shares during the period prior to the first materialization date is precluded from claiming, as damages, losses from such pre-materialization-date transactions.  Assuming this to be true, whether as a result of *Dura* or the parties' own definition of qualifying transactions, plaintiffs argue that it would be unfair to offset post-materialization-date losses (*i.e.*, losses from sales completed after the first materialization date) with pre-materialization-date gains (*i.e.*, gains from sales completed before the first materialization date).[69]

Plaintiffs cite *In re Cigna Corp. Securities Litigation*[70] as an example of a transactional approach to the calculation of damages.  In a transactional approach, each transaction is treated separately and losses from unprofitable transactions are not offset with gains from profitable transactions.  Such an approach was described as potentially more favorable than a cumulative approach, where all gains and losses would be aggregated.

---

[68]     544 U.S. 336 (2005).

[69]     *See* Pl. Supp. Mem. at 6 ("The unfairness arises because *Dura* 'legally' prevents claimants from claiming any 'positive' damages for a matched transaction completed before the fraud began to be revealed, but Vivendi nevertheless proposes as an 'economic' matter to derive 'negative' damages from the same type of transaction.").

[70]     459 F. Supp. 2d 338 (E.D. Pa. 2006).

Rather, the Court finds that there is a significant amount of authority which would allow a jury to apply a transaction-based methodology, if based on adequate evidence, to calculate economic loss and damages, rather than requiring the jury to apply a cumulative approach that aggregates transactions and off-sets gains and losses stemming from different transactions.[71]

"Rule 10b-5 and the PSLRA do not endorse any economic theory or methodology that should be used to quantify/demonstrate economic loss."[72]  Thus, this Court has considerable discretion in determining how best to calculate compensable losses.  I agree with plaintiffs that not all gains should or could be used to offset legally cognizable losses.  Accordingly, the netting methodology to be employed herein is modified as follows: only those gains resulting from transactions occurring between the first materialization date and the end of the Class Period will be used to offset losses incurred during that very same period.  This parity between gains and losses should ameliorate the harsh effects that a full netting methodology would entail (where all gains, pre- and post-materialization date, would be used to offset cognizable losses).  This methodology will

---

[71]     *Id.* at 354.  The court, however, did not actually choose a transaction-based methodology over a cumulative approach, finding that the specific calculation of damages should be resolved at trial rather than on a summary judgment motion.  *See id.*

[72]     *Id.* at 350.

henceforth be referred to as "partial netting."[73]

## 2.    LIFO v. FIFO

In matching sales with purchases to compute a Class Member's loss or

gain, there are two distinct methods that could be used: the "first-in, first out"

("FIFO") and the "last-in, first out" ("LIFO") techniques.  These matching

methodologies are distinct from the overall approach to damages described above

(i.e., netting versus transactional approach).[74]

> In the context of a securities class action, FIFO and LIFO
> refer to methods used for matching purchases and sales of
> stock during the class period in order to measure a class
> member's damages.   Under FIFO, a class member's
> damages are calculated by matching her first purchases
> during the class period with her first sales during the class
> period.   Under LIFO, a class member's damages are
> calculated by matching the class member's last purchases

---

[73]    This approach is consistent with the netting approach traditionally taken by the Second Circuit.  *See Abrahamson v. Fleschner*, 568 F.2d 862, 878-89 (2d Cir. 1977) ("This is not to say, however, that a plaintiff may recover for losses, but ignore his profits, where both result from a single wrong.").

[74]    *See* Samuel Francis, *Meet Two-Face: The Dualistic Rule 10B-5 and the Quandary of Offsetting Losses by Gains*, 77 Fordham L. Rev. 3045, 3062-63 (2009) ("Apart from these overall damages approaches, courts at different stages in a Rule 10b-5 action also face the related but separate question of how to match individual transactions, usually choosing between two distinct accounting methods: 'first-in, first-out' (FIFO) and 'last-in, first-out' (LIFO).").  *See also Jaffe Pension Plan v. Household Int'l, Inc.*, 756 F. Supp. 2d 926, 938 (N.D. Ill. 2010) ("[T]his Court holds that the fair and reasonable method for calculating damages in this class action is to apply FIFO for the method of matching purchases and sales while netting plaintiff's losses against any profits attributable to defendants' fraud.").

-34-

during the class period with the first sales made during the period. Calculating recovery by means of these different methods can affect the measure of a class members' injury.[75]

Where a Class Member has a number of purchases and sales that must be matched, plaintiffs urge the Court to adopt the FIFO methodology. However, this Court has noted that "[c]ourts prefer the [LIFO] method of accounting and have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases."[76]

"The main advantage of LIFO is that, unlike FIFO, it takes into account gains that might have accrued to plaintiffs during the class period due to the inflation of the stock price."[77] "Under the LIFO approach, a plaintiff's sales of the defendant's stock during the class period are matched against the last shares purchased, resulting in an off-set of class-period gains from a plaintiff's ultimate

---

[75]   *In re AOL Time Warner, Inc.*, Nos. MDL 1500, 02 Civ. 5575, 2006 WL 903236, at *17 (S.D.N.Y. Apr. 6, 2006).

[76]   *Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 590 n.70 (S.D.N.Y. 2008) (quotation marks and citation omitted).

[77]   *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005). *Accord Jaffe*, 756 F. Supp. 2d at 937 (stating that the major reason "why numerous courts have held that LIFO is the appropriate method for matching transactions in securities fraud cases is because it takes into account inflation related gains due to the fraud, and therefore, is a more accurate reflection of plaintiff's damages.").

losses."[78]   Accordingly, damages will be computed using LIFO, where sales of Vivendi ADSs during the Class Period will be matched against the last ADSs acquired by a particular Class Member.

### C.   Duration of Claims Processing Period

Plaintiffs propose that the Court approve the establishment of a "Priority Claim Deadline" set at approximately six months after notice is distributed.  Plaintiffs further propose that the Court leave the claims administration procedure open for twenty years, citing CPLR section 211(b).  CPLR section 211(b), however, does not govern class action claims administration procedures.  Rather, section 211(b) only applies in actions to enforce money judgments.[79]  At present, the Class Members do not have an enforceable money judgment.  In any event, I agree with Vivendi that a claims administration procedure lasting twenty years is "simply absurd."  Accordingly, there will be a one-hundred fifty day deadline after the approval of post-verdict class notice for Class Members to submit their claims.  One-hundred fifty days should be sufficient

---

[78]      *In re eSpeed*, 232 F.R.D.. at 101 n.36 (quotation marks and citation omitted).  *Accord Jaffe*, 756 F. Supp. 2d at 928 ("Under LIFO, sales of the defendant's stock during the class period are matched against the last shares purchased.").

[79]      *See* NY CPLR § 211(b) ("A money judgment is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to enforce it.").

for Class Members to receive notice, collect their paperwork, and submit the appropriate information to file their claims. Class Members have waited a very long time to recover. There is no need for further delay.

### D. Notice to Class Members; Summary Notice to Class Members; Proof of Claim Form

I have previously circulated edits to the Notice to Class Members and the Summary Notice to Class Members. The Proof of Claim form has not been revised. The Proof of Claim form properly seeks transaction data through November 11, 2002 to implement the PSLRA 90-day-lookback provision.

The Individual Defendants who were found not liable for any securities law violations, Jean-Marie Messier and Guillaume Hannezo, propose certain changes to the Notice and Summary Notice to Class Members. In short, the changes suggested by the Individual Defendants are intended to clarify certain aspects of the notice to be provided to Class Members. In particular, the Individual Defendants want to ensure that the Class Members fully understand that there is no recourse against them as they have been found not liable of any securities violations. I have adopted these suggestions in a more limited form.

### E. Shifting the Costs for Notice and Claims Administration Procedures

Plaintiffs urge the Court to shift the costs of the post-verdict notice

SA504

and the claims administration procedure onto Vivendi, who should arguably pay such costs as they are incurred.  In support of the requested cost-shifting, plaintiffs state: "'The cost of sending notice of relief *in a final judgment* in successful class litigation is a taxable cost payable by the losing defendant.'"[80]  However, the Class Members do not have a final judgment against Vivendi as individual reliance and damages have yet to be resolved.

Vivendi objects to this proposal.  In its earlier memorandum, Vivendi noted that the costs of notice and claims processing are not taxable costs under Local Civil Rule 54.1(c).[81]  Furthermore, the Supreme Court has twice held that the costs of notice and claims processing should not be shifted from class plaintiff onto defendant until defendant's liability has been conclusively determined.[82]  The cases cited by plaintiffs in favor of cost-shifting involved situations in which all outstanding liability issues had been conclusively decided against the defendants.

---

[80]  Pl. Notice Mem. at 7 (quoting H. Newberg, *Newberg on Class Actions* § 8.22 (4th ed. 2002)) (emphasis added).

[81]  *See* Vivendi Notice Opp. Mem. at 19.

[82]  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978) ("[W]e caution that courts must not stray too far from the principle . . . that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action."); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178-79 (1974) ("Where, as here, the relationship between the parties is truly adversary, the plaintiff must pay for the cost of notice as part of the ordinary burden of financing his own suit.").

SA505

Accordingly, they are inapposite.

Although there is no final judgment, there is a final jury verdict, which has been upheld after a post-trial motion, conclusively establishing liability against Vivendi.  Vivendi might indeed defeat some of the claims against it; however, there will eventually be a final judgment against Vivendi with respect to *some* of the class members.  In this case, it is impossible to enter a final judgment before notice is distributed, because of defendants' right to challenge the reliance of individual claimants.  That said, the efficient and fair course to handle payment for notice is to divide the cost evenly between plaintiffs and Vivendi, and then plaintiffs would have the right to move to recover the fifty percent at a later time.  Accordingly, at this time I will order Vivendi to be responsible for half the cost of class notice, and Class counsel will bear the remainder of the cost.

## V.   PREJUDGMENT INTEREST

### A.   Applicable Law

"In a suit to enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court."[83]  The Second Circuit has considered the following factors in determining whether to award prejudgment interest: "(i) the need to fully compensate the

---

[83]     *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998).

wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and (iv) such other general principles as are deemed relevant by the court."[84]

The prejudgment interest rate is also within the court's discretion and "the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate."[85]  Likewise, the court has discretion to decide whether to compound interest and at what frequency to do so.[86]

## B.   Prejudgment Interest Will Be Awarded

Plaintiffs argue that prejudgment interest is appropriate to compensate class members.  *First*, prejudgment interest is necessary to fully compensate the class for their loss of use of the funds over the last ten years.  *Second*, although wrongdoing by the defendant is not required, the fact that Vivendi acted with scienter shows that it is not inequitable to require Vivendi to pay prejudgment

---

[84]     *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996).

[85]     *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000).

[86]     *See Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, No. 04 Civ. 2293, 2009 WL 5185808, at *10 (E.D.N.Y. Dec. 23, 2009) (declining to compound prejudgment interest even though the IRS underpayment rate is typically compounded).

interest.  *Third*, because Section 10(b) should be construed to effectuate its remedial purposes,[87] prejudgment interest is appropriate.

Defendants argue that prejudgment interest is inappropriate here. *First*, it would overcompensate plaintiffs by giving them a return on their investment they could not have obtained.  The only thing plaintiffs have in common is their investment in a risky stock – Vivendi.  Excluding the effects of the fraud, plaintiffs' Vivendi investments would not have produced a positive return.  *Second*, prejudgment interest would reward plaintiffs for improperly protracting a lengthy discovery period and punish defendants for exercising their right to a day in court.  *Third*, prejudgment interest is inappropriate because the jury only found that Vivendi acted recklessly, rather than with malicious intent to defraud.  *Fourth*, prejudgment interest would primarily benefit Class Counsel, because many of the class members are likely current shareholders as well.  Thus, they would merely be paying interest to themselves, minus attorneys' fees.  *Fifth*, prejudgment interest would be punitive because Vivendi never had use of plaintiffs' money.

Plaintiffs' request for prejudgment interest is granted, but not for the amount requested.  Some measure of prejudgment interest is necessary to

---

[87]    *See First Jersey Sec., Inc.*, 101 F.3d at 1466.

compensate plaintiffs. Plaintiffs have been deprived of the use of their funds for nearly ten years, and prejudgment interest is necessary to fully compensate them for their loss. *First*, Vivendi's argument that plaintiffs would be overcompensated has some merit. Indeed, at the April 2, 2012 conference, I expressed a concern about ensuring that plaintiffs will not receive a windfall. However, this concern is properly directed to the *amount* of prejudgment interest, not its availability. Plaintiffs deserve some measure of compensation for being deprived of the use of their funds for such an extended period of time.

*Second*, both parties were partially responsible for delay over the course of this extensive litigation, and such a consideration should impact the rate of interest, not its availability. *Third*, although scienter is not necessary to award interest, because the focus is on compensating plaintiffs, Vivendi's recklessness does not weigh against an award of interest. *Fourth*, while Vivendi raises a novel argument that prejudgment interest merely benefits Class Counsel, as plaintiffs are mainly paying themselves minus attorney' fees, there is no evidence to support a finding that most Class Members are currently shareholders. *Fifth*, Vivendi's argument that it never had use of plaintiffs' money is irrelevant, because the prejudgment interest inquiry focuses on compensating plaintiffs, not disgorging inequitable gains from defendants. Accordingly, an award of prejudgment interest

is appropriate in this case.

## C. Prejudgment Interest Will Be Calculated Based on the Yield of a One-Year Treasury Note Compounded Annually Starting August 14, 2002

Plaintiffs argue that the Court should use the IRS large corporate underpayment rate ("IRS rate"), which the Second Circuit has approved of in SEC enforcement actions. The IRS rate is compounded daily.[88] In addition, plaintiffs request that interest be calculated from August 14, 2002, the last day of the class period because the calculation of interest based on the last day of the class period has been held to be fair and appropriate.[89] This calculation results in prejudgment interest of 81 cents per each dollar of damages for the period August 14, 2002 to March 31, 2010.

Defendants argue that the IRS rate is punitive and that if prejudgment interest is awarded, it should be calculated according to the average annual rate of return on one-year Treasury bills, resulting in prejudgment interest of 19 cents to the dollar (with no compounding) or 21 cents to the dollar (with annual compounding). The Second Circuit has held that prejudgment interest "generally

---

[88]    *See* 26 U.S.C. § 6622; I.R.S. Revenue Ruling 1009-37.

[89]    *See, e.g.*, *United States v. Seaboard Sur. Co.*, 817 F.2d 956, 966-67 (2d Cir. 1982).

should be measured by interest on short-term, risk-free obligations."[90]  Courts have

also held that the measure for post-judgment interest, the average rate of return on

one-year Treasury bills,[91] is an appropriate starting point for considering the

prejudgment interest rate.[92]  In contrast, the IRS rate requested by plaintiffs has

never been used in a private federal securities action under Section 10(b).  Rather,

the IRS rate has been used in SEC enforcement actions for disgorgement.  The IRS

rate is intentionally punitive to discourage taxpayers from using the government as

an involuntary banker by deferring payment of taxes.  Although defendants argue

that interest should not be compounded, if the court does compound interest,

defendants request that it be compounded annually.[93]

        In their reply papers, plaintiffs argue that applying the Treasury rate is

---

[90]     *New York Marine & Gen. Ins. Co. v. Tradeline (LLC)*, 266 F.3d 112, 131 (2d Cir. 2001) (quotations omitted).

[91]     *See* 28 U.S.C. § 1961.

[92]     *See Securities Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 314 F. Supp. 2d 201, 204-05 (S.D.N.Y. 2003) ("For purposes of assigning a prejudgment interest rate, the presumption is that plaintiff invested those funds in United States Treasury bills with a 52-week maturity.  That is the presumption Congress made when calculating interest rates that should apply to post-judgment interest . . . and there is no reason a different presumption should apply here.  United States Treasury bills are a conservative yet valid investment option, and reflect a realistic rate of interest that plaintiff could have received.").

[93]     *See* 28 U.S.C. § 1961 (interest calculated according to Treasury bill rate is compounded annually).

inappropriate, because plaintiffs were pursuing risky investments, not an

investment generating a low or risk-free return.[94]  Plaintiffs also argue that

defendants' argument that Vivendi did not have use of the money is irrelevant and

misplaced, because Vivendi did borrow against its treasury shares, the value of

which were inflated by Vivendi's fraud.  Finally, plaintiffs raise an alternative

measure of prejudgment interest for the first time in their reply brief – using the

9% New York statutory rate (not compounded), which results in 69 cents of

prejudgment interest per dollar of damages as of March 31, 2010.[95]

     At the April 2, 2012 conference I voiced my primary concern with

awarding prejudgment interest.  In order to not provide plaintiffs with a windfall, I

requested further briefing on how risky a stock Vivendi was during the class period

and how likely was it that an investor in Vivendi would have invested in a different

security that would have provided a positive return over the past decade.[96]

     Vivendi is correct that plaintiffs would be overcompensated by an

---

[94]    *See* Plaintiffs' Reply Memorandum in Support of Their Motion for
Award of Prejudgment Interest at 6-10.

[95]    *See* CPLR § 5004; *SEC v. Musella*, 360 F. Supp. 2d 1028, 1043
(S.D.N.Y. 1989) ("A district court sitting in New York may use the rate of interest
used to calculate prejudgment interest under New York law in calculating
prejudgment interest in federal securities law cases."), *aff'd*, 898 F.2d 138 (2d Cir.
1990).

[96]    *See* 4/2/12 Tr. at 44:4-21.

-45-

award using the IRS rate.  While I am not convinced that plaintiffs would still have invested in Vivendi had its liquidity condition been disclosed, it is likely that they would have pursued an equally risky investment.  Plaintiffs use the fact that plaintiffs were risky investors to argue for prejudgment interest exceeding 81 cents per each dollar of damages.  This is highly speculative and would grossly overcompensate plaintiffs.  Just as an investment in Vivendi, exclusive of the effects of the fraud, would have resulted in a substantial loss during the Class period,[97] I cannot conclude that plaintiffs, by investing in equally risky investments, would have received a 81% return over a decade, especially in light of the turmoil in the financial markets.

Indeed, plaintiffs make much of the fact that Vivendi was one of the largest firms of the CAC-40, "the main benchmark index of blue chip stocks listed

---

[97]    *See* Vivendi, S.A.'s Memorandum of Law in Opposition to Plaintiffs' Motion for an Award of Prejudgment Interest at 4 ("[A] shareholder who bought a share in Vivendi Universal on December 12, 2001, at the closing price of €57.50, when, according to the jury's verdict, inflation reached its maximum, would have overpaid by €11.00.  If he then sold that share on August 14, 2002, at the closing price of €11.89, when, according to the jury's verdict, inflation was zero, he would have lost €34.61, even after the €11.00 of inflation is excluded.  The question arises, therefore, as to what that shareholder would have done with the €11.00 had Vivendi's share price been cheaper (i.e., not inflated).  If he had put that €11.00 in Vivendi stock over the same period . . . it would have been worth €2.81 because from December 12, 2001, to August 14, 2002, Vivendi Universal shares declined 74.4% excluding the impact of inflation.").

on the Paris Bourse."[98]   However, in plaintiffs' unsolicited expert declaration on

this topic, Dr. Blaine Nye considers the returns over the past decade on Vivendi

ordinary shares, the Dow Jones Industrial Average, the S&P 500, the Fidelity

Magellan Fund, and the Dow Jones Euro STOXX Media Index,[99] but ignores the

most on point comparison for what an investor in Vivendi might have alternatively

invested in, had she not invested in Vivendi – an index fund for the CAC-40.[100]

Because plaintiffs would likely have not received a significant return on their

investments, any award above the presumptive rate, based on the yield of a one-

year treasury note, would be speculative and result in a windfall for plaintiffs.

Accordingly, plaintiffs are awarded prejudgment interest based on the yield of a

one-year treasury note compounded annually starting August 14, 2002.

---

[98]     Plaintiffs' Supplemental Memorandum in Support of Motion for Award of Prejudgment Interest at 3.

[99]     *See* 4/25/12 Declaration of Dr. Blaine F. Nye in Support of Plaintiffs' Motion for an Award of Prejudgment Interest.  Because defendants did not have an opportunity to depose Dr. Nye or obtain any discovery about this unsolicited expert declaration, it forms no basis for my opinion.  I note that Dr. Nye's choice of August 16, 2002 instead of August 14, 2002 for purposes of his calculations is problematic and drastically alters his calculations.

[100]    *Compare Vivendi Woes Hit Europe Bourses*, CNN.com Europe (Aug. 14, 2002) ("Paris' CAC 40 index slumped . . . to 3,240.81."), *available at* http://europe.cnn.com/2002/BUSINESS/08/14/markets.europe/index.html, *with CAC 40 Index Quote*, Bloomberg, http://www.bloomberg.com/quote/CAC:IND (noting that the CAC-40 closed at 3,240.20 on July 2, 2012 after increasing from 3,012.71 on June 26, 2012).

SA514

## VI.   ATTORNEYS' FEES AND COSTS

Federal Rule of Civil Procedure 23(h)(1) requires that notice of a motion for attorneys' fees and costs "must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner."  Vivendi argues that because plaintiffs have not yet filed a motion for attorneys' fees and costs, notice of such to the class members is unwarranted at this time.  Vivendi's position would require an additional notice to Class Members once the plaintiffs file a motion for attorneys' fees and costs.  This would be wasteful. Indeed, notice of a request for fees and costs is often circulated before a formal motion is made. Accordingly, the Notice to Class Members will contain information regarding attorneys' fees, but it has been pared down considerably.

## VII.   CONCLUSION

For the foregoing reasons, plaintiffs' motion for adjustment of class definition is denied; plaintiffs' motion to approve plaintiffs' proposed procedures for the "Individual Reliance Phase" is granted in part and denied in part; plaintiffs' motion to approve post-verdict class notice and claims administration and to require Vivendi to pay for those procedures is granted in part and denied in part; plaintiffs' renewed motion for award of prejudgment interest is granted, but not for the amount requested; and plaintiffs' motion regarding plaintiffs' application for

-48-

attorneys' fees and costs is granted. The Clerk of the Court is directed to close

these motions [Docket Nos. 1100 and 1126]. A status conference is scheduled for

July 17, 2012 at 3:00 p.m. in Courtroom 15C.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 5, 2012

-49-

**SA516**

- Appearances -

**For Plaintiffs:**

Arthur N. Abbey, Esq.
Richard Barry Margolies, Esq.
Stephen Thran Rodd, Esq.
Stephanie Dawn Amin-Giwner, Esq.
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, New York 10016
(212) 889-3700

Sol Schreiber, Esq.
Sylvia Wahba, Esq.
Michael Champlin Spencer, Esq.
William Beecher Scoville, Jr., Esq.
Matthew Gluck, Esq.
Milberg LLP (NYC)
One Pennsylvania Plaza
New York, New York 10119
(212) 594-5300

Brian C. Kerr, Esq.
Brower Piven, A Professional Corporation
488 Madison Avenue, Eighth Floor
New York, New York 10022
(212) 501-9000

**For Defendants Vivendi Universal, S.A. and Universal Studios, Inc.:**

Daniel Slifkin, Esq.
Paul C. Saunders, Esq.
Timothy Gray Cameron, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

SA517

Case 15-828, Document 87, 08/12/2015, 1574498, Page68 of 132

Penny Packard Reid, Esq.
James W. Quinn, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue, 25th Fl.
New York, New York 10153
(212) 310-8000

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

**MEMORANDUM OPINION**
**AND ORDER**

**02-cv-5571 (SAS)**

------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

> On July 21, 2014, Vivendi requested that the Court permit it to move
for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of
Civil Procedure.[1] Although Vivendi already moved for judgment as a matter of
law, pursuant to Rule 50(b), a motion that was denied more than three years ago,[2] it
asserts that it should be permitted to move again because of an intervening change
in the law resulting from a June 23, 2014 decision of the United States Supreme
Court – *Halliburton Co. et al. v, Erica P. John Fund, Inc.* (*"Halliburton II"*).[3] For

---

[1] *See* 7/21/14 Letter from James W. Quinn, Esq. and Paul C. Saunders,
Esq., counsel for Vivendi, to the Court [Dkt. No. 1204]. Plaintiffs responded in a
July 24, 2014 letter to the Court from Arthur N. Abbey, Esq. asking that
defendant's request be denied [Dkt. No. 1205].

[2] *See In re Vivendi, S.A. Sec. Litig.,* 765 F. Supp. 2d 512 (S.D.N.Y.
2011).

[3] 134 S. Ct. 2398 (2014).

-1-

the reasons discussed below, defendant's request to file a new Rule 50(b) motion is
denied.

In order to rule on defendant's request, this Court is only required to
understand what the Supreme Court held in *Halliburton II* and what it did not. In
the Supreme Court's own words, it granted certiorari in *Halliburton II* to address
two issues: (1) "to resolve a conflict among the Circuits over whether securities
fraud defendants may attempt to rebut the *Basic* [*Inc. v. Levinson*] presumption at
the class certification stage with evidence of a lack of price impact"; and (2) "to
reconsider the presumption of reliance for securities fraud claims that [the Supreme
Court] adopted in *Basic*."[4] The Court said yes to the first question and no to the
second. Thus, the holding of *Halliburton II* is unambiguous and clear:
"[d]efendants must be afforded an opportunity *before class certification* to defeat
the [*Basic*] presumption through evidence that an alleged misrepresentation did not
actually affect the market price of the stock."[5]

Nonetheless, Vivendi argues that *Halliburton II* created new law with
respect to the requirement that in order to make out a claim under Rule 10b-5 of

---

[4]     *Id.* at 2407.

[5]     *Id.* at 2417. *See also id.* ("Defendants may seek to defeat the *Basic*
presumption at [the class certification] stage through direct as well as indirect price
impact evidence.").

-2-

the securities laws, a plaintiff must prove that a misleading statement caused an impact on the price of the security. But the Court in *Halliburton II* made clear that this has always been a requirement of a securities fraud case. What *Halliburton II* discussed is when a *defendant* can establish *lack* of price impact.

The Court explained that the *Basic* presumption consists of two separate presumptions. The first is that "if a plaintiff shows that the defendant's misrepresentation was public and material and that the stock traded in a generally efficient market, . . .[there is] a presumption that the misrepresentation affected the stock price [i.e. price impact]."[6] The second presumption is that "if the plaintiff . . . purchased the stock at the market price . . . he is entitled to [the] presumption that he purchased the stock in reliance on the defendant's misrepresentation."[7] The Court declined Halliburton's request that it eliminate the first presumption by noting that defendants have the opportunity to rebut it by showing "that the particular misrepresentation . . . did not affect the stock's market price [i.e. lack of price impact]."[8] Thus, there is no doubt that proof of price impact has always been a part of the equation at the merits stage of a securities fraud case. After

---

[6] *Id.* at 2414.

[7] *Id.*

[8] *Id.*

-3-

*Halliburton II*, it will now also be a consideration at the class certification stage.

Given that the issue of whether Vivendi's misstatements caused an impact on the price of the stock has been litigated twice – once at the trial and once during the post-trial motion practice,[9] there is no reason to permit it to be litigated a third time in the district court. Plaintiffs note in their response to Vivendi's request to file a new Rule 50(b) motion that Vivendi raised the identical issue in its post-trial motion. The district court described Vivendi's argument as "plaintiffs failed to prove that the fifty-seven misstatements on Table A caused inflation in Vivendi's share price."[10] The district court then addressed this argument in its decision under the heading: "Whether the Misstatements Caused Inflation."[11] The district court held that plaintiffs had succeeded in proving price impact by showing that the "misstatement[s] played a role in causing the inflation in the stock price (whether by adding to the inflation or helping to maintain it) . . . ."[12]

---

[9] *See* Defendant's Memorandum of Law in Support of Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) [Dkt. No. 1022], at 41 (arguing that Plaintiffs' inflation evidence "did not correspond in any way to the 57 alleged misstatements.").

[10] *Vivendi*, 765. F. Supp. 2d at 555.

[11] *Id.* at 561.

[12] *Id.* at 562. *See also Livonia Emp. Ret. Sys. v. Wyeth*, 284 F.R.D. 173, 182 (S.D.N.Y. 2012) (holding that "the fact that the stock price *remained consistent* could, in fact, indicate inflation") (emphasis added).

-4-

*Halliburton II* made no mention of how a plaintiff can prove price impact, and certainly did not address the maintenance theory of inflation relied upon by plaintiffs in *Vivendi*.  While this is surely an interesting issue, the district court has made its ruling.  Vivendi's opportunity to challenge this theory of price impact, and the adequacy of the proof supporting it, lies with the Court of Appeals and perhaps the Supreme Court.  Because this issue has already been fully litigated, and there being no intervening change in the law, Vivendi's request to file a new Rule 50(b) motion is DENIED.   A conference to address the issues raised in the parties' most recent letters – August 12, 2014 from the plaintiffs [Dkt. No. 1206] and August 14, 2014 from the defendant [Dkt. No. 1207] – will be held on August 21, 2014 at 3:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      August 18, 2014
            New York, New York

-5-

### - Appearances -

**For Plaintiffs:**

Arthur N. Abbey, Esq.
Abbey Spanier Rodd Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
(212) 889-3700

**For Defendants:**

Daniel Slifkin, Esq.
Paul C. Saunders, Esq.                                    .
Cravath Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

James P. Quinn, Esq.
Penny P. Reid, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/12/14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE VIVENDI UNIVERSAL, S.A.
SECURITIES LITIGATION

02 Civ. 5571 (SAS)
ECF Case

## [PROPOSED] ORDER TO PROCEED TO ENTRY OF FINAL JUDGMENT AS TO CERTAIN CLAIMS PURSUANT TO RULE 54(b)

WHEREAS, on January 29, 2010, the jury in this securities fraud class action

returned a verdict against Vivendi Universal, S.A. ("Vivendi"); and

WHEREAS, by order dated November 12, 2012, the Court approved the parties'

plan for administering the class claims process; and

WHEREAS, the deadline for submitting and remedying claim forms expired on

August 7, 2013; and

WHEREAS, the claims administrator, Garden City Group ("GCG"), has reported

that 10,428 claim forms were timely submitted in the above-captioned class action; and

WHEREAS Vivendi has elected not to challenge the amount of damages payable

to holders of the claims identified in Exhibit A hereto ("Covered Claims") while reserving all

rights to appeal the jury's verdict and predicate rulings by the district court; and

WHEREAS the parties have jointly requested the Court to enter a partial final

judgment pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") as to the Covered

Claims, and that the parties are in agreement that the standards for entry of a partial final

judgment are satisfied;

IT IS HEREBY ORDERED that:

1.     The Court finds and concludes that this action presents more than one claim for relief, and that multiple parties are involved, such that this action is eligible for partial final judgment under Rule 54(b), subject to any objections from the holders of the Covered Claims.

2.     The Court finds and concludes that the rights and liabilities of the holders of the Covered Claims have been finally decided within the meaning of 28 U.S.C. § 1291, subject to any objections from the holders of the Covered Claims, even though additional proceedings remain to be concluded with respect to the holders of other claims.

3.     The Court finds and concludes that the Covered Claims include those submitted by the three class representatives and that the Covered Claims account for a substantial portion of the claimed damages.

4.     The Court finds and concludes that entry of partial final judgment under Rule 54(b) for the Covered Claims for which there are no objections will serve the interests of the parties and the judicial system by allowing appellate review to proceed in this action, and by facilitating the coordination of Vivendi's appeal in this action with the appeal separately taken by Vivendi in the related action, *Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 13-596(L) ("*Liberty* Action").

5.     The Court finds and concludes that the interests of the parties would be prejudiced if Vivendi's appeal of the Rule 54(b) judgment in this action were not coordinated with the appeal separately taken by Vivendi in the related *Liberty* Action.

6.     The Court finds and concludes that there is no just reason for delay in entry of a partial final judgment as to the Covered Claims for which no objections are made pursuant to the notice provisions set forth herein.

7.      Within seven (7) days of the entry of this Order, GCG shall send a "Notice of Approval of Claim," substantially in the form attached hereto as Exhibit B, to each claimant that has submitted a Covered Claim, or to such claimant's authorized representative for claim administration.  The Notice of Approval of Claim shall advise each such claimant or authorized representative that the claim has been approved and the amount thereof, and of the right to object to the amount of the approved claim within twenty-one (21) days after the Notice of Approval of Claim is sent.  The Notice of Approval of Claim shall be sent by electronic mail to the address provided in the claim form submitted to GCG or, if the claimant's or authorized representative's electronic mail address is unknown, by first class mail.

8.      On the date that is twenty-eight (28) days after the date the Notice of Approval of Claim is sent, or the nearest business day thereafter, the parties shall submit to the Court a proposed judgment, which shall identify each Covered Claim as to which no timely objection was submitted, and the amount of each such claim inclusive of pre-judgment interest.  Upon approval of the proposed judgment by the Court, the Clerk of the Court shall enter the judgment forthwith pursuant to Rule 54(b).  Any unresolved objection to the approved amount of a Covered Claim submitted by a claimant within the time prescribed by the preceding Paragraph 1 will render such Covered Claim excluded from the Rule 54(b) judgment.

9.      The Court reserves for consideration and inclusion in a future judgment all outstanding claims and issues in this action not resolved in the aforesaid Rule 54(b) judgment, including without limitation: (i) claims as to which Vivendi is challenging the presumption of reliance; and (ii) any request for an award of class attorney fees and expenses in connection with all class members (including those covered by the Rule 54(b) judgment).  The Court understands

Case 15-2801, Document 87, 08/12/2015, 1574498, Page78 of 132
Case 1:02-cv-05571-SAS-HBP   Document 1229   Filed 11/12/14   Page 4 of 4
Case 1:02-cv-05571-SAS-HBP   Document 1228   Filed 11/10/14   Page 5 of 50

and expects that the parties shall proceed expeditiously to resolve these and any other

outstanding issues.

SO ORDERED this ___ day of November 2014:

_____

Hon. Shira A. Scheindlin
United States District Judge

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:                          │
│ DATE FILED: 12/22/14            │
└─────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
                 :

                 :   No. 02 Civ. 05571 (SAS)

IN RE VIVENDI UNIVERSAL, S.A. SECURITIES :
LITIGATION,                  :   **[PROPOSED] JUDGMENT**

                 :

                 :

                 :
------------------------------------------------------X

       **WHEREAS**, on January 29, 2010, the jury in this class action returned a verdict

against Vivendi Universal, S.A. ("Vivendi") and in favor of defendants Jean-Marie Messier and

Guillaume Hannezo on all claims; and

       **WHEREAS**, in an Order dated November 12, 2014 (the "Order"), this Court

determined that a partial final judgment should be entered pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, as to certain claims described in the Order;

       **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

    1.     Pursuant to Rule 54(b), judgment is hereby entered against Vivendi and in favor

of each plaintiff identified in the Attached Exhibit A.

    2.     Each plaintiff identified in the attached Exhibit A shall be entitled to recover from

Vivendi the principal sum, and prejudgment interest on the principal sum, (together, the "Total

Sum") as set forth in Exhibit A.

    3.     The plaintiffs shall take nothing from defendants Messier and Hannezo, and the

action is dismissed on the merits and with prejudice as to them.

    4.     Post judgment interest on the Total Sum plus costs shall accrue in accordance

with 28 U.S.C. § 1961.

**SO ORDERED**:

_____
Honorable Shira A. Scheindlin
United States District Judge

Dated:          New York, New York
                December 22, 2014

# EXHIBIT A

WEIL:\95189476\2\79204.0028

Exhibit A to Final Judgment Pursuant to Fed. R. Civ. P. 54(b)

In Re Vivendi Universal, S.A. Securities Litigation, No. 02-cv-5571 (SAS)

| Total: 1,924 Claims | | $ | 40,049,953.44 | $ | 9,721,687.70 | $ | 49,771,641.14 |
|---|---|---|---|---|---|---|---|
| Claim Number | Claimant | | Calculated Damages | | Prejudgment Interest | | Total |
| 25 | RICHARD J ASLANIAN | $ | 6,930.00 | $ | 1,682.18 | $ | 8,612.18 |
| 34 | JOHN L ONG AND ANITA C ONG JTWROS | $ | 336.00 | $ | 81.56 | $ | 417.56 |
| 37 | SCA ADVISERS FBO V TRADER PRO LLC | $ | 1,126.00 | $ | 273.32 | $ | 1,399.32 |
| 48 | CAMILLE PEROTTA HODGSON | $ | 700.00 | $ | 169.92 | $ | 869.92 |
| 55 | COMMUNITY HOSP OTTAWA - GRATRY & CO | $ | 112.91 | $ | 27.41 | $ | 140.32 |
| 65 | BATTEN FRANK SR T/U/W | $ | 148,261.00 | $ | 35,988.74 | $ | 184,249.74 |
| 67 | BERNICE LOCKER PEARL LINKOFF & | $ | 374.40 | $ | 90.88 | $ | 465.28 |
| 71 | RIVERTON EQUITY LP FISHER INV | $ | 12,432.00 | $ | 3,017.73 | $ | 15,449.73 |
| 131 | ROBIN D. MASS | $ | 119.47 | $ | 29.00 | $ | 148.47 |
| 999 | PAUL THEODORE FEDER IRA | $ | 24.18 | $ | 5.87 | $ | 30.05 |
| 2328 | CYRUS GHAZI IRA | $ | 1,710.00 | $ | 415.08 | $ | 2,125.08 |
| 2456 | GARTRELL UNIFIED CREDIT TRUST | $ | 855.00 | $ | 207.54 | $ | 1,062.54 |
| 2576 | CHARLES A ISAAC IRA | $ | 749.00 | $ | 181.81 | $ | 930.81 |
| 2733 | JEANNETTE L HOLLIDAY FAM TRUST | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 2755 | LYNDEL R HAWKINS | $ | 1,282.50 | $ | 311.31 | $ | 1,593.81 |
| 3079 | GEOFFREY K ALLAN | $ | 154.50 | $ | 37.50 | $ | 192.00 |
| 3080 | ROBERT D GOW | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 3170 | MURRAY GOTT IRA | $ | 140.00 | $ | 33.98 | $ | 173.98 |
| 3723 | FREDRIC D ROSEN BS MASTER DEF CONTRI M/P PEN PL | $ | 28,150.00 | $ | 6,833.10 | $ | 34,983.10 |
| 3851 | WILLIAM L ESTES AND NANCY L ESTES | $ | 4,275.00 | $ | 1,037.71 | $ | 5,312.71 |
| 3868 | CHARLES T MCCORD III | $ | 106.00 | $ | 25.73 | $ | 131.73 |
| 3888 | ROSS P STORNELLO TRUST | $ | 876.00 | $ | 212.64 | $ | 1,088.64 |
| 4048 | ROBERT C ROBINSON AND YNONNE M ROBINSON TRUST | $ | 292.00 | $ | 70.88 | $ | 362.88 |
| 4088 | ALAN HEITNER DEC OF TRUST | $ | 292.00 | $ | 70.88 | $ | 362.88 |
| 4164 | STEPHEN BESSE | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 4395 | WHEELER INVESTMENT ACCOUNT | $ | 146.00 | $ | 35.44 | $ | 181.44 |
| 4507 | WAYNE MICHAEL BAXTER & MARILOU DIANE BAXTER JT TEN | $ | 730.00 | $ | 177.20 | $ | 907.20 |
| 4543 | GEORGE A CRITICOS | $ | 365.00 | $ | 88.60 | $ | 453.60 |
| 4548 | PATRICIA S CRITICOS | $ | 511.00 | $ | 124.04 | $ | 635.04 |
| 4580 | WILLIAM D STRECKER | $ | 1,168.00 | $ | 283.52 | $ | 1,451.52 |
| 4584 | JOHN LEO KELLY | $ | 300.00 | $ | 72.82 | $ | 372.82 |
| 4631 | SUSAN MOSKOWITZ FAMILY TRUST | $ | 438.00 | $ | 106.32 | $ | 544.32 |
| 4707 | HOLLY A WOODRUFF | $ | 176.00 | $ | 42.72 | $ | 218.72 |

SA532

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 4723 | CHARLES A KRAUSE | $ 584.00 | $ 141.76 | $ 725.76 |
| 4801 | HELEN R LOGUE | $ 365.00 | $ 88.60 | $ 453.60 |
| 4822 | ERNST K H MARBURG & JUDITH A MARBURG JT TEN | $ 584.00 | $ 141.76 | $ 725.76 |
| 4846 | JAMES E DUNN | $ 146.00 | $ 35.44 | $ 181.44 |
| 4872 | GEORGE & DEBORAH MEHL FMLY FD INC | $ 74.00 | $ 17.96 | $ 91.96 |
| 4917 | OWEN L MCKINNEY | $ 274.50 | $ 66.63 | $ 341.13 |
| 4938 | THE WALKER TRUST | $ 648.00 | $ 157.29 | $ 805.29 |
| 5004 | CLAUDIA KEMPF LOUWSMA REVOCABLE TRUST | $ 146.00 | $ 35.44 | $ 181.44 |
| 5085 | DIANE SPANO | $ 1,022.00 | $ 248.08 | $ 1,270.08 |
| 5339 | ANNE E SWIFT REVOCABLE TRUST | $ 146.00 | $ 35.44 | $ 181.44 |
| 5353 | SIEGAL FAMILY INVESTMENTS LLC | $ 730.00 | $ 177.20 | $ 907.20 |
| 5439 | MARY JEAN TOBKIN | $ 292.00 | $ 70.88 | $ 362.88 |
| 5507 | BARBARA A CASSANI & GUY S DAVIS JT TEN | $ 277.50 | $ 67.36 | $ 344.86 |
| 5518 | BEN L WENSINK | $ 584.00 | $ 141.76 | $ 725.76 |
| 5535 | PATRICIA J OLSON | $ 166.50 | $ 40.42 | $ 206.92 |
| 5599 | SIEGFRIED SCHULZ & CORNELIA PASZEK-SCHULZ JT TEN | $ 803.00 | $ 194.92 | $ 997.92 |
| 5709 | WILLIAM E PURNELL SR & LORRAINE PURNELL JT TEN | $ 271.00 | $ 65.78 | $ 336.78 |
| 5806 | BYRON ORDELL WILKES | $ 146.00 | $ 35.44 | $ 181.44 |
| 5951 | JUDY LEVICK | $ 219.00 | $ 53.16 | $ 272.16 |
| 5973 | YONDA GIN | $ 1,730.80 | $ 420.13 | $ 2,150.93 |
| 6109 | EDR ASSOCIATES LP | $ 365.00 | $ 88.60 | $ 453.60 |
| 6273 | MARION L KINCAID TRUST | $ 222.00 | $ 53.89 | $ 275.89 |
| 6297 | ARRO FAM REV INTERVIVOS TRUST | $ 876.00 | $ 212.64 | $ 1,088.64 |
| 6367 | MARIA E MCGILL | $ 63.20 | $ 15.34 | $ 78.54 |
| 6459 | HENRY L GRIESBACH JR IRA | $ 105.60 | $ 25.63 | $ 131.23 |
| 6467 | HIMANSHU H SHAH | $ 8,880.00 | $ 2,155.52 | $ 11,035.52 |
| 6494 | THOMAS A KAI | $ 88.00 | $ 21.36 | $ 109.36 |
| 6538 | SONDA LYNN NORRIS-KINNAIRD | $ 855.00 | $ 207.54 | $ 1,062.54 |
| 6587 | EVY MAYER | $ 438.00 | $ 106.32 | $ 544.32 |
| 6628 | ALBERT GARBACCIO TRUST | $ 132.00 | $ 32.04 | $ 164.04 |
| 6806 | ROSEMARY E DE LOACH | $ 438.00 | $ 106.32 | $ 544.32 |
| 6822 | ROBERT L KINNAIRD | $ 4,116.00 | $ 999.11 | $ 5,115.11 |
| 6910 | AGNES GARBACCIO | $ 88.00 | $ 21.36 | $ 109.36 |
| 7596 | BILLY D COOK | $ 12.84 | $ 3.12 | $ 15.96 |
| 7881 | MORRIS H GOLDSTEINS IRREV TRUST #1 | $ 20.80 | $ 5.05 | $ 25.85 |
| 8567 | PAUL A JASPER | $ 4,716.20 | $ 1,144.81 | $ 5,861.01 |
| 8581 | MALVINI FAMILY TRUST | $ 219.00 | $ 53.16 | $ 272.16 |
| 8642 | ROBERT Y & ANNE L HUO LIV TR | $ 163.93 | $ 39.79 | $ 203.72 |
| 8676 | ANJANA P SAMPAT | $ 6,960.00 | $ 1,689.46 | $ 8,649.46 |
| 9301 | NICKOLAS ADAM ODELL | $ 1,570.00 | $ 381.10 | $ 1,951.10 |
| 9581 | WILLIAM P CAVANAGH | $ 785.00 | $ 190.55 | $ 975.55 |

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 9624 | FERRIN INVESTMENTS L P | $ 272.48 | $ 66.14 | $ 338.62 |
| 9817 | KENNETH FALL | $ 256.50 | $ 62.26 | $ 318.76 |
| 9877 | T MARK THOMSEN & ASSOC INC PROFIT SHAR PLAN | $ 3.90 | $ 0.95 | $ 4.85 |
| 10334 | ALAN B CIESLAK & BONITA C CIESLAK | $ 103.00 | $ 25.00 | $ 128.00 |
| 11334 | ARIANA HOLDINGS LP #1 | $ 1,468.12 | $ 356.37 | $ 1,824.49 |
| 11336 | ARIANA HOLDINGS LP #2 | $ 972.00 | $ 235.94 | $ 1,207.94 |
| 11340 | JON T BARRETT | $ 29.05 | $ 7.05 | $ 36.10 |
| 11409 | JOHN A THIES | $ 77.76 | $ 18.88 | $ 96.64 |
| 11471 | THE KILIAN CORPORATION | $ 416.91 | $ 101.20 | $ 518.11 |
| 11538 | MARY VIVIAN WHITE | $ 58.10 | $ 14.10 | $ 72.20 |
| 11549 | CLARENCE R & DONNABEL E SCHLAGEL | $ 333.00 | $ 80.83 | $ 413.83 |
| 11577 | RICHARD MOUKPERIAN & TRACY THOMPSON-MOUKPERIAN | $ 213.84 | $ 51.91 | $ 265.75 |
| 11594 | WILLIAM ELWELL VOLLMER | $ 32.65 | $ 7.93 | $ 40.58 |
| 11612 | AMOS Y ELAM | $ 30.06 | $ 7.30 | $ 37.36 |
| 11885 | JAMES WILLIAM GUERCIO | $ 23,710.00 | $ 5,755.34 | $ 29,465.34 |
| 11949 | THE LESSELYONG FAMILY TRUST | $ 1.55 | $ 0.38 | $ 1.93 |
| 11969 | PINHAS BENDAYAN #1 | $ 1,424.00 | $ 345.66 | $ 1,769.66 |
| 12024 | RICHARD L WILLIAMS | $ 84.24 | $ 20.45 | $ 104.69 |
| 12047 | SIMON LICHTENSTEIN AND ESTER LICHTENSTEIN JTWROS | $ 327.75 | $ 79.56 | $ 407.31 |
| 12054 | BENNETT LIVING TRUST | $ 21.80 | $ 5.29 | $ 27.09 |
| 12291 | JOSEPH LIMANSKY | $ 47.24 | $ 11.47 | $ 58.71 |
| 12297 | RHODA FLISS IRRA | $ 58.16 | $ 14.12 | $ 72.28 |
| 12311 | CAMILLA M PARKER #1 | $ 216.68 | $ 52.60 | $ 269.28 |
| 12313 | CAMILLA M PARKER #2 | $ 236.98 | $ 57.52 | $ 294.50 |
| 12384 | ROBERT C WIEDLUND AND BARBARA J WIEDLUND JTWROS | $ 3.25 | $ 0.79 | $ 4.04 |
| 12522 | LENKOWSKI LONERGAN SEP | $ 1.55 | $ 0.38 | $ 1.93 |
| 12536 | HOOSHANG PAK MD AND MARYAM PAK | $ 412.45 | $ 100.12 | $ 512.57 |
| 18453 | DENISE L MONDEN | $ 33.28 | $ 8.08 | $ 41.36 |
| 20597 | KENDALL GEORGE HARTWIG | $ 761.25 | $ 184.79 | $ 946.04 |
| 20674 | VICKIE S WHATLEY | $ 90.49 | $ 21.97 | $ 112.46 |
| 20689 | HERMAN DEAN ALLISON | $ 6.22 | $ 1.51 | $ 7.73 |
| 20710 | KATHLEEN DOME MINARIK | $ 51.50 | $ 12.50 | $ 64.00 |
| 20754 | MADONNA UNIVERSITY | $ 3,763.69 | $ 913.59 | $ 4,677.28 |
| 20826 | GARY MALLARD | $ 92.94 | $ 22.56 | $ 115.50 |
| 20981 | THOMAS A STRAND & LINDA J STRAND | $ 129.95 | $ 31.54 | $ 161.49 |
| 21843 | ARTHUR F CRISPIN TRUST | $ 3,925.00 | $ 952.75 | $ 4,877.75 |
| 21933 | BARBARA R SKALITZKY | $ 188.83 | $ 45.84 | $ 234.67 |
| 22157 | PHYLLIS D EASTLUND | $ 72.02 | $ 17.48 | $ 89.50 |
| 22241 | KAREN A WIGGINS | $ 175.72 | $ 42.65 | $ 218.37 |
| 22366 | PINHEIRO SURVIVOR GRANTOS TRUST | $ 934.24 | $ 226.78 | $ 1,161.02 |
| 22404 | WILLIAM S MORRISSEY | $ 79.13 | $ 19.21 | $ 98.34 |

| Claim Number | Name | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 22515 | KATHRYN WARREN PANDOLFO REV TRUST | $ 1,022.00 | $ 248.08 | $ 1,270.08 |
| 22588 | HARNESS DICKEY & PIERCE 401 (K) PROFIT | $ 54.15 | $ 13.14 | $ 67.29 |
| 22696 | A K RICKETTS | $ 1,513.00 | $ 367.26 | $ 1,880.26 |
| 22958 | SARA ABRAMS TRUST | $ 33.97 | $ 8.25 | $ 42.22 |
| 23533 | RICHARD KAPLAN | $ 22.10 | $ 5.36 | $ 27.46 |
| 23903 | JOANNE M WEISBAUM | $ 292.00 | $ 70.88 | $ 362.88 |
| 24244 | DR ALTON W LAMONT IRA | $ 70.60 | $ 17.14 | $ 87.74 |
| 24337 | WILLIAM J KIRBY IRRA | $ 803.52 | $ 195.05 | $ 998.57 |
| 24338 | BRIAN S HUCKER | $ 1,146.31 | $ 278.25 | $ 1,424.56 |
| 24341 | PETER BARTOLACCI IRA | $ 807.36 | $ 195.98 | $ 1,003.34 |
| 24376 | EDWARD C DAVISON | $ 25.20 | $ 6.12 | $ 31.32 |
| 24534 | TERRY S HU | $ 21.99 | $ 5.34 | $ 27.33 |
| 25095 | MARION S WYATT | $ 52.00 | $ 12.62 | $ 64.62 |
| 26478 | VENITA B WEBB IRRA | $ 2.99 | $ 0.73 | $ 3.72 |
| 26685 | DAVID & ELIZABETH MCKINNIS | $ 711.12 | $ 172.62 | $ 883.74 |
| 27090 | KEARNEY FAMILY TRUST #7 | $ 3,371.15 | $ 818.31 | $ 4,189.46 |
| 27117 | GERALD S VOTTA IRA | $ 171.87 | $ 41.72 | $ 213.59 |
| 30091 | JOHN L ONG | $ 7,051.00 | $ 1,711.55 | $ 8,762.55 |
| 30206 | JOAQUIN P PUJOL | $ 53.78 | $ 13.05 | $ 66.83 |
| 30376 | THOMAS N BRU | $ 39.61 | $ 9.61 | $ 49.22 |
| 30418 | MRS MARLENE M KEARLEY | $ 353.84 | $ 85.89 | $ 439.73 |
| 30448 | CAROLE & ROBERT DALY CHARITABLE FOUNDATION | $ 6,480.00 | $ 1,572.95 | $ 8,052.95 |
| 30571 | DALE F RIEPEN | $ 252.33 | $ 61.25 | $ 313.58 |
| 31748 | MARJORIE MURI | $ 47.69 | $ 11.58 | $ 59.27 |
| 31943 | JOHN L KEMMERER - THOMPSON | $ 99,180.00 | $ 24,074.86 | $ 123,254.86 |
| 32072 | THE NEW SOLOMON TRUST | $ 78,500.00 | $ 19,055.02 | $ 97,555.02 |
| 33753 | LEGAL & GENERAL ASSURANCE (PENSIONS MANAGEMENT) LTD | $ 2,210.00 | $ 536.45 | $ 2,746.45 |
| 33797 | EUROPEAN INDEX TRUST (U3) | $ 10,530.00 | $ 2,556.04 | $ 13,086.04 |
| 34241 | DAVID W HART | $ 419.30 | $ 101.78 | $ 521.08 |
| 34711 | EUGENE E IDZIAK & PATRICIA A IDZIAK | $ 116.92 | $ 28.38 | $ 145.30 |
| 36803 | THOMAS K CLAWSON TTEE | $ 207.12 | $ 50.28 | $ 257.40 |
| 100024 | ZACCARIA FAM LIV TRUST UNDER TRUST | $ 1,051.20 | $ 255.17 | $ 1,306.37 |
| 100041 | THEODORE G JACKSON | $ 140.75 | $ 34.17 | $ 174.92 |
| 100077 | STEVE FRANK WILLIAMS JR | $ 47.19 | $ 11.45 | $ 58.64 |
| 100094 | WATCO A LIMITED PARTNERSHIP | $ 36.40 | $ 8.84 | $ 45.24 |
| 100105 | WAIT FAMILY TRUST #1 | $ 135.20 | $ 32.82 | $ 168.02 |
| 100107 | WAIT FAMILY TRUST #2 | $ 135.20 | $ 32.82 | $ 168.02 |
| 100119 | LEILA APPLEBAUM | $ 416.00 | $ 100.98 | $ 516.98 |
| 100143 | GEORGE J SELLA JR | $ 2,070.00 | $ 502.47 | $ 2,572.47 |
| 100145 | JEWEL R PALEY | $ 63.96 | $ 15.53 | $ 79.49 |
| 100150 | ELEANER G MILLER | $ 72.80 | $ 17.67 | $ 90.47 |

SA535

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 100152 | EDWARD B BRUNSWICK | $ | 3,869.19 | $ | 939.20 | 4,808.39 |
| 100161 | AMERICAN CANCER SOCIETY, INC | $ | 810.20 | $ | 196.67 | 1,006.87 |
| 100172 | LEO R JALENAK JR MANAGED ACCT | $ | 31.65 | $ | 7.68 | 39.33 |
| 100181 | HENRY RUSSELL FOGLER SEP IRA | $ | 8,550.00 | $ | 2,075.42 | 10,625.42 |
| 100186 | IVESCO VI AMERICAN FRANCHISE FUND | $ | 404.44 | $ | 98.17 | 502.61 |
| 100192 | JAMES CAMILLERI | $ | 648.83 | $ | 157.50 | 806.33 |
| 100199 | H.L GORDON | $ | 465.40 | $ | 112.97 | 578.37 |
| 100212 | MARK & WYNNE-DUBOVOY FAM TRUST CS | $ | 8,280.00 | $ | 2,009.88 | 10,289.88 |
| 100215 | SHELDON F MARKEL MD IRA ROL | $ | 52.00 | $ | 12.62 | 64.62 |
| 100217 | LINDA ROTHMAN LEVINE | $ | 156.00 | $ | 37.87 | 193.87 |
| 100219 | LARI A ATTAI IRA ROLLOVER | $ | 104.00 | $ | 25.24 | 129.24 |
| 100220 | MAILBAG INTERNATIONAL | $ | 104.00 | $ | 25.24 | 129.24 |
| 100224 | JAMES & SUSAN MCWETHY TRUST | $ | 416.00 | $ | 100.98 | 516.98 |
| 100225 | SINCLAIR INVESTMENT CORPORATION | $ | 52.00 | $ | 12.62 | 64.62 |
| 100226 | DANIEL F BECKER | $ | 52.00 | $ | 12.62 | 64.62 |
| 100227 | MOSHUP PARTNERS | $ | 260.00 | $ | 63.11 | 323.11 |
| 100228 | STEVE MORRIS IRA ROLLOVER | $ | 41.60 | $ | 10.10 | 51.70 |
| 100229 | JACOB SHAPIRO FOUNDATION | $ | 52.00 | $ | 12.62 | 64.62 |
| 100230 | EKS INVESTMENTS LP | $ | 104.00 | $ | 25.24 | 129.24 |
| 100231 | ROBERT G ARMBRUSTER & EILEEN M ARMBRUSTER | $ | 52.00 | $ | 12.62 | 64.62 |
| 100232 | CLAUDIA MARKS | $ | 104.00 | $ | 25.24 | 129.24 |
| 100233 | IRWIN BARD REVOCABLE TRUST | $ | 83.20 | $ | 20.20 | 103.40 |
| 100234 | DAVID C LANKARD LIVING TRUST U/A | $ | 208.00 | $ | 50.49 | 258.49 |
| 100235 | TRUST C GST-NON EXEMPT UNDER THE MANGOLD | $ | 312.00 | $ | 75.73 | 387.73 |
| 100236 | ROBERT MODERELLI | $ | 104.00 | $ | 25.24 | 129.24 |
| 100237 | RIVA EICHNER KAHN | $ | 52.00 | $ | 12.62 | 64.62 |
| 100238 | MAROLYN COWART RUSSELL | $ | 126.36 | $ | 30.67 | 157.03 |
| 100239 | UDAY BHATE & PEGGY BHATE | $ | 624.00 | $ | 151.47 | 775.47 |
| 100240 | BRUCE SCHNEIDER | $ | 156.00 | $ | 37.87 | 193.87 |
| 100241 | LUCILLE MASLIN TRUST A/C 1 | $ | 364.00 | $ | 88.36 | 452.36 |
| 100242 | GERALD EICHNER | $ | 104.00 | $ | 25.24 | 129.24 |
| 100243 | MALCOLM HEWITT WIENER FOUNDATION | $ | 156.00 | $ | 37.87 | 193.87 |
| 100244 | SAMUEL PERKINS | $ | 46.80 | $ | 11.36 | 58.16 |
| 100245 | KERANA FOUNDATION | $ | 104.00 | $ | 25.24 | 129.24 |
| 100246 | S RAYMOND RAINKA IRA ROLLOVER | $ | 52.00 | $ | 12.62 | 64.62 |
| 100247 | ROMIE SHAPIRO 1999 TRUST | $ | 26.00 | $ | 6.31 | 32.31 |
| 100248 | RONALD G LINABURG M.D IRA ROLLOVER | $ | 104.00 | $ | 25.24 | 129.24 |
| 100249 | GRACE F HERR TRUST | $ | 83.20 | $ | 20.20 | 103.40 |
| 100250 | MORRIS MD PC RETIREMENT TRUST | $ | 104.00 | $ | 25.24 | 129.24 |
| 100251 | GERSHON PARTNERS | $ | 52.00 | $ | 12.62 | 64.62 |
| 100252 | MURRAY MOSLIN | $ | 62.40 | $ | 15.15 | 77.55 |

SA536

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 100253 | GARET GORDON MD, IRA ROLLOVER | $ 31.20 | $ 7.57 | $ 38.77 |
| 100254 | THE GLADYS MOSLIN REVOCABLE TRUST DTD 12 | $ 156.00 | $ 37.87 | $ 193.87 |
| 100255 | SHAPIRO FAMILY LLC 1 | $ 104.00 | $ 25.24 | $ 129.24 |
| 100256 | ROBERT H SCHNEIDER | $ 104.00 | $ 25.24 | $ 129.24 |
| 100257 | VICTOR & GERALDINE CALEO JTWROS | $ 104.00 | $ 25.24 | $ 129.24 |
| 100258 | RICHARD BOJARDO | $ 104.00 | $ 25.24 | $ 129.24 |
| 100259 | SIDORSKY FAMILY PARTNERS LTD | $ 104.00 | $ 25.24 | $ 129.24 |
| 100260 | MARIA ZODDA | $ 156.00 | $ 37.87 | $ 193.87 |
| 100261 | DE BALMANN FAMILY HOLDINGS, LLP | $ 2,535.90 | $ 615.56 | $ 3,151.46 |
| 100262 | INCO LIMITED PARTNERSHIP | $ 832.00 | $ 201.96 | $ 1,033.96 |
| 100263 | JOANN L LAPPIN IRA | $ 104.00 | $ 25.24 | $ 129.24 |
| 100264 | BARRY BLOOM REVOCABLE TRUST | $ 52.00 | $ 12.62 | $ 64.62 |
| 100265 | CAROL SCHUSTERMAN WILSON TR #2 | $ 31.20 | $ 7.57 | $ 38.77 |
| 100266 | WARNER TRUST | $ 52.00 | $ 12.62 | $ 64.62 |
| 100267 | ROBERT DICKMAN & GENE DICKMAN | $ 104.00 | $ 25.24 | $ 129.24 |
| 100268 | ITT MASTER TRUST | $ 233,288.00 | $ 56,628.11 | $ 289,916.11 |
| 100269 | PATRICIA ANN RENWICK | $ 52.00 | $ 12.62 | $ 64.62 |
| 100270 | LOCAL 55 ISOPGU PENSION FD AND PLAN | $ 1,602.67 | $ 389.03 | $ 1,991.70 |
| 100271 | GEORGE MORRIS IRA | $ 1,048.00 | $ 254.39 | $ 1,302.39 |
| 100272 | DAVIS PARTNERS LP | $ 6,288.00 | $ 1,526.34 | $ 7,814.34 |
| 100273 | EDWARD LAWLER | $ 52.00 | $ 12.62 | $ 64.62 |
| 100274 | DR. GONZALO CHUA IRA ROLLOVER | $ 1,035.00 | $ 251.23 | $ 1,286.23 |
| 100275 | ADELE CALL IRA | $ 52.00 | $ 12.62 | $ 64.62 |
| 100276 | EG-3 LLC | $ 7,753.35 | $ 1,882.04 | $ 9,635.39 |
| 100277 | JOSEPH R GENTILE IRA | $ 62.40 | $ 15.15 | $ 77.55 |
| 100280 | RONALD A SEFF MD PA PROFIT SHARING PLAN | $ 5,298.90 | $ 1,286.25 | $ 6,585.15 |
| 100281 | WHITTIER VALUE FUND A | $ 45,630.00 | $ 11,076.18 | $ 56,706.18 |
| 100285 | JAMES L WADHAMS IRA | $ 20.80 | $ 5.05 | $ 25.85 |
| 100286 | ST. CLAIR SPECIALTY PHYSICIANS PSP | $ 52.00 | $ 12.62 | $ 64.62 |
| 100288 | LARRY SCHWARTZ | $ 104.00 | $ 25.24 | $ 129.24 |
| 100289 | HILAIRE L FERNANDES & SANDRA J FERNANDES | $ 31.20 | $ 7.57 | $ 38.77 |
| 100290 | JOSEPH V VITTORIA IRA | $ 1,084.42 | $ 263.23 | $ 1,347.65 |
| 100291 | MARCIA LANG | $ 62.40 | $ 15.15 | $ 77.55 |
| 100292 | JASON COOK & SONIA COOK JT TEN | $ 104.00 | $ 25.24 | $ 129.24 |
| 100293 | FRANCIS J MASTOCONI IRA ROLLOVER | $ 104.00 | $ 25.24 | $ 129.24 |
| 100294 | LIPTON IRA | $ 52.00 | $ 12.62 | $ 64.62 |
| 100295 | PETER TOWER ASSOCIATES LP | $ 11,520.00 | $ 2,796.35 | $ 14,316.35 |
| 100296 | SIDNEY KIMMEL REV INDENTURE TRUST | $ 390.00 | $ 94.67 | $ 484.67 |
| 100297 | DONNA M OSWALD | $ 10.40 | $ 2.52 | $ 12.92 |
| 100299 | VERIZON 401 K PLAN | $ 233,531.50 | $ 56,687.22 | $ 290,218.72 |
| 100300 | STANTON FRIEDMAN DDS IRA | $ 104.00 | $ 25.24 | $ 129.24 |

**SA537**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 100301 | CORPINA IRA | $ 52.00 | $ 12.62 | $ 64.62 |
| 100302 | DAVID W WALL MD IRA ROLLOVER | $ 83.20 | $ 20.20 | $ 103.40 |
| 100303 | THE VICKERS GROUP II | $ 52.00 | $ 12.62 | $ 64.62 |
| 100304 | GARY ROGERS | $ 31.20 | $ 7.57 | $ 38.77 |
| 100305 | DR HOWARD M BAIM & MARCY S BAIM, JT | $ 52.00 | $ 12.62 | $ 64.62 |
| 100307 | EDWARD DECKER IRA | $ 52.00 | $ 12.62 | $ 64.62 |
| 100311 | MAXINE CASTLE REV TRUST | $ 104.00 | $ 25.24 | $ 129.24 |
| 100312 | RICHARD COPPOLINO | $ 1,515.30 | $ 367.82 | $ 1,883.12 |
| 100313 | CHARLES H DYSON TRUST #2 | $ 1,590.00 | $ 385.96 | $ 1,975.96 |
| 100314 | EDWARD M SOLOMAN MD IRA | $ 2,639.45 | $ 640.70 | $ 3,280.15 |
| 100315 | SEPHORA STEIN TRUST | $ 26.00 | $ 6.31 | $ 32.31 |
| 100316 | JIL LTD | $ 41.60 | $ 10.10 | $ 51.70 |
| 100318 | JOHN MEANS | $ 83.20 | $ 20.20 | $ 103.40 |
| 100319 | KENNETH MOSLIN | $ 20.80 | $ 5.05 | $ 25.85 |
| 100320 | ANTHONY J GIGLIO REV TRUST | $ 52.00 | $ 12.62 | $ 64.62 |
| 100321 | DAVID L BURNS BENE IRA | $ 52.00 | $ 12.62 | $ 64.62 |
| 100338 | RICHARD P JOHNSON | $ 31.20 | $ 7.57 | $ 38.77 |
| 100339 | SLOCUM ORTHOPEDICS P.C. 401K | $ 3,735.00 | $ 906.63 | $ 4,641.63 |
| 100342 | DAVID G. CERCONE IRA | $ 747.00 | $ 181.33 | $ 928.33 |
| 100343 | LOUIS J FOX IRA | $ 104.00 | $ 25.24 | $ 129.24 |
| 100344 | G.W. BLUNT WHITE | $ 156.00 | $ 37.87 | $ 193.87 |
| 100345 | HENRY KWAN | $ 520.00 | $ 126.22 | $ 646.22 |
| 100346 | GENE A FOLDEN TRUST | $ 104.00 | $ 25.24 | $ 129.24 |
| 100347 | ST. VLADIMIR'S ORTHODOX THEOLOG | $ 104.00 | $ 25.24 | $ 129.24 |
| 100348 | DR. EUDORO COELLO IRA | $ 52.00 | $ 12.62 | $ 64.62 |
| 100349 | SONYA H MARSH IRA | $ 104.00 | $ 25.24 | $ 129.24 |
| 100350 | THE ELAINE L SAUL 2012 FAMILY TRUST | $ 1,581.87 | $ 383.98 | $ 1,965.85 |
| 100351 | MICHAEL DESOLA IRA ROLLOVER | $ 41.60 | $ 10.10 | $ 51.70 |
| 100352 | PAUL A BIBLE IRA | $ 83.20 | $ 20.20 | $ 103.40 |
| 100353 | CHARLES AARONSON IRA | $ 104.00 | $ 25.24 | $ 129.24 |
| 100354 | MARY CAJACOB | $ 26.00 | $ 6.31 | $ 32.31 |
| 100355 | MARTHA M JONES IRA | $ 104.00 | $ 25.24 | $ 129.24 |
| 100356 | FRANCIS X SMITH IRA | $ 104.00 | $ 25.24 | $ 129.24 |
| 100357 | DANTE A BRITTIS MD IRA ROLLOVER | $ 83.20 | $ 20.20 | $ 103.40 |
| 100358 | CAMILE C YODER IRA ROLLOVER | $ 52.00 | $ 12.62 | $ 64.62 |
| 100359 | JANE D KELLY | $ 43.68 | $ 10.60 | $ 54.28 |
| 100360 | ALBERT FOUNDOS IRA ROLL | $ 62.40 | $ 15.15 | $ 77.55 |
| 100362 | RICHARD N KLEAVELAND MD IRA ROLLO | $ 83.20 | $ 20.20 | $ 103.40 |
| 100363 | S & A DUPLANTIER TRUST | $ 31.20 | $ 7.57 | $ 38.77 |
| 100364 | MICHAEL DESOLA | $ 83.20 | $ 20.20 | $ 103.40 |
| 100367 | IOLANI COMBINED INVESTMENT FUND | $ 520.00 | $ 126.22 | $ 646.22 |

**SA538**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 100370 | JANE E. KAMMERER REV. TRUST | $ 5,170.00 | $ 1,254.96 | $ 6,424.96 |
| 100373 | CHARLES H DYSON TRUST #2 | $ 1,590.00 | $ 385.96 | $ 1,975.96 |
| 100380 | E. L. WIEGAND FOUNDATION | $ 30,037.85 | $ 7,291.36 | $ 37,329.21 |
| 100381 | LUCILLE MASLIN TRUST - CLUT | $ 5,300.00 | $ 1,286.52 | $ 6,586.52 |
| 100383 | JANE S IRBY IRA (JPL) | $ 34.58 | $ 8.39 | $ 42.97 |
| 100384 | DR. SHELDON EISENBERG | $ 52.00 | $ 12.62 | $ 64.62 |
| 100386 | AUDREY WAGNER | $ 41.60 | $ 10.10 | $ 51.70 |
| 100388 | JANE HIRSHFIELD | $ 52.00 | $ 12.62 | $ 64.62 |
| 100390 | RAYMOND AND CAROL RASA JTWROS | $ 52.00 | $ 12.62 | $ 64.62 |
| 100391 | FLEMING INVESTMENTS, LLC | $ 156.00 | $ 37.87 | $ 193.87 |
| 100392 | RAYMOND E. ROGERS | $ 104.00 | $ 25.24 | $ 129.24 |
| 100394 | GORDON INVESTORS GROUP | $ 104.00 | $ 25.24 | $ 129.24 |
| 100395 | SIRI A. KERR | $ 52.00 | $ 12.62 | $ 64.62 |
| 100396 | ROBERT MAILHOUSE | $ 104.00 | $ 25.24 | $ 129.24 |
| 100397 | GREEN FINANCIAL GROUP LLC | $ 62.40 | $ 15.15 | $ 77.55 |
| 100399 | JOSEPH LIMITED PARTNERSHIP LLLP | $ 156.00 | $ 37.87 | $ 193.87 |
| 100401 | VERIZON CORP PENSION PLAN | $ 465,810.50 | $ 113,070.41 | $ 578,880.91 |
| 100402 | NICOLE LESTER | $ 41.60 | $ 10.10 | $ 51.70 |
| 100403 | WILLIAM P DEEGAN IRA ROLLOVER | $ 1,048.00 | $ 254.39 | $ 1,302.39 |
| 100407 | JEWISH COMMUNAL FUND II | $ 104.00 | $ 25.24 | $ 129.24 |
| 100408 | GROWTH COMBINED RETIREMENT PARTNERS | $ 312.00 | $ 75.73 | $ 387.73 |
| 100409 | ROSENTHAL & ROSENTHAL, INC EMPLOYEES | $ 104.00 | $ 25.24 | $ 129.24 |
| 100410 | BELL INTEREST, LP | $ 312.00 | $ 75.73 | $ 387.73 |
| 100413 | MR ROBERT C EBERLE MD IRA | $ 130.00 | $ 31.56 | $ 161.56 |
| 100414 | JOHN A ANDERSON REV LIV TRUST | $ 104.00 | $ 25.24 | $ 129.24 |
| 100415 | ROBERT & ROBERTA NIXON JTWROS | $ 104.00 | $ 25.24 | $ 129.24 |
| 100416 | LINDA ALISIO | $ 104.00 | $ 25.24 | $ 129.24 |
| 100417 | RAYMOND & GRACE ROGERS JTWROS | $ 104.00 | $ 25.24 | $ 129.24 |
| 100424 | SAONE LLC | $ 104.00 | $ 25.24 | $ 129.24 |
| 100429 | ASSOCIATED ALLERGISTS PROFIT SHARING PLAN | $ 2,119.56 | $ 514.50 | $ 2,634.06 |
| 100433 | BLUE STAR WEBBING INC PSP | $ 1,581.87 | $ 383.98 | $ 1,965.85 |
| 100438 | GAIL C SCHLANG | $ 2,096.00 | $ 508.78 | $ 2,604.78 |
| 100442 | JOHN MCCARTHY IRA ROLLOVER | $ 156.00 | $ 37.87 | $ 193.87 |
| 100444 | LYNN WOLFSON | $ 3,882.00 | $ 942.31 | $ 4,824.31 |
| 100446 | DR CHARLES HOHING IRA | $ 52.00 | $ 12.62 | $ 64.62 |
| 100448 | DAVID S PACHTER | $ 31.20 | $ 7.57 | $ 38.77 |
| 100449 | NANCE L BRITTIS MD IRA ROLLOVER | $ 31.20 | $ 7.57 | $ 38.77 |
| 100450 | AFFE FAMILY PARTNERSHIP | $ 1,087.00 | $ 263.86 | $ 1,350.86 |
| 100452 | RICHARD C BROCKWAY IRA | $ 31.20 | $ 7.57 | $ 38.77 |
| 100454 | CFP TRUST | $ 312.00 | $ 75.73 | $ 387.73 |
| 100455 | R C DIOCESE OF BROOKLYN LAY PENSION PLAN | $ 35,870.00 | $ 8,707.05 | $ 44,577.05 |

**SA539**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 100459 | THE HALL-PERRINE FOUNDATION | $ 8,800.00 | $ 2,136.10 | $ 10,936.10 |
| 100460 | BONNIE GEHL IRA | $ 2,093.56 | $ 508.19 | $ 2,601.75 |
| 100462 | UNIVERSITY OF MISSOURI RETIREMENT PLAN | $ 4,940.00 | $ 1,199.13 | $ 6,139.13 |
| 100464 | JOEL LUTZ IRA | $ 52.00 | $ 12.62 | $ 64.62 |
| 100466 | PETER EISENBERG | $ 26.00 | $ 6.31 | $ 32.31 |
| 100467 | DR JAY C TONNE IRA ROLLOVER | $ 31.20 | $ 7.57 | $ 38.77 |
| 100468 | ALBERT J PASCALE MD IRA ROLLOV | $ 104.00 | $ 25.24 | $ 129.24 |
| 100469 | EISENBERG GENERATION SKIPPING TRUST | $ 104.00 | $ 25.24 | $ 129.24 |
| 100470 | ZAHAVIT PAZ | $ 52.00 | $ 12.62 | $ 64.62 |
| 100471 | ROBERT C EBERLE MD & WANDA EBERLE JT | $ 72.80 | $ 17.67 | $ 90.47 |
| 100474 | DR DAVID LAWRENCE | $ 31.20 | $ 7.57 | $ 38.77 |
| 100475 | TERMINAL CONSTRUCTION CORP SAL | $ 104.00 | $ 25.24 | $ 129.24 |
| 100476 | FELDMAN INVESTMENT LP | $ 104.00 | $ 25.24 | $ 129.24 |
| 100477 | CHARLES R SVOBODA IRA | $ 104.00 | $ 25.24 | $ 129.24 |
| 100478 | PATRICIA B SUSSMAN SEPERATE PROPERTY | $ 52.00 | $ 12.62 | $ 64.62 |
| 100479 | GERALD M BEDRIN TRUST | $ 52.00 | $ 12.62 | $ 64.62 |
| 100480 | HERBERT S GOLOMB MD IRA | $ 239.20 | $ 58.06 | $ 297.26 |
| 100481 | MARIA SPINAK MD IRA ROLLOVER | $ 52.00 | $ 12.62 | $ 64.62 |
| 100482 | DAVID L LAWRENCE MD IRA | $ 104.00 | $ 25.24 | $ 129.24 |
| 100483 | DAVID REISSMAN MD PA PSP | $ 1,035.00 | $ 251.23 | $ 1,286.23 |
| 100484 | JERROLD SALMANSON | $ 31.20 | $ 7.57 | $ 38.77 |
| 100485 | RICHARD PAGE | $ 36.40 | $ 8.84 | $ 45.24 |
| 100486 | CHARLES SALMANSON | $ 312.00 | $ 75.73 | $ 387.73 |
| 100487 | HAGERSTOWN SURGICAL CLINIC PSP | $ 124.80 | $ 30.29 | $ 155.09 |
| 100489 | JOAN SCHWARZ & ELIZABETH HAYDEN JTWROS | $ 62.40 | $ 15.15 | $ 77.55 |
| 100490 | ROBINWOOD ORTHOPEDIC SPECIALISTS | $ 520.00 | $ 126.22 | $ 646.22 |
| 100491 | DIANE VICKERS | $ 31.20 | $ 7.57 | $ 38.77 |
| 100492 | AMERICAN FRIENDS OF ISRAEL MUSE | $ 3,735.00 | $ 906.63 | $ 4,641.63 |
| 100494 | ROY H RATZMANN | $ 20.17 | $ 4.90 | $ 25.07 |
| 100495 | ROBERT J ROSENTHAL IRA R/O | $ 52.00 | $ 12.62 | $ 64.62 |
| 100496 | DIANE M SALMANSON Q-TIP TRUST | $ 41.60 | $ 10.10 | $ 51.70 |
| 100499 | THOMAS S PERAKOS | $ 38,650.00 | $ 9,381.87 | $ 48,031.87 |
| 100501 | DEAN & MARGARET LESHER FOUNDATION | $ 2,070.00 | $ 502.47 | $ 2,572.47 |
| 100502 | ORESTES MIHALY IRA | $ 1,515.30 | $ 367.82 | $ 1,883.12 |
| 100503 | FRANK FAHRENKOPF IRA | $ 1,245.00 | $ 302.21 | $ 1,547.21 |
| 100504 | ABRAHAM MING HON CHAN | $ 1,035.00 | $ 251.23 | $ 1,286.23 |
| 100506 | HERMAN C MAGANZIUI MD IRA R/O | $ 2,119.56 | $ 514.50 | $ 2,634.06 |
| 100507 | STEPHEN & BONNIE HOLMES | $ 1,533.30 | $ 372.19 | $ 1,905.49 |
| 100510 | ROBERT J BRITTIS IRA ROLLOVER | $ 52.00 | $ 12.62 | $ 64.62 |
| 100517 | STANLEY MOSER IRA ROLLOVER | $ 20.80 | $ 5.05 | $ 25.85 |
| 100520 | DAVID BECKER TESTAMENTARY TRUST | $ 65.00 | $ 15.78 | $ 80.78 |

**SA540**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 100521 | MURIEL MARASH IRA | $ 2,070.00 | $ 502.47 | $ 2,572.47 |
| 100522 | SARAH GOLDIE SUSMAN IRA ROLLOVER | $ 72.80 | $ 17.67 | $ 90.47 |
| 100523 | CORBIN A MCNEILL JR REVOCABLE TRUST | $ 2,070.00 | $ 502.47 | $ 2,572.47 |
| 100524 | SWEDISH MATCH MASTER TRUST | $ 40,973.40 | $ 9,945.85 | $ 50,919.25 |
| 100525 | WHITTIER EQUITIES IV TAXABLE | $ 16,890.00 | $ 4,099.86 | $ 20,989.86 |
| 100526 | LEONARD FRANCIS IRA R/O | $ 2,490.00 | $ 604.42 | $ 3,094.42 |
| 100527 | ISRAELSON FAMILY FOUNDATION | $ 104.00 | $ 25.24 | $ 129.24 |
| 100534 | CO-OPERATIVE INSURANCE SOCIETY LTD | $ 36,192.00 | $ 8,785.21 | $ 44,977.21 |
| 100544 | DR ONKAR S NARULA IRA R/O | $ 156.00 | $ 37.87 | $ 193.87 |
| 100546 | BIKINI CLAIMS TRUST | $ 312.00 | $ 75.73 | $ 387.73 |
| 100547 | DONALD SALMANSON | $ 520.00 | $ 126.22 | $ 646.22 |
| 100582 | MOLLIE G SMITH | $ 83.20 | $ 20.20 | $ 103.40 |
| 100587 | MARTHA R ROBINSON REV TR | $ 82,800.00 | $ 20,098.79 | $ 102,898.79 |
| 100588 | J R HYDE FOUNDATION INC-AGENCY | $ 64,740.00 | $ 15,714.93 | $ 80,454.93 |
| 100594 | WILLIAM W JAMES REV TRUST | $ 292.00 | $ 70.88 | $ 362.88 |
| 100607 | JEFFREY S COLLINS & MARY L COLLINS JT TEN | $ 1.56 | $ 0.38 | $ 1.94 |
| 100613 | SARAH BERNS | $ 33.80 | $ 8.20 | $ 42.00 |
| 100614 | ANDREW BERNS | $ 33.80 | $ 8.20 | $ 42.00 |
| 100615 | ADAM C. B. PARRISH | $ 33.80 | $ 8.20 | $ 42.00 |
| 100616 | REBECCA PARRISH | $ 33.80 | $ 8.20 | $ 42.00 |
| 100618 | DAVID DONIGER | $ 84.50 | $ 20.51 | $ 105.01 |
| 100619 | PATRICIA D GOLDMAN | $ 42.90 | $ 10.41 | $ 53.31 |
| 100620 | DEBORAH GOLDMAN | $ 44.20 | $ 10.73 | $ 54.93 |
| 100621 | BEATRICE B DONIGER 1992 GRANDCHILDREN'S TRUST | $ 748.80 | $ 181.76 | $ 930.56 |
| 100622 | BRUCE DONIGER | $ 424.32 | $ 103.00 | $ 527.32 |
| 100623 | MICHAEL L DONIGER | $ 67.86 | $ 16.47 | $ 84.33 |
| 100624 | ANDREW GOLDMAN | $ 62.40 | $ 15.15 | $ 77.55 |
| 100626 | JAMES BERNS ACF KIMBERLY BERNS | $ 13.00 | $ 3.16 | $ 16.16 |
| 100627 | DAVID BERNS | $ 33.80 | $ 8.20 | $ 42.00 |
| 100628 | ESTATE OF BEATRICE B DONIGER | $ 21,787.35 | $ 5,288.64 | $ 27,075.99 |
| 100633 | AFPC DIVERSIFIED PARTNERS LP | $ 416.00 | $ 100.98 | $ 516.98 |
| 100637 | JOSEPH VINCENT JENDRASIAK | $ 40.66 | $ 9.87 | $ 50.53 |
| 100644 | DR. MICHAEL FOZO IRA R/O | $ 740.28 | $ 179.69 | $ 919.97 |
| 100645 | BENJAMIN WHITE | $ 31.20 | $ 7.57 | $ 38.77 |
| 100646 | FRED & EDITH HOROWITZ JTWROS | $ 156.00 | $ 37.87 | $ 193.87 |
| 100647 | MICHAEL KOENEKE | $ 1,533.30 | $ 372.19 | $ 1,905.49 |
| 100648 | VINCENT D. VISCEGLIA GRANTOR TRUST | $ 2,119.56 | $ 514.50 | $ 2,634.06 |
| 100653 | SATOSHI K KOJIMA | $ 74.90 | $ 18.18 | $ 93.08 |
| 100654 | ROLAND F HARTMAN IRA R/O | $ 1,245.00 | $ 302.21 | $ 1,547.21 |
| 1000081 | MICHAEL M ESSMYER IRA | $ 1,282.50 | $ 311.31 | $ 1,593.81 |
| 1000101 | GUSTANE RICHARD JOHNSON IRA | $ 101.50 | $ 24.64 | $ 126.14 |

| Claim Number | Name | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1000309 | JOHN DAVID CONKLIN | $ 2.28 | $ 0.55 | $ 2.83 |
| 1000317 | MATTHEW CZYSZCZON & JENNIFER CZYSZCZON JT TEN | $ 2.93 | $ 0.71 | $ 3.64 |
| 1000321 | MAX W. DAY & FRANCES L DAY JT TEN | $ 2.60 | $ 0.63 | $ 3.23 |
| 1000526 | SUSAN T ROBINSON REV TRUST | $ 99.02 | $ 24.04 | $ 123.06 |
| 1000534 | LINDA GALE SAMPSON 1993 TRUST | $ 872.65 | $ 211.83 | $ 1,084.48 |
| 1000909 | SUSAN THOMAS ROBINSON IRA | $ 0.12 | $ 0.03 | $ 0.15 |
| 1002023 | PIERPONT MORGAN LIBRARY | $ 21,000.00 | $ 5,097.52 | $ 26,097.52 |
| 1002648 | ROBIN LEE LOWENTHAL ROTH IRA | $ 2.60 | $ 0.63 | $ 3.23 |
| 1002705 | ELIAHOU HASSON | $ 3,925.00 | $ 952.75 | $ 4,877.75 |
| 1002733 | MRS JENNIFER GRUENBERG | $ 31.20 | $ 7.57 | $ 38.77 |
| 1002751 | ALLISON E BROKAW | $ 31.20 | $ 7.57 | $ 38.77 |
| 1002791 | GERALD A YELLIN IRA | $ 804.64 | $ 195.32 | $ 999.96 |
| 1002794 | ROBERT A DALY | $ 0.39 | $ 0.09 | $ 0.48 |
| 1002820 | HOWARD B LEIBOWITZ ROTH IRA | $ 1,040.00 | $ 252.45 | $ 1,292.45 |
| 1002834 | ALPINE PARTNERS L P | $ 13,104.00 | $ 3,180.85 | $ 16,284.85 |
| 1003222 | JOHN S DEC & LAURA DEC  JTWROS | $ 1.30 | $ 0.32 | $ 1.62 |
| 1003616 | DEBORAH L BRICE #3 | $ 1,795.00 | $ 435.72 | $ 2,230.72 |
| 1003628 | WILLIS M GALLANAITIS & EVELYN F GALLANAITIS JTWROS | $ 31.20 | $ 7.57 | $ 38.77 |
| 1003645 | LEWIS B TEXEIRA | $ 3,570.00 | $ 866.58 | $ 4,436.58 |
| 1003686 | MADELINE SCHORSCH | $ 39.00 | $ 9.47 | $ 48.47 |
| 1004005 | LINDA DIANE FINKELSTEIN | $ 31.20 | $ 7.57 | $ 38.77 |
| 1004348 | BENJAMIN D STARK 1988 TRUST | $ 6,125.60 | $ 1,486.92 | $ 7,612.52 |
| 1004356 | CAROL J HOLDEN | $ 31.20 | $ 7.57 | $ 38.77 |
| 1004614 | MRS LOUISE TOLLIVER DEUTSCHMAN | $ 51.50 | $ 12.50 | $ 64.00 |
| 1004663 | LEE R WAITE AND LESLIE I ALBERTI JTWROS | $ 113.30 | $ 27.50 | $ 140.80 |
| 1005189 | STEVENS BROTHERS PARTNERSHIP | $ 300.15 | $ 72.86 | $ 373.01 |
| 1005246 | G DOUGLAS PAIGE | $ 342.00 | $ 83.02 | $ 425.02 |
| 1005449 | CITY OF MIDLAND ACT 345 POLICE & FIRE RETIREMENT PLAN | $ 21,451.95 | $ 5,207.23 | $ 26,659.18 |
| 1005685 | ROBERT ADGATE CONGDON | $ 420.00 | $ 101.95 | $ 521.95 |
| 1005703 | WENDYN RICHARDS HITCH | $ 871.35 | $ 211.51 | $ 1,082.86 |
| 1006004 | LEMEROND REV TRUST | $ 185.48 | $ 45.02 | $ 230.50 |
| 1006017 | JEREMY R GREEN MD IRA | $ 29.37 | $ 7.13 | $ 36.50 |
| 1006269 | HENRY BOECKMANN JR | $ 104.14 | $ 25.28 | $ 129.42 |
| 1006693 | DAVID NAGJI | $ 103.00 | $ 25.00 | $ 128.00 |
| 1006840 | MR LEONARD M BUCHEN | $ 18.79 | $ 4.56 | $ 23.35 |
| 1006924 | WILLIAM M SHUSDA AND SANDRA L SHUSDA JTWROS | $ 155.51 | $ 37.75 | $ 193.26 |
| 1007315 | KENT W HEMPHILL IRA | $ 251.00 | $ 60.93 | $ 311.93 |
| 1007918 | MERLE EVANS IRA | $ 509.04 | $ 123.56 | $ 632.60 |
| 1008132 | ANN C CARADONNA | $ 785.00 | $ 190.55 | $ 975.55 |
| 1008154 | JOEL O WOOTEN | $ 6,225.00 | $ 1,511.05 | $ 7,736.05 |
| 1008251 | DARREL D & PHYLLIS W DILLOW REVOCABLE LIVING TR | $ 3,634.00 | $ 882.11 | $ 4,516.11 |

**SA542**

| Claim Number | | Calculated Damages | Prejudgment Interest | | Total |
|---|---|---|---|---|---|
| 1008547 | NANCY HAPKE | $ 1,710.00 | $ 415.08 | $ | 2,125.08 |
| 1009612 | MARILYN ROTHBERG | $ 1,000.00 | $ 242.74 | $ | 1,242.74 |
| 1009619 | ROBERT P FRANCO AND MARGARET FRANCO JTWROS | $ 27.74 | $ 6.73 | $ | 34.47 |
| 1009620 | WILLIAM G SCHANCK JR | $ 5.72 | $ 1.39 | $ | 7.11 |
| 1009733 | JAMES S. SAGNER | $ 1,030.00 | $ 250.02 | $ | 1,280.02 |
| 1009927 | MICHAEL NOVARESE LIVING TRUST | $ 2,070.00 | $ 502.47 | $ | 2,572.47 |
| 1010114 | TEAMSTERS LOCAL NO 815 (K/K/A 210) GENERAL FUND | $ 397.20 | $ 96.42 | $ | 493.62 |
| 1010299 | JOHN S PITZER REV TRUST | $ 138.16 | $ 33.54 | $ | 171.70 |
| 1010304 | THE STEIN FAMILY TRUST | $ 49.44 | $ 12.00 | $ | 61.44 |
| 1010353 | CURTIS & JUDY WOZNIAK TRUST | $ 17.23 | $ 4.18 | $ | 21.41 |
| 1010417 | PRATT FAMILY TRUST | $ 730.00 | $ 177.20 | $ | 907.20 |
| 1010458 | LEONARD MEUTI AND BEVERLY MEUTI JTWROS | $ 219.00 | $ 53.16 | $ | 272.16 |
| 1010596 | ALAN COHEN & VIVIAN COHEN TRUST | $ 4,140.00 | $ 1,004.94 | $ | 5,144.94 |
| 1010663 | TERRY L VOGL & JANE E SALTZMAN FAMILY TRUST | $ 511.00 | $ 124.04 | $ | 635.04 |
| 1010681 | STUART M NIERENBERG | $ 219.00 | $ 53.16 | $ | 272.16 |
| 1010752 | MARY ANN VAN DEN BERG AND FREDERICK P HAEFLEIN JTWROS | $ 219.00 | $ 53.16 | $ | 272.16 |
| 1010816 | FAMILY TRUST EXEMPT UWO JANE ZOBRIST | $ 146.00 | $ 35.44 | $ | 181.44 |
| 1010831 | RHONDA JOAN BLYN | $ 584.00 | $ 141.76 | $ | 725.76 |
| 1010841 | MARTHA C HANER TAYLOR TRUST | $ 292.00 | $ 70.88 | $ | 362.88 |
| 1010928 | ALICE G HIXON | $ 146.00 | $ 35.44 | $ | 181.44 |
| 1010974 | DOUGLAS M CASE TRUST | $ 292.00 | $ 70.88 | $ | 362.88 |
| 1010997 | ROLF H HORN REV TRUST | $ 219.00 | $ 53.16 | $ | 272.16 |
| 1011086 | CRESCENT VENTURES LLC | $ 21.00 | $ 5.10 | $ | 26.10 |
| 1011149 | DONALD R PUDDY FAMILY TR | $ 203.25 | $ 49.34 | $ | 252.59 |
| 1011165 | SALLY B MILLER REV TRUST | $ 486.00 | $ 117.97 | $ | 603.97 |
| 1011203 | WARREN & MARTHA TRAGER TRUST | $ 219.00 | $ 53.16 | $ | 272.16 |
| 1011279 | KRUG FAMILY TRUST | $ 219.00 | $ 53.16 | $ | 272.16 |
| 1011299 | CHRISTOPHER T BELL | $ 292.00 | $ 70.88 | $ | 362.88 |
| 1011306 | WEBER LIVING TRUST | $ 73.00 | $ 17.72 | $ | 90.72 |
| 1011379 | MANNING E CASE 2000 FAMILY TRUST | $ 146.00 | $ 35.44 | $ | 181.44 |
| 1011380 | THOMAS WILLIAM STEINBURN | $ 292.00 | $ 70.88 | $ | 362.88 |
| 1011489 | KAREN M DEMPSEY LIV TRUST | $ 219.00 | $ 53.16 | $ | 272.16 |
| 1011596 | JOHN GORDON BENNETT IRA | $ 17.00 | $ 4.13 | $ | 21.13 |
| 1012125 | HERB FAM 1998 GIFT TR LAZARD CUST | $ 1,595.00 | $ 387.17 | $ | 1,982.17 |
| 1012290 | TOM G. BELL | $ 317.24 | $ 77.01 | $ | 394.25 |
| 1012321 | JOYCE I STALEY | $ 79.75 | $ 19.36 | $ | 99.11 |
| 1012323 | GLENN L BOWER | $ 10.36 | $ 2.51 | $ | 12.87 |
| 1012527 | NOORJAHAN JEEVAN TRUST | $ 27.30 | $ 6.63 | $ | 33.93 |
| 1012745 | LEONARD J. SZCZEPANSKI IRA | $ 18.20 | $ 4.42 | $ | 22.62 |
| 1012746 | ELIZABETH A. PALMIERI IRA | $ 14.30 | $ 3.47 | $ | 17.77 |
| 1012777 | YUNG WONG | $ 15,700.00 | $ 3,811.00 | $ | 19,511.00 |

**SA543**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1012844 | ROBERT JOSEPH KELLEY IRA | $ 3,925.00 | $ 952.75 | $ 4,877.75 |
| 1016294 | JOHN G GERDENER | $ 18.55 | $ 4.50 | $ 23.05 |
| 1016485 | COOKE LIVING TRUST | $ 1,710.00 | $ 415.08 | $ 2,125.08 |
| 1016533 | BARBARA PERSCHETZ REV TRUST | $ 26.00 | $ 6.31 | $ 32.31 |
| 1016543 | MARTIN P MAKOHUS | $ 2.60 | $ 0.63 | $ 3.23 |
| 1016763 | JERRY D FLANDERS IRA | $ 20.80 | $ 5.05 | $ 25.85 |
| 1016802 | DENNIS C COLE & ELIZABETH S COLE COMM/PROP | $ 454.50 | $ 110.32 | $ 564.82 |
| 1016848 | BILL R SCHARWATT DMD PC MPP & PC (KAY) | $ 96.30 | $ 23.38 | $ 119.68 |
| 1017172 | ZM SUZANNA NADLER 401K | $ 51.50 | $ 12.50 | $ 64.00 |
| 1017654 | DONALD D ROBINSON | $ 94.43 | $ 22.92 | $ 117.35 |
| 1017778 | EDWARD F FISSEL AND FRANCES I FISSEL JT TEN | $ 1,744.00 | $ 423.34 | $ 2,167.34 |
| 1017825 | JAIME LYNNE RANDALL JTWROS | $ 2,331.00 | $ 565.82 | $ 2,896.82 |
| 1017872 | ERNEST F MATYI LZD | $ 87.00 | $ 21.12 | $ 108.12 |
| 1018502 | ROGO FAMILY TRUST | $ 1,000.00 | $ 242.74 | $ 1,242.74 |
| 1018506 | JACOB W HUGHES & CAROL K THOMAS JTWROS | $ 74.90 | $ 18.18 | $ 93.08 |
| 1018975 | ALLAN JAMES PINKELMAN | $ 157.00 | $ 38.11 | $ 195.11 |
| 1019102 | ARNOLD Z HART | $ 1,570.00 | $ 381.10 | $ 1,951.10 |
| 1019468 | CHARLES L KEITH & ELISE M KEITH JT TEN | $ 1,710.00 | $ 415.08 | $ 2,125.08 |
| 1020861 | RADIOLOGY GROUP PA PSP | $ 41.20 | $ 10.00 | $ 51.20 |
| 1021508 | SHARON L MICHAELS | $ 48.92 | $ 11.87 | $ 60.79 |
| 1022231 | WOJCIECH A KUCZAJ | $ 222.00 | $ 53.89 | $ 275.89 |
| 1022262 | 5 B MANAGEMENT LP | $ 7,300.00 | $ 1,772.00 | $ 9,072.00 |
| 1022356 | ALAN LUCKEN | $ 146.00 | $ 35.44 | $ 181.44 |
| 1022367 | ALBERT E WINGERT & CATHY A WINGERT | $ 2,490.00 | $ 604.42 | $ 3,094.42 |
| 1022470 | ANDREW JAMES RICH | $ 8,550.00 | $ 2,075.42 | $ 10,625.42 |
| 1022544 | ANTHONY G LAMPARIELLO & SUSAN M OROS JT TEN | $ 219.00 | $ 53.16 | $ 272.16 |
| 1022662 | WILLIAM W WATKINS | $ 219.00 | $ 53.16 | $ 272.16 |
| 1022706 | MASON FAMILY TRUST | $ 438.00 | $ 106.32 | $ 544.32 |
| 1022740 | CECIL RICHARD HERRELL | $ 41.20 | $ 10.00 | $ 51.20 |
| 1022781 | CHARLES F MENGES & GAY F MENGES JT TEN | $ 146.00 | $ 35.44 | $ 181.44 |
| 1023006 | BERNARD DOW YOMTOV IRA ROLLOVER | $ 214.00 | $ 51.95 | $ 265.95 |
| 1023047 | BEVERLY J SEIFERT TRUST | $ 82.00 | $ 19.90 | $ 101.90 |
| 1023054 | BILL SHANHOUSE & | $ 400.07 | $ 97.11 | $ 497.18 |
| 1023271 | CRAIG A NORMAN & KRISTIN K NORMAN | $ 1,168.00 | $ 283.52 | $ 1,451.52 |
| 1023342 | BRIAN MALLONEE & ELSIE R MALLONEE JT TEN | $ 292.00 | $ 70.88 | $ 362.88 |
| 1023352 | BRIGITTE A SAYLOR | $ 3,481.00 | $ 844.97 | $ 4,325.97 |
| 1023371 | BRUCE L BRACKETT & VIRGINIA BRACKETT | $ 292.00 | $ 70.88 | $ 362.88 |
| 1023474 | WILSON LIVING TRUST | $ 219.00 | $ 53.16 | $ 272.16 |
| 1023613 | EAGLE CREEK OF OHIO LTD LLC | $ 219.00 | $ 53.16 | $ 272.16 |
| 1023641 | DANIEL REUBEN JENSEN #1 | $ 3,925.00 | $ 952.75 | $ 4,877.75 |
| 1023656 | DENNIS B & PAULA J MESSENGER LIVING TRUST | $ 1,022.00 | $ 248.08 | $ 1,270.08 |

**SA544**

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 1023680 | DONALD E & ANNE W VERMEIL REV TRUST | $ | 1,064.00 | $ | 258.27 | $ | 1,322.27 |
| 1023697 | DALE L THOMAS & JO ANN THOMAS JT TEN | $ | 3,925.00 | $ | 952.75 | $ | 4,877.75 |
| 1023735 | DANIEL REUBEN JENSEN #2 | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1023782 | DAVID CLARK GOLDEN | $ | 414.25 | $ | 100.55 | $ | 514.80 |
| 1023806 | DAVID GREGORY VOLZ | $ | 197.88 | $ | 48.03 | $ | 245.91 |
| 1023947 | CHARLES R WILLIAMS & MARY WILLIAMS | $ | 292.00 | $ | 70.88 | $ | 362.88 |
| 1023981 | MATADOR PARTNERS LP | $ | 4,225.00 | $ | 1,025.57 | $ | 5,250.57 |
| 1024024 | ELIZABETH GREEN | $ | 365.00 | $ | 88.60 | $ | 453.60 |
| 1024038 | ELKTON EARL HARRINGTON & TAMARA S HARRINGTON | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1024070 | ENO A & LILLIAN Y SCHMIDT FAMILY INVESTMENTS PARTNERSHIP | $ | 365.00 | $ | 88.60 | $ | 453.60 |
| 1024386 | DORIS C LINDBERGH IRA | $ | 4,275.00 | $ | 1,037.71 | $ | 5,312.71 |
| 1024488 | HELEN B BURCH REVOCABLE TRUST | $ | 438.00 | $ | 106.32 | $ | 544.32 |
| 1024526 | ARENTOWICZ-NICHOLS REV LIVING TRUST | $ | 233.60 | $ | 56.70 | $ | 290.30 |
| 1024539 | FRANK HUGH HOLMES #1 | $ | 1,737.40 | $ | 421.73 | $ | 2,159.13 |
| 1024540 | FRANK HUGH HOLMES #2 | $ | 1,727.00 | $ | 419.21 | $ | 2,146.21 |
| 1024544 | FRANK MURPHY PENSION TRUST | $ | 761.25 | $ | 184.79 | $ | 946.04 |
| 1024545 | FRANK JAY SPILLMAN | $ | 855.00 | $ | 207.54 | $ | 1,062.54 |
| 1024653 | SHUBIN FAMILY TRUST | $ | 79.92 | $ | 19.40 | $ | 99.32 |
| 1024678 | GAREY MARQUIN REEVES & JANICE MARIE REEVES JT TEN | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1024700 | GARY L HEIMAN & KIM M HEIMAN | $ | 660.50 | $ | 160.33 | $ | 820.83 |
| 1024840 | EDWARD F LABUDA & GAYLE G LABUDA | $ | 1,341.36 | $ | 325.60 | $ | 1,666.96 |
| 1024853 | EDWARD J O'BRIEN & PATRICIA J O'BRIEN JT TEN | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1024899 | IKE K EIKELBERNER & LORA GAIL EIKELBERNER | $ | 166.50 | $ | 40.42 | $ | 206.92 |
| 1025219 | GREGORY W ALTSCHUH | $ | 855.00 | $ | 207.54 | $ | 1,062.54 |
| 1025321 | JOHN F CREA | $ | 408.80 | $ | 99.23 | $ | 508.03 |
| 1025334 | JOHN GAYLORD BAKER | $ | 17,100.00 | $ | 4,150.84 | $ | 21,250.84 |
| 1025341 | JOHN H LEFEVRE | $ | 366.00 | $ | 88.84 | $ | 454.84 |
| 1025363 | JOHN J PETRILLO & JACQUELINE B PETRILLO | $ | 265.25 | $ | 64.39 | $ | 329.64 |
| 1025364 | JOHN J PUNTURIERI REVOCABLE TR | $ | 333.00 | $ | 80.83 | $ | 413.83 |
| 1025451 | JAMES D DOUGLAS & LINDA J DOUGLAS JT TEN | $ | 236.44 | $ | 57.39 | $ | 293.83 |
| 1025456 | JAMES D STRATTE | $ | 648.00 | $ | 157.29 | $ | 805.29 |
| 1025574 | JAMES R MEIER & PENELOPE MEIER | $ | 1,168.00 | $ | 283.52 | $ | 1,451.52 |
| 1025782 | JON B VOLOVICK O D | $ | 2,565.35 | $ | 622.71 | $ | 3,188.06 |
| 1025832 | JOSEPH E STASZAK | $ | 146.00 | $ | 35.44 | $ | 181.44 |
| 1026501 | K PARVATHANENI MDSC PS PLAN | $ | 2,019.36 | $ | 490.18 | $ | 2,509.54 |
| 1026735 | MARIA TERESA CLABOTS | $ | 927.50 | $ | 225.14 | $ | 1,152.64 |
| 1026741 | MARIANNE LEBLANC DAVID | $ | 1,168.91 | $ | 283.74 | $ | 1,452.65 |
| 1026770 | MARJORIE PARRIS STRAW | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1026890 | MARY JANE CREA | $ | 584.00 | $ | 141.76 | $ | 725.76 |
| 1026921 | LAURENCE S CORDREY REVOCABLE TRUST | $ | 292.00 | $ | 70.88 | $ | 362.88 |
| 1026930 | LAWRENCE ANDREW LARSON IRA | $ | 1.30 | $ | 0.32 | $ | 1.62 |

**SA545**

| Claim Number | Name | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1026984 | LEONARD B FEILER | $ 937.50 | $ 227.57 | $ 1,165.07 |
| 1027018 | LEYLA F YILDIZ | $ 205.20 | $ 49.81 | $ 255.01 |
| 1027036 | LINDA G KESSLER 2ND FAMILY LIMITED PARTNERSHIP | $ 219.00 | $ 53.16 | $ 272.16 |
| 1027067 | L ANTHONY BLACK LIVING TRUST | $ 89.50 | $ 21.73 | $ 111.23 |
| 1027261 | MAXIMILIAN LAMONT & HILMA S LAMONT JT TEN | $ 219.00 | $ 53.16 | $ 272.16 |
| 1027274 | MEICHUAN TANG CHOU | $ 103.00 | $ 25.00 | $ 128.00 |
| 1027470 | MORTON PUPKO IRA | $ 66.46 | $ 16.13 | $ 82.59 |
| 1027532 | CARL F PFEIFFER TRUST | $ 292.00 | $ 70.88 | $ 362.88 |
| 1027654 | PHILIP S AU | $ 222.00 | $ 53.89 | $ 275.89 |
| 1027670 | PHILOMENA C DANIELS TRUST | $ 2,204.00 | $ 535.00 | $ 2,739.00 |
| 1027703 | PUBLIX SUPER MARKETS CHARITIES INC | $ 45,378.00 | $ 11,015.01 | $ 56,393.01 |
| 1027718 | THE BOYD 1993 FAMILY TRUST | $ 951.75 | $ 231.03 | $ 1,182.78 |
| 1027731 | DURYEA TRUST | $ 365.00 | $ 88.60 | $ 453.60 |
| 1027785 | MILNARIK LIVING TRUST | $ 219.00 | $ 53.16 | $ 272.16 |
| 1027841 | NAOMI ZIROFSKY & STUART ZIROFSKY | $ 219.00 | $ 53.16 | $ 272.16 |
| 1027902 | NORMAN J HART | $ 219.00 | $ 53.16 | $ 272.16 |
| 1028078 | RONALD ALTMAN & BARBARA H ALTMAN | $ 3,102.00 | $ 752.98 | $ 3,854.98 |
| 1028104 | RONALD H LARSON | $ 292.00 | $ 70.88 | $ 362.88 |
| 1028166 | RANDALL SHINGAI & NAOMI MAKIHARA LT | $ 327.75 | $ 79.56 | $ 407.31 |
| 1028241 | MARY LOU HEBERLE | $ 511.00 | $ 124.04 | $ 635.04 |
| 1028242 | RICHARD A HEBERLE | $ 365.00 | $ 88.60 | $ 453.60 |
| 1028303 | RICHARD GERALD ROCKWELL | $ 1,570.00 | $ 381.10 | $ 1,951.10 |
| 1028446 | PAULA J REITH | $ 13.00 | $ 3.16 | $ 16.16 |
| 1028464 | R DEL RIO & P DEL RIO & NICOLA DEL RIO & V DEL RIO TEN/COM | $ 220.00 | $ 53.40 | $ 273.40 |
| 1028537 | LEUNG FAMILY TRUST | $ 219.00 | $ 53.16 | $ 272.16 |
| 1028559 | STUART F & VIRGINIA F SIDELLS | $ 438.00 | $ 106.32 | $ 544.32 |
| 1028639 | SAYED M SULTAN | $ 1,749.00 | $ 424.55 | $ 2,173.55 |
| 1028660 | SCOTT S NELSON | $ 1,748.00 | $ 424.31 | $ 2,172.31 |
| 1028693 | SHARON L ELDRIDGE TRUST | $ 292.00 | $ 70.88 | $ 362.88 |
| 1028780 | ROBERT G WALKER TRUST | $ 219.00 | $ 53.16 | $ 272.16 |
| 1029059 | SIMON K BARSKY | $ 20.80 | $ 5.05 | $ 25.85 |
| 1029133 | STEPHEN G FOY & MARIE G FOY | $ 365.00 | $ 88.60 | $ 453.60 |
| 1029156 | STEPHEN N GRAFF | $ 876.00 | $ 212.64 | $ 1,088.64 |
| 1029224 | STEVEN T CARBERRY | $ 219.00 | $ 53.16 | $ 272.16 |
| 1029294 | SUZANNA H DICKSON & JOHN N DICKSON | $ 2,565.00 | $ 622.63 | $ 3,187.63 |
| 1029301 | SYBIL PEFFLEY IRA | $ 213.75 | $ 51.89 | $ 265.64 |
| 1029353 | ROSLYN P JAFFE REVOCABLE TRUST | $ 438.00 | $ 106.32 | $ 544.32 |
| 1029450 | W KENNETH LINDHORST IRA | $ 1,093.62 | $ 265.46 | $ 1,359.08 |
| 1029505 | WANDA K O'DELL TRUST | $ 584.00 | $ 141.76 | $ 725.76 |
| 1029519 | FUJII FAMILY TRUST | $ 584.00 | $ 141.76 | $ 725.76 |
| 1029633 | WGC TRUST | $ 1,168.00 | $ 283.52 | $ 1,451.52 |

SA546

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1029641 | WILLIAM H BAYLESS | $ 32.20 | $ 7.82 | $ 40.02 |
| 1029664 | TATIANA SOCHUREK | $ 1,710.00 | $ 415.08 | $ 2,125.08 |
| 1029676 | TERRENCE P DIAMOND | $ 365.00 | $ 88.60 | $ 453.60 |
| 1029733 | THERESA S AYER & FREDERICK L AYER JT TEN | $ 292.00 | $ 70.88 | $ 362.88 |
| 1029804 | THOMAS M LAHOUSE & ANITA SIMMONS LAHOUSE TEN/COM | $ 146.00 | $ 35.44 | $ 181.44 |
| 1029815 | J SCOTT CARLSON AND GERDA CARLSON JTWROS | $ 1,443.75 | $ 350.45 | $ 1,794.20 |
| 1029818 | THE S M ARNOLD INC PROFIT SHARING PLAN | $ 11.57 | $ 2.81 | $ 14.38 |
| 1030187 | JAMES BERNS | $ 663.91 | $ 161.16 | $ 825.07 |
| 1031097 | WINIFRED D MAY | $ 334.23 | $ 81.13 | $ 415.36 |
| 1031238 | KATHLEEN M GORDON | $ 10.40 | $ 2.52 | $ 12.92 |
| 1031768 | LORAINE MOLINIER | $ 312.00 | $ 75.73 | $ 387.73 |
| 1032062 | DOLORES SABLONE | $ 0.91 | $ 0.22 | $ 1.13 |
| 1032213 | EDWARD H SISENWEIN & DIANE R SISENWEIN JT TEN | $ 267.20 | $ 64.86 | $ 332.06 |
| 1032685 | DONALD E ZEPFEL | $ 59.41 | $ 14.42 | $ 73.83 |
| 1032727 | JOHN E ROUSSALIS II | $ 104.39 | $ 25.34 | $ 129.73 |
| 1032782 | DOMINIC BORRA | $ 4.42 | $ 1.07 | $ 5.49 |
| 1032838 | JUSTYNA B CLIPPER | $ 10.40 | $ 2.52 | $ 12.92 |
| 1032854 | GEORGE J CULHANE | $ 93.60 | $ 22.72 | $ 116.32 |
| 1033011 | PATRICIA HYDE | $ 104.00 | $ 25.24 | $ 129.24 |
| 1033208 | MARTIN J RAGAN | $ 31.20 | $ 7.57 | $ 38.77 |
| 1033232 | ESTATE OF LILLIAN ROSS | $ 187.20 | $ 45.44 | $ 232.64 |
| 1033651 | MARTIN WALTER IN TRUST AC 1 | $ 7.41 | $ 1.80 | $ 9.21 |
| 1033675 | ELIZABETH ENGLERT WINSON | $ 31.20 | $ 7.57 | $ 38.77 |
| 1033832 | KATHERINE GAR-YI SHI | $ 10.40 | $ 2.52 | $ 12.92 |
| 1033856 | SANDRA SOUTHAL PIPICELLI | $ 499.20 | $ 121.18 | $ 620.38 |
| 1033927 | MARTIN L B WALTER | $ 14.56 | $ 3.53 | $ 18.09 |
| 1033935 | EDITH WEISS | $ 5.20 | $ 1.26 | $ 6.46 |
| 1033948 | MARGUERITE J WILSON | $ 104.00 | $ 25.24 | $ 129.24 |
| 1033993 | GORDON ALLEN BARRON | $ 499.20 | $ 121.18 | $ 620.38 |
| 1034169 | SHARON S GARCIA | $ 19.11 | $ 4.64 | $ 23.75 |
| 1034200 | KENNETH LEE GRUENZEL | $ 124.80 | $ 30.29 | $ 155.09 |
| 1034321 | MARTIN WALTER (IN TRUST) | $ 7.41 | $ 1.80 | $ 9.21 |
| 1034358 | CLARICE ZINDER | $ 52.00 | $ 12.62 | $ 64.62 |
| 1034469 | ALLEN CLEMENT & JOAN CLEMENT JTWROS | $ 254.54 | $ 61.79 | $ 316.33 |
| 1034475 | LOIS B COLEMAN | $ 6.24 | $ 1.51 | $ 7.75 |
| 1034520 | ELIZABETH ANNE DYE | $ 29.90 | $ 7.26 | $ 37.16 |
| 1034675 | FRED LEROY KENNEDY | $ 25.68 | $ 6.23 | $ 31.91 |
| 1034723 | CAROL ANN LOCHER | $ 83.20 | $ 20.20 | $ 103.40 |
| 1034781 | CHERYL C WENNING | $ 200.80 | $ 48.74 | $ 249.54 |
| 1034842 | STEVEN CHALMER BLAIR IRA | $ 106.40 | $ 25.83 | $ 132.23 |
| 1034856 | DOUGLAS L SMITH AND NANCY EAST SMITH JT TEN WROS | $ 855.00 | $ 207.54 | $ 1,062.54 |

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 1034883 | JAMES BRINTON BAIR | $ | 97.40 | $ | 23.64 | 121.04 |
| 1035156 | CAROL R LEVIN | $ | 1,308.48 | $ | 317.62 | 1,626.10 |
| 1035321 | EILEEN FLYNN BAILEY IRA | $ | 855.00 | $ | 207.54 | 1,062.54 |
| 1035404 | WALTER F HORNE AND CHRISTINA D HORNE JT TEN | $ | 2,565.00 | $ | 622.63 | 3,187.63 |
| 1035468 | LEONARDO LOCASCIO | $ | 23,550.00 | $ | 5,716.51 | 29,266.51 |
| 1035614 | JEFFREY MARK GOLDMAN | $ | 1,630.00 | $ | 395.66 | 2,025.66 |
| 1035991 | JAN VERONA BELSON IRA | $ | 1,240.80 | $ | 301.19 | 1,541.99 |
| 1036250 | LANGZETTEL IRREVOCABLE LIVING TRUST | $ | 399.00 | $ | 96.85 | 495.85 |
| 1036251 | RONALD THURSTON LIVING TRUST | $ | 197.88 | $ | 48.03 | 245.91 |
| 1036252 | ISABELLA T THURSTON LIVING TRUST | $ | 197.88 | $ | 48.03 | 245.91 |
| 1036256 | DONNA M DICKER | $ | 202.75 | $ | 49.22 | 251.97 |
| 1036260 | ROBERT WILLIAMS IRA | $ | 213.75 | $ | 51.89 | 265.64 |
| 1036261 | CLARK TYLER THOMPSON AND ROSE F THOMPSON | $ | 301.85 | $ | 73.27 | 375.12 |
| 1036262 | ESSIE MAE GOLDEN | $ | 798.00 | $ | 193.71 | 991.71 |
| 1036264 | GERALDINE W WILLIAMS | $ | 750.00 | $ | 182.05 | 932.05 |
| 1036265 | ROBERT LEGENDRE AND KAREN LEGENDRE | $ | 1,068.75 | $ | 259.43 | 1,328.18 |
| 1036269 | RICHARD A THOMAS AND ROBERTA L THOMAS | $ | 213.75 | $ | 51.89 | 265.64 |
| 1036283 | DOLORES S SIMON | $ | 427.50 | $ | 103.77 | 531.27 |
| 1036286 | JOY MILLER & ROBERT MILLER | $ | 395.10 | $ | 95.91 | 491.01 |
| 1036287 | SAUL MILLER | $ | 395.10 | $ | 95.91 | 491.01 |
| 1036291 | ROBERT MILLER IRA | $ | 392.50 | $ | 95.28 | 487.78 |
| 1036293 | ELDEN A REARDON & VIVIENNE D REARDON IRREV TR | $ | 250.00 | $ | 60.68 | 310.68 |
| 1036300 | DAVID SHAW IRA | $ | 502.60 | $ | 122.00 | 624.60 |
| 1036307 | THE PHYLLIS CUSHMAN MCCARTHY LIVING TR | $ | 869.30 | $ | 211.01 | 1,080.31 |
| 1036310 | RONALD G THURSTON IRA | $ | 196.25 | $ | 47.64 | 243.89 |
| 1036316 | EDWARD G VANDENBURGH IRA | $ | 155.10 | $ | 37.65 | 192.75 |
| 1036317 | HELEN E VANDENBURGH IRA | $ | 155.10 | $ | 37.65 | 192.75 |
| 1036319 | JAMES A TAYLOR AND MARY ANN TAYLOR | $ | 216.35 | $ | 52.52 | 268.87 |
| 1036320 | MARY ANN TAYLOR IRA | $ | 429.45 | $ | 104.24 | 533.69 |
| 1036323 | ROBERTA THOMAS LIVING TRUST | $ | 785.00 | $ | 190.55 | 975.55 |
| 1036431 | CHRISTOPHER J KIELY | $ | 8,173.50 | $ | 1,984.03 | 10,157.53 |
| 1036473 | PAUL & EWA GARBER TRUST | $ | 1,613.62 | $ | 391.69 | 2,005.31 |
| 1036478 | DAVID F ZUCKER | $ | 350.00 | $ | 84.96 | 434.96 |
| 1036485 | SHECTER TRUST | $ | 1,590.00 | $ | 385.96 | 1,975.96 |
| 1036503 | LARRY WOODDELL & DEBORAH W WOODDELL | $ | 809.65 | $ | 196.53 | 1,006.18 |
| 1036510 | FRANK GUILLAUME TRAINEAU AND JEANETTE TRAINEAU WROS | $ | 480.65 | $ | 116.67 | 597.32 |
| 1036563 | HOW-RAN LU AND WEI-CHU HSU | $ | 3,420.00 | $ | 830.17 | 4,250.17 |
| 1036593 | ROBERT J JOLLEY | $ | 198,699.55 | $ | 48,232.14 | 246,931.69 |
| 1036607 | HENRY RUSSELL FOGLER IRA | $ | 7,695.00 | $ | 1,867.88 | 9,562.88 |
| 1036639 | DEBORAH W WOODDELL | $ | 857.50 | $ | 208.15 | 1,065.65 |
| 1036651 | ADAM C LYDECKER | $ | 403.45 | $ | 97.93 | 501.38 |

**SA548**

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 1036661 | STEPHEN SHEY | $ | 6,840.00 | $ | 1,660.34 | $ 8,500.34 |
| 1036669 | MRS JALLIKA A TOLIA | $ | 855.00 | $ | 207.54 | $ 1,062.54 |
| 1036726 | PHILLIP JAMES WAGNER | $ | 784.03 | $ | 190.31 | $ 974.34 |
| 1036732 | PAULINE M LECOMTE IRA | $ | 855.00 | $ | 207.54 | $ 1,062.54 |
| 1036752 | LONNIE MURRAY TRADITIONAL IRA | $ | 210.00 | $ | 50.98 | $ 260.98 |
| 1036758 | CHARLES R BENDER IRA | $ | 855.00 | $ | 207.54 | $ 1,062.54 |
| 1036798 | HENRY RUSSELL FOGLER | $ | 9,405.00 | $ | 2,282.96 | $ 11,687.96 |
| 1036805 | DIANE M ZYCHOWSKI AND ED J ZYCHOWSKI | $ | 1,036.40 | $ | 251.57 | $ 1,287.97 |
| 1036848 | DAN RINDNER AND | $ | 366.00 | $ | 88.84 | $ 454.84 |
| 1036867 | JUDITH A BIGELOW AND CARL STORK | $ | 23,041.40 | $ | 5,593.05 | $ 28,634.45 |
| 1037005 | SHIRLEY E NICHOLSON | $ | 107.50 | $ | 26.09 | $ 133.59 |
| 1037827 | TIMOTHY E CARLSON | $ | 0.79 | $ | 0.19 | $ 0.98 |
| 1037846 | C CARLETON FREDERICI | $ | 27.31 | $ | 6.63 | $ 33.94 |
| 1037898 | JANE B SCHUEHLER | $ | 111.40 | $ | 27.04 | $ 138.44 |
| 1037929 | WILLIAM L WILKS | $ | 34.18 | $ | 8.30 | $ 42.48 |
| 1038476 | BIRMINGHAM RADIOLOGICAL GROUP | $ | 930.00 | $ | 225.75 | $ 1,155.75 |
| 1039848 | JOE DICK TRUST | $ | 53.80 | $ | 13.06 | $ 66.86 |
| 1041072 | NEWMAN FAMILY TRUST | $ | 170.32 | $ | 41.34 | $ 211.66 |
| 1041085 | ELSIE M BECK R/O IRA | $ | 187.85 | $ | 45.60 | $ 233.45 |
| 1041265 | FREY FAMILY LIVING TRUST | $ | 93.00 | $ | 22.57 | $ 115.57 |
| 1041272 | DONALD & LAURETTA EDLUND TRUST | $ | 1,063.20 | $ | 258.08 | $ 1,321.28 |
| 1041745 | HENRY H BORLAND III R/O IRA | $ | 325.96 | $ | 79.12 | $ 405.08 |
| 1041746 | THOMAS S CZAJKA R/O IRA | $ | 77.04 | $ | 18.70 | $ 95.74 |
| 1042236 | MORRIS MCKILL | $ | 77.70 | $ | 18.86 | $ 96.56 |
| 1042511 | GEORGE S ANTONIAK PSP | $ | 498.00 | $ | 120.88 | $ 618.88 |
| 1042879 | JOHN W SHEA & MARCIA A SHEA TEN COM | $ | 13.00 | $ | 3.16 | $ 16.16 |
| 1043236 | MARY JANE JERSILD IRA | $ | 458.64 | $ | 111.33 | $ 569.97 |
| 1044148 | ROBERT D MOSHER AND JANET S MURILLO | $ | 868.00 | $ | 210.70 | $ 1,078.70 |
| 1044253 | LAURENCE M KAHN TRUST | $ | 290.96 | $ | 70.63 | $ 361.59 |
| 1044482 | BURROW CHILDRENS TRUST | $ | 1,467.41 | $ | 356.20 | $ 1,823.61 |
| 1044804 | THE 2000 PECKHAM FAMILY TRUST | $ | 78.00 | $ | 18.93 | $ 96.93 |
| 1044999 | ELFREDA T CHANG & GWENDOLYNNE T CHANG JT TEN | $ | 1,716.50 | $ | 416.66 | $ 2,133.16 |
| 1045150 | PETER A GARUCCIO MD PENSION TRUST | $ | 1,511.29 | $ | 366.85 | $ 1,878.14 |
| 1045582 | ELLEN OPPENHEIMER | $ | 1,034.00 | $ | 250.99 | $ 1,284.99 |
| 1045869 | ANGELA K ZALAKAR | $ | 5.20 | $ | 1.26 | $ 6.46 |
| 1045889 | FRANCES SILNUTZER | $ | 2,137.50 | $ | 518.85 | $ 2,656.35 |
| 1045891 | STACEY SILNUTZER | $ | 2,137.50 | $ | 518.85 | $ 2,656.35 |
| 1045923 | BRUCE A MILLS & PATRICIA A MILLS JTWROS | $ | 5,671.00 | $ | 1,376.57 | $ 7,047.57 |
| 1045945 | DOLORES ANNE DUNN | $ | 515.00 | $ | 125.01 | $ 640.01 |
| 1045981 | LOIS D DEWAHL REV TRUST | $ | 15,700.00 | $ | 3,811.00 | $ 19,511.00 |
| 1045992 | PETER LAMPACK AGENCY INC EMPLOYEES PENSION FUND | $ | 85.60 | $ | 20.78 | $ 106.38 |

**SA549**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1046277 | K GOLDSTEIN TRUST | $ 428.00 | $ 103.89 | $ 531.89 |
| 1046297 | JERRY KALOGRIDIS | $ 52.50 | $ 12.74 | $ 65.24 |
| 1046367 | PAUL H ERNST IRA | $ 1,730.80 | $ 420.13 | $ 2,150.93 |
| 1046373 | DIANE M SOUTHWOOD SMITH | $ 324.00 | $ 78.65 | $ 402.65 |
| 1046381 | JUDY E FEDER IRA | $ 1,710.00 | $ 415.08 | $ 2,125.08 |
| 1046395 | RON A BERGER REVOCABLE TRUST | $ 4,915.00 | $ 1,193.06 | $ 6,108.06 |
| 1046416 | MONICA HAINER & RALPH HAINER JT TEN | $ 4,275.00 | $ 1,037.71 | $ 5,312.71 |
| 1046419 | GARY R PAULY & JUDITH J PAULY JT TEN | $ 2,680.00 | $ 650.54 | $ 3,330.54 |
| 1046450 | JENNIE LIU PAO TRUST | $ 107.00 | $ 25.97 | $ 132.97 |
| 1046466 | JOHN A LAVINIO | $ 428.00 | $ 103.89 | $ 531.89 |
| 1046514 | PAUL BERUBE & MARILYN ROBBINS JT TEN | $ 10,008.00 | $ 2,429.33 | $ 12,437.33 |
| 1046534 | JENITTA M KWONG & SOU LON KWONG JT TEN | $ 1,036.40 | $ 251.57 | $ 1,287.97 |
| 1046564 | NICHOLAS J VANLEEUWEN | $ 3,420.00 | $ 830.17 | $ 4,250.17 |
| 1046959 | SAMANA CAPITAL LP | $ 3,560,000.00 | $ 864,151.09 | $ 4,424,151.09 |
| 1047109 | PAMELA G LAWRENCE & THOMAS A LAWRENCE JR TENCOM | $ 3,255.00 | $ 790.12 | $ 4,045.12 |
| 1047840 | RICHARD R FORRY & NELDA M FORRY | $ 3.25 | $ 0.79 | $ 4.04 |
| 1047859 | HOWARD DALE WILMOTH | $ 1,710.00 | $ 415.08 | $ 2,125.08 |
| 1047903 | MICHAEL D BALON | $ 1,068.75 | $ 259.43 | $ 1,328.18 |
| 1048007 | THE JAMES MCLAY REV LIV TR | $ 1,062.00 | $ 257.79 | $ 1,319.79 |
| 1048137 | JUDITH P WOFFINGTON IRA | $ 4,198.50 | $ 1,019.14 | $ 5,217.64 |
| 1049753 | WILLIAM H HALL LIV CR SHELTER TRUST | $ 42.00 | $ 10.20 | $ 52.20 |
| 1049866 | SUSAN E VOLK LIVING TRUST | $ 35.00 | $ 8.50 | $ 43.50 |
| 1050398 | JAMES R RABORN | $ 51.50 | $ 12.50 | $ 64.00 |
| 1050404 | BRIERPATCH LTD | $ 154.50 | $ 37.50 | $ 192.00 |
| 1050514 | JERRY LEE BROSSIA | $ 309.00 | $ 75.01 | $ 384.01 |
| 1050738 | FLORITA B RUSKIN | $ 552.00 | $ 133.99 | $ 685.99 |
| 1050960 | PETER R NEWMAN IRA | $ 536.00 | $ 130.11 | $ 666.11 |
| 1050979 | STEPHANIE FINMARK LIVING TR | $ 3,420.80 | $ 830.36 | $ 4,251.16 |
| 1050983 | FREDRIC H KROESCHE LIV TR | $ 26.00 | $ 6.31 | $ 32.31 |
| 1051079 | LEONARD R KUBERA IRA | $ 152.32 | $ 36.97 | $ 189.29 |
| 1051140 | GEORGE J SELLA JR TTEE DEF BEN KEOGH PLAN | $ 2,070.00 | $ 502.47 | $ 2,572.47 |
| 1051309 | TR A GST EXEMPT TRUST | $ 395.76 | $ 96.07 | $ 491.83 |
| 1051412 | MARTIN ASDOURIAN | $ 71.28 | $ 17.30 | $ 88.58 |
| 1051603 | BONN INVESTMENT LTD PTNRSHIP | $ 208.00 | $ 50.49 | $ 258.49 |
| 1051700 | MARIE W DONAHUE | $ 52.00 | $ 12.62 | $ 64.62 |
| 1051712 | LEONARD H GOLOMBEK MD IRA ROLLOVER | $ 3,092.00 | $ 750.55 | $ 3,842.55 |
| 1051888 | P A B SEPERATE PROPERTY TRUST | $ 642.00 | $ 155.84 | $ 797.84 |
| 1051918 | GEORGE G BLOUSE | $ 10.40 | $ 2.52 | $ 12.92 |
| 1052044 | RONALD & AUDREY CHAPMAN FAMILY TRUST | $ 121.20 | $ 29.42 | $ 150.62 |
| 1052328 | JANYCE R FONTE IRA | $ 1,515.00 | $ 367.75 | $ 1,882.75 |
| 1052351 | MICHAEL R GEDEIKO & BONNIE L GEDEIKO JT TEN | $ 0.82 | $ 0.20 | $ 1.02 |

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 1052444 | SAMUEL F GORMAN IRA | $ | 2.60 | $ | 0.63 | $ | 3.23 |
| 1052483 | RHODERICK L HARRISON REV TRUST | $ | 10.40 | $ | 2.52 | $ | 12.92 |
| 1052538 | PRENTISS H. HAWKINS | $ | 65.00 | $ | 15.78 | $ | 80.78 |
| 1052716 | JOHN K & DORIS R KLECKNER TR | $ | 124.80 | $ | 30.29 | $ | 155.09 |
| 1052778 | MYRA G LARSON | $ | 113.00 | $ | 27.43 | $ | 140.43 |
| 1052859 | JEROME P MAGDOVITZ | $ | 3.90 | $ | 0.95 | $ | 4.85 |
| 1052982 | ESTATE OF OWEN C MUIR | $ | 104.00 | $ | 25.24 | $ | 129.24 |
| 1053316 | CHARLES SHIMANSKAS & LINDA SHIMANSKAS JT WROS | $ | 10.40 | $ | 2.52 | $ | 12.92 |
| 1053569 | MARGARET JEAN WELLS TRUST | $ | 124.80 | $ | 30.29 | $ | 155.09 |
| 1053679 | DARLENE M HOSACK | $ | 1,478.75 | $ | 358.95 | $ | 1,837.70 |
| 1053742 | SAMANTHA C MILLER | $ | 395.10 | $ | 95.91 | $ | 491.01 |
| 1053802 | BARBARA J SHAW IRA | $ | 1.30 | $ | 0.32 | $ | 1.62 |
| 1053827 | ROBERT & GERALDINE HUNNEWELL | $ | 558.50 | $ | 135.57 | $ | 694.07 |
| 1053896 | D. FRANKLIN NYMAN | $ | 642.00 | $ | 155.84 | $ | 797.84 |
| 1053968 | PHILIP NAGEL AND KAREN NAGEL JTWROS | $ | 103.50 | $ | 25.12 | $ | 128.62 |
| 1054017 | ANTHONY R. PASTORE IRA | $ | 828.80 | $ | 201.18 | $ | 1,029.98 |
| 1054261 | JAMES J. FOY IRA | $ | 387.09 | $ | 93.96 | $ | 481.05 |
| 1054382 | GRANT D HETHERINGTON | $ | 4,189.92 | $ | 1,017.06 | $ | 5,206.98 |
| 1055186 | ROBERT GINSBERG REVOCABLE TRUST | $ | 145.60 | $ | 35.34 | $ | 180.94 |
| 1056306 | GEORGE H DEMPSEY AND JOHANNA L DEMPSEY JTWROS | $ | 327.75 | $ | 79.56 | $ | 407.31 |
| 1056312 | GLENN D ADAMS AND MARILYN J ADAMS JTWROS | $ | 203.25 | $ | 49.34 | $ | 252.59 |
| 1056356 | NEAL E MADISEN | $ | 1,201.75 | $ | 291.71 | $ | 1,493.46 |
| 1056371 | ANN W. CLARKE | $ | 146.00 | $ | 35.44 | $ | 181.44 |
| 1056386 | U WAYNE GREENE AND B RUDELLE GREENE TIC | $ | 292.00 | $ | 70.88 | $ | 362.88 |
| 1056390 | DONALD C STAUFFER AND SALLY ANN STAUFFER TIC | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1056432 | JOAN V STRATTON LIVING TRUST | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1056452 | LENTZ REVOCABLE TRUST | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1056469 | BARNARD FAMILY TRUST | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1056494 | RICHARD A CAHILL AND LYNNE B CAHILL JTWROS | $ | 219.00 | $ | 53.16 | $ | 272.16 |
| 1056498 | JOYCE ZEFF | $ | 803.00 | $ | 194.92 | $ | 997.92 |
| 1056500 | EDWARD L CHASE AND MARY H CHASE JTWROS | $ | 292.00 | $ | 70.88 | $ | 362.88 |
| 1056513 | GENE WAMPLER TRUST | $ | 166.50 | $ | 40.42 | $ | 206.92 |
| 1057625 | RICHARD W MAINS DMD PROFIT SHARING PLAN & TRUST | $ | 116.04 | $ | 28.17 | $ | 144.21 |
| 1057757 | JAMES CRAIG WEAKLEY AND MARIA TERESA POLI TIC | $ | 410.64 | $ | 99.68 | $ | 510.32 |
| 1057907 | THE GRUN FAMILY TRUST | $ | 646.70 | $ | 156.98 | $ | 803.68 |
| 1058783 | FRANK B NANCE | $ | 182.35 | $ | 44.26 | $ | 226.61 |
| 1059344 | JEAN M SHAW | $ | 686.94 | $ | 166.75 | $ | 853.69 |
| 1059352 | BEVERLY J CRAMB IRA | $ | 427.50 | $ | 103.77 | $ | 531.27 |
| 1059957 | MARY JANE MAZZELLA REV TRUST | $ | 513.00 | $ | 124.53 | $ | 637.53 |
| 1060043 | DONALD W MASON SEP | $ | 10.31 | $ | 2.50 | $ | 12.81 |
| 1060074 | MILES L COLEMAN | $ | 82.36 | $ | 19.99 | $ | 102.35 |

**SA551**

Case 15-2381 Document 87 08/12/2015 1574499 Page 102 of 132

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1060147 | J & C VILLANUEVA | $ 16.99 | $ 4.12 | $ 21.11 |
| 1060286 | JANET A GRACZYK | $ 27.48 | $ 6.67 | $ 34.15 |
| 1060353 | MILDRED DAVIS ROGERS TRUST | $ 3,420.00 | $ 830.17 | $ 4,250.17 |
| 1060696 | HOWARD PIFER III | $ 175.37 | $ 42.57 | $ 217.94 |
| 1061115 | MR JASON R REYES | $ 42.80 | $ 10.39 | $ 53.19 |
| 1061352 | GUSTINA C COSTELLA AND ROSEMARY METRAILER JTWROS | $ 187.60 | $ 45.54 | $ 233.14 |
| 1061397 | RONALD W BIRUM AND LINDA BIRUM JTWROS | $ 125.28 | $ 30.41 | $ 155.69 |
| 1061476 | RICHARD E STINEHART AND SHERRY N STINEHART COM PROP | $ 150.91 | $ 36.63 | $ 187.54 |
| 1061944 | CHARLES D NITCHIE | $ 17.38 | $ 4.22 | $ 21.60 |
| 1062254 | JOHN D YANASAK IRRA | $ 60.57 | $ 14.70 | $ 75.27 |
| 1062532 | JOHNSON CHARITABLE REMAINDER TRUST | $ 99.40 | $ 24.13 | $ 123.53 |
| 1062631 | THOMAS E KELLY IRRA | $ 192.64 | $ 46.76 | $ 239.40 |
| 1062654 | SCOTT C WILSON | $ 41.92 | $ 10.18 | $ 52.10 |
| 1063105 | ROYAL GROUP INC PENSION FUND | $ 2,585.00 | $ 627.48 | $ 3,212.48 |
| 1063364 | HERBERT L MALLARD AND SHERRY MALLARD JTWROS | $ 282.10 | $ 68.48 | $ 350.58 |
| 1063380 | HERBERT L MALLARD IRRA | $ 418.60 | $ 101.61 | $ 520.21 |
| 1063471 | JAY MARVIN HUBERT IRA | $ 38.23 | $ 9.28 | $ 47.51 |
| 1063624 | JOANNE BRODERICK | $ 1,000.00 | $ 242.74 | $ 1,242.74 |
| 1063655 | SARANNE GITNICK IRRA | $ 572.85 | $ 139.05 | $ 711.90 |
| 1063860 | MCKAY DENTAL HEALTH GROUP INC RETIREMENT TRUST | $ 584.60 | $ 141.91 | $ 726.51 |
| 1064473 | ROBERT B BLISS IRA | $ 32.68 | $ 7.93 | $ 40.61 |
| 1064682 | ROBERT W GRIFFITH IRRA | $ 101.80 | $ 24.71 | $ 126.51 |
| 1064757 | CAROL ANN K WINKLER | $ 61.64 | $ 14.96 | $ 76.60 |
| 1064761 | EDWARD H WINKLER IRRA | $ 58.96 | $ 14.31 | $ 73.27 |
| 1065091 | JOHN A THIES IRRA | $ 36.37 | $ 8.83 | $ 45.20 |
| 1065235 | ROBERT M KRUSE AND TAMMI J KRUSE TIC | $ 21.55 | $ 5.23 | $ 26.78 |
| 1065402 | LEON WITTSTRUCK IRA | $ 66.28 | $ 16.09 | $ 82.37 |
| 1065532 | MAHENDRA C PAREKH AND KALPANA M PAREKH TIC | $ 129.95 | $ 31.54 | $ 161.49 |
| 1065859 | MR LYNN RAY SMITH | $ 102.32 | $ 24.84 | $ 127.16 |
| 1065901 | BURROW ESBT LLC | $ 53.17 | $ 12.91 | $ 66.08 |
| 1066720 | ROBERT CD HEDGES | $ 527.10 | $ 127.95 | $ 655.05 |
| 1066911 | LEOLA HANCOCK IRRA | $ 161.39 | $ 39.18 | $ 200.57 |
| 1066981 | MR M WAYNE HARPER AND MRS MARGE A HARPER TIC | $ 116.64 | $ 28.31 | $ 144.95 |
| 1067073 | RONALD JOSEPH PYEATT IRRA | $ 38.92 | $ 9.45 | $ 48.37 |
| 1067253 | JACK KANDEL | $ 398.40 | $ 96.71 | $ 495.11 |
| 1067322 | MARLYN K DODGE IRA | $ 10.74 | $ 2.61 | $ 13.35 |
| 1067378 | EARL W BUCK AND CATHY D BUCK JTWROS | $ 51.50 | $ 12.50 | $ 64.00 |
| 1067637 | PINHAS BENDAYAN #2 | $ 70.00 | $ 16.99 | $ 86.99 |
| 1067725 | JAY T GOULD IRRA | $ 80.80 | $ 19.61 | $ 100.41 |
| 1067795 | JOSEPH J MACKAY III IRA | $ 25.38 | $ 6.16 | $ 31.54 |
| 1067889 | CHARLES WOMBLE IRRA | $ 101.88 | $ 24.73 | $ 126.61 |

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1067922 | H.C.DREW ESTATE | $ 8.00 | $ 1.94 | $ 9.94 |
| 1068038 | BOBBIE J BURKHALTER IRA | $ 42.83 | $ 10.40 | $ 53.23 |
| 1068058 | AMERICAN FLUORITE, INC. | $ 228.85 | $ 55.55 | $ 284.40 |
| 1068503 | JOHN AND MARY ANN GILLERAN | $ 40.26 | $ 9.77 | $ 50.03 |
| 1068706 | LAWRENCE YOUNG ASSOCIATES LLC | $ 469.31 | $ 113.92 | $ 583.23 |
| 1068710 | PHILIP W & BETTY L CAITO | $ 795.40 | $ 193.07 | $ 988.47 |
| 1068842 | JOHN W MYERS AND CAROLYN N MYERS TIC | $ 87.34 | $ 21.20 | $ 108.54 |
| 1068845 | MARCIA POZNER-THOMPSON | $ 44.77 | $ 10.87 | $ 55.64 |
| 1068846 | ROBERT P BURKE AND SHIRLEY BURKE TIC | $ 374.80 | $ 90.98 | $ 465.78 |
| 1069606 | HELEN FEFOLT MLIM CSLTS | $ 40.20 | $ 9.76 | $ 49.96 |
| 1069984 | KARL H STECKMANN IRA | $ 146.91 | $ 35.66 | $ 182.57 |
| 1070247 | WESLEY SEFFROOD | $ 34.72 | $ 8.43 | $ 43.15 |
| 1070320 | MRS JAYE GOLANTY IRA | $ 616.03 | $ 149.53 | $ 765.56 |
| 1070331 | JOHN L GOLANTY IRRA | $ 182.35 | $ 44.26 | $ 226.61 |
| 1070494 | THEODORE L STECK | $ 317.00 | $ 76.95 | $ 393.95 |
| 1071016 | TIMOTHY J APKING IRRA | $ 109.92 | $ 26.68 | $ 136.60 |
| 1071042 | FRANCIS PROPERTIES LTD | $ 200.88 | $ 48.76 | $ 249.64 |
| 1071067 | CHARLES E BROOKS IRRA | $ 77.14 | $ 18.72 | $ 95.86 |
| 1071068 | CHARLES E BROOKS IRA | $ 393.49 | $ 95.52 | $ 489.01 |
| 1071457 | JOHN A COSENTINO | $ 178.35 | $ 43.29 | $ 221.64 |
| 1072794 | RAMA S DEVARA | $ 52.47 | $ 12.74 | $ 65.21 |
| 1072905 | JOHN A TURCOTT OR BONNIE R TURCOTT | $ 157.39 | $ 38.20 | $ 195.59 |
| 1073148 | JAMES S PETERSON TRUST | $ 1,912.00 | $ 464.12 | $ 2,376.12 |
| 1073155 | PAUL M EGELAND | $ 268.00 | $ 65.05 | $ 333.05 |
| 1073845 | SIGN,PICTORIAL & DISPL UNION LOC 591 SUPPLEMENTAL PENS FUND | $ 26.26 | $ 6.37 | $ 32.63 |
| 1073846 | SIGN,PICTORIAL & DISP UNION LOC 591 GROUP PENSION FUND | $ 241.25 | $ 58.56 | $ 299.81 |
| 1074005 | MR FREDRICK SIMON IRRA | $ 52.40 | $ 12.72 | $ 65.12 |
| 1074116 | MARY ANN LONG | $ 207.12 | $ 50.28 | $ 257.40 |
| 1074209 | DIANE J WHITE AND RICHARD R WHITE JTWROS | $ 370.80 | $ 90.01 | $ 460.81 |
| 1074236 | BARBARA HELENE LEWIS IRRA | $ 2,160.00 | $ 524.32 | $ 2,684.32 |
| 1074593 | ESTATE OF ROSE C TRINCHER MD | $ 107.89 | $ 26.19 | $ 134.08 |
| 1074990 | CF FOUNDATION INC/INVESCO | $ 325.60 | $ 79.04 | $ 404.64 |
| 1074994 | COUSINS FOUNDATION INC/INVESCO | $ 190.70 | $ 46.29 | $ 236.99 |
| 1075626 | LESLIE KELLY IRRA | $ 58.24 | $ 14.14 | $ 72.38 |
| 1075940 | ANNE L KELLEY | $ 73.58 | $ 17.86 | $ 91.44 |
| 1076554 | JAMES D BAKER IRRA | $ 37.54 | $ 9.11 | $ 46.65 |
| 1076712 | CHARLES A JOHNSON IRA | $ 24.48 | $ 5.94 | $ 30.42 |
| 1076784 | GARY JOSEPH PINKOWSKI AND CONNIE PINKOWSKI JTWROS | $ 154.50 | $ 37.50 | $ 192.00 |
| 1077200 | DR MURRAY K MANTOOTH DCSD IRRA | $ 72.58 | $ 17.62 | $ 90.20 |
| 1077497 | GLENN T BROWN | $ 175.74 | $ 42.66 | $ 218.40 |
| 1078408 | MR EDWARD M CHADBOURNE JR IRA | $ 654.48 | $ 158.87 | $ 813.35 |

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1078440 | CHADBOURNE FAMILY PARTNERSHIP | $ 1,600.56 | $ 388.52 | $ 1,989.08 |
| 1078847 | EDWIN S WALKER III | $ 87.30 | $ 21.19 | $ 108.49 |
| 1078926 | MICHAEL KAPLAN | $ 103.00 | $ 25.00 | $ 128.00 |
| 1079577 | BERNARD J DUNN AND GEORGIANNE L DUNN JTWROS #1 | $ 311.04 | $ 75.50 | $ 386.54 |
| 1079578 | BERNARD J DUNN AND GEORGIANNE L DUNN JTWROS #2 | $ 235.94 | $ 57.27 | $ 293.21 |
| 1079812 | RAY REED | $ 150.91 | $ 36.63 | $ 187.54 |
| 1081280 | DAVID J DONOVAN RRA | $ 151.53 | $ 36.78 | $ 188.31 |
| 1081397 | RABBI ELIOT J BASKIN AND DR HILARY N BASKIN TIC | $ 58.96 | $ 14.31 | $ 73.27 |
| 1081773 | H JOHN KLIGORA AND MADELYN S KLIGORA TIC | $ 31.18 | $ 7.57 | $ 38.75 |
| 1082224 | RACHEL CHEVALIER AND MARC CHEVALIER JTWROS | $ 290.00 | $ 70.39 | $ 360.39 |
| 1082311 | THE FAN FOX & LESLIE R SAMUELS FOUNDATION INC | $ 16,914.60 | $ 4,105.83 | $ 21,020.43 |
| 1082719 | PAUL BARTLETT AND YUMI NAKAGAWA JTWROS #1 | $ 271.74 | $ 65.96 | $ 337.70 |
| 1082724 | PAUL BARTLETT AND YUMI NAKAGAWA JTWROS #2 | $ 278.05 | $ 67.49 | $ 345.54 |
| 1082991 | ANNE C HODGES | $ 297.79 | $ 72.29 | $ 370.08 |
| 1083005 | LAWRENCE J GREENBERG | $ 182.35 | $ 44.26 | $ 226.61 |
| 1083055 | MR DANIEL KATZ AND MRS GAIL KATZ TIC | $ 356.72 | $ 86.59 | $ 443.31 |
| 1083728 | RALPH E. SHEETS JR REV TR | $ 185.75 | $ 45.09 | $ 230.84 |
| 1083839 | J GORDON HENGES JR | $ 475.79 | $ 115.49 | $ 591.28 |
| 1084283 | ESTATE OF ROY CHARLES SEARS | $ 71.72 | $ 17.41 | $ 89.13 |
| 1084506 | DORIS J BENNETT IRRA | $ 192.24 | $ 46.66 | $ 238.90 |
| 1084513 | SOCIETY OF THE DAUGHTERS OF THE HEART OF MARY, INC | $ 986.00 | $ 239.34 | $ 1,225.34 |
| 1085240 | CLAUDIA E NESBITT TRUST | $ 1,882.50 | $ 456.96 | $ 2,339.46 |
| 1085347 | THERESA L WILLIAM LIV TRUST | $ 72.50 | $ 17.60 | $ 90.10 |
| 1089090 | MICHAEL MCADAMS AND HANNELORE MCADAMS JTWROS | $ 3,528.00 | $ 856.38 | $ 4,384.38 |
| 1089417 | THE KRIGBAUM FAMILY TRUST | $ 107.00 | $ 25.97 | $ 132.97 |
| 1089470 | ALBERT WILLIAM ZECHMANN IRA | $ 207.00 | $ 50.25 | $ 257.25 |
| 1090015 | ROBERT J GONNELLA IRA | $ 2,904.50 | $ 705.04 | $ 3,609.54 |
| 1090482 | ROBERT J GOTTLIEB IRA | $ 2,796.70 | $ 678.87 | $ 3,475.57 |
| 1090519 | BLAUFELD SCHILLER & HOLMES ATNY VIP PLUS PFT SHARING PLAN | $ 227.00 | $ 55.10 | $ 282.10 |
| 1091154 | JOSEPH F OLSON IRA #3 | $ 12.98 | $ 3.15 | $ 16.13 |
| 1091343 | ALBERT J WILL TRUST U/A DTD 8/1/1988 | $ 284.05 | $ 68.95 | $ 353.00 |
| 1091354 | ALEXANDER HOWARD HAYNES | $ 724.50 | $ 175.86 | $ 900.36 |
| 1091448 | RIDER FAMILY TRUST | $ 3,030.00 | $ 735.50 | $ 3,765.50 |
| 1091480 | BETH F ABRAMS | $ 438.00 | $ 106.32 | $ 544.32 |
| 1091903 | EDWARD NOBORU MATSUDA & CANDACE H MATSUDA | $ 219.00 | $ 53.16 | $ 272.16 |
| 1091904 | EDWARD J MORRISON & HELEN JANE MORRISON JT TEN | $ 365.00 | $ 88.60 | $ 453.60 |
| 1091928 | ELLISON W SCUDDER AND DONNA SCUDDER JT TEN | $ 216.65 | $ 52.59 | $ 269.24 |
| 1092091 | THE LAWRENCE TRUST | $ 7.74 | $ 1.88 | $ 9.62 |
| 1092167 | H & B PAGE REVOCABLE TRUST | $ 855.00 | $ 207.54 | $ 1,062.54 |
| 1092261 | JAMES C HALEY & KAREN L HALEY JT TEN | $ 292.00 | $ 70.88 | $ 362.88 |
| 1092314 | JAMES W BUSANUS & MARTHA F BUSANUS JT TEN | $ 13.91 | $ 3.38 | $ 17.29 |

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1092394 | JOE E DORAN & THELMA DORAN JT TEN | $ 219.00 | $ 53.16 | $ 272.16 |
| 1092566 | GARY R BOESCH IRREV TRUST #1 | $ 455.00 | $ 110.45 | $ 565.45 |
| 1092574 | KENNETH L SHAFFER | $ 166.40 | $ 40.39 | $ 206.79 |
| 1092591 | KHUBO JETHANAND MOHNANI NEIL | $ 198.79 | $ 48.25 | $ 247.04 |
| 1093239 | ROBERT WILLIS DERR & BARBARA WISHART DERR JT TEN | $ 2,070.00 | $ 502.47 | $ 2,572.47 |
| 1093355 | SPENCER H LANDES | $ 146.00 | $ 35.44 | $ 181.44 |
| 1093428 | SUSAN A APRIL | $ 219.00 | $ 53.16 | $ 272.16 |
| 1093518 | TIMOTHY WILLIAM BUETER & KAREN MATTHEESSEN | $ 438.00 | $ 106.32 | $ 544.32 |
| 1093560 | VIJENDER SAWAL & NEERA SAWAL JT TEN | $ 594.22 | $ 144.24 | $ 738.46 |
| 1093614 | WILLIAM ALLEN BLALOCK | $ 292.00 | $ 70.88 | $ 362.88 |
| 1093646 | WILLIAM J MCLAUGHLIN & ANNE E MCLAUGHLIN | $ 292.00 | $ 70.88 | $ 362.88 |
| 1093694 | JULIE MILLER | $ 10.60 | $ 2.57 | $ 13.17 |
| 1093780 | WILLIAM J SPAULDING AND MARGARET F SPAULDING JTWROS | $ 87.40 | $ 21.22 | $ 108.62 |
| 1093929 | GARY E MEEK AND MARGARET R MEEK JT TEN WROS | $ 4,653.00 | $ 1,129.46 | $ 5,782.46 |
| 1094042 | WILLIAM F UMBAUGH IRA | $ 1.30 | $ 0.32 | $ 1.62 |
| 1094573 | ANGEL L GARAY & ALMA S GARAY | $ 137.00 | $ 33.26 | $ 170.26 |
| 1095127 | ROBERT J BURNHAM AND GAIL B PROMBOIN JT TEN | $ 317.25 | $ 77.01 | $ 394.26 |
| 1095162 | FRINGE BENEFIT LIFE INS CO | $ 1,529.50 | $ 371.27 | $ 1,900.77 |
| 1095175 | KEITH L GUY AND PHYLLIS C GUY JT TEN | $ 146.00 | $ 35.44 | $ 181.44 |
| 1095257 | JOHN R UBHAUS AND ELEANOR C UBHAUS JT TEN | $ 292.00 | $ 70.88 | $ 362.88 |
| 1095265 | JOHN T. SWINDELL | $ 438.00 | $ 106.32 | $ 544.32 |
| 1095325 | EUGENE J AND MARY A KEATING LIVING & DEVOLUTION TR | $ 219.00 | $ 53.16 | $ 272.16 |
| 1095379 | SANDRA A FISHER JT TEN | $ 292.00 | $ 70.88 | $ 362.88 |
| 1095410 | LAZAR GURWITH TRUST | $ 146.00 | $ 35.44 | $ 181.44 |
| 1095413 | WALTER SPIKELL TRUST | $ 146.00 | $ 35.44 | $ 181.44 |
| 1095491 | FRANCIS HAROLD CLOUDMAN III AND JENNY M CLOUDMAN TIC | $ 657.00 | $ 159.48 | $ 816.48 |
| 1095527 | ARTHUR V MORRISON TRUST | $ 584.00 | $ 141.76 | $ 725.76 |
| 1095548 | W D STRECKER TRUST NO I | $ 365.00 | $ 88.60 | $ 453.60 |
| 1095560 | LYNN VAN ERDEN AND MELODIE VAN ERDEN JT TEN | $ 292.00 | $ 70.88 | $ 362.88 |
| 1096042 | GEORGE A. ROBBINS IRA | $ 1,710.00 | $ 415.08 | $ 2,125.08 |
| 1096105 | THEODORE B FRANCISCO JR | $ 87.60 | $ 21.26 | $ 108.86 |
| 1096754 | VIRGINIA K BURROUGHS | $ 1,325.25 | $ 321.69 | $ 1,646.94 |
| 1096803 | HIRSCH FAMILY TRUST U/D/T DTD 10/28/82 | $ 4,703.00 | $ 1,141.60 | $ 5,844.60 |
| 1096837 | ROSEN 1991 CHILDRENS TR | $ 5,630.00 | $ 1,366.62 | $ 6,996.62 |
| 1097279 | ROBERT A DALTON IRA | $ 4,135.00 | $ 1,003.73 | $ 5,138.73 |
| 1097463 | SCOTT BUCHANAN IRA | $ 624.15 | $ 151.51 | $ 775.66 |
| 1097894 | HERB FAMILY 1998 DESC TRUST | $ 456.75 | $ 110.87 | $ 567.62 |
| 1097911 | MJH INVESTMENTS LTD | $ 3,770.00 | $ 915.13 | $ 4,685.13 |
| 1098472 | THE LANGTON JOINT LIVING TRUST | $ 20.80 | $ 5.05 | $ 25.85 |
| 1098522 | WARREN K HAYES & STEPHANIE HAYES REVOC LVG TR DTD 1/20/87 | $ 1,743.00 | $ 423.09 | $ 2,166.09 |
| 1098741 | ARIMENTO LIVING TR | $ 855.00 | $ 207.54 | $ 1,062.54 |

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1098744 | MR STUART A BARBOUR, JR. | $ 8,550.00 | $ 2,075.42 | 10,625.42 |
| 1098850 | W L SALLEE | $ 51,700.00 | $ 12,549.61 | 64,249.61 |
| 1100566 | PATRICK J. ARNALL REV TR | $ 265.24 | $ 64.38 | 329.62 |
| 1100640 | D ABENDROTH CONV TR | $ 363.60 | $ 88.26 | 451.86 |
| 1100757 | BSA BAY LAKES COUNCIL CHARITABLE | $ 123.25 | $ 29.92 | 153.17 |
| 1100889 | RONALD C HART | $ 10,350.00 | $ 2,512.35 | 12,862.35 |
| 1100969 | JACK H WEINER IRA | $ 418.50 | $ 101.59 | 520.09 |
| 1101093 | FRANK A RECCA | $ 785.00 | $ 190.55 | 975.55 |
| 1101096 | DR MAX E BURR | $ 249.00 | $ 60.44 | 309.44 |
| 1101120 | PASCAL DEPERROIS | $ 90.00 | $ 21.85 | 111.85 |
| 1101427 | SHEILA GORRAFA TRUST | $ 219.00 | $ 53.16 | 272.16 |
| 1101540 | PATRICK W ONEIL AND SHARON R ONEIL JTWROS | $ 438.00 | $ 106.32 | 544.32 |
| 1101576 | STUMART PARTNERS LP | $ 365.00 | $ 88.60 | 453.60 |
| 1101615 | A. DAVID DAVIS AND TRACY L. DAVIS JTWROS | $ 219.00 | $ 53.16 | 272.16 |
| 1101724 | JOHN C KARNUTH & MARLENE D KARNUTH JTWROS | $ 292.00 | $ 70.88 | 362.88 |
| 1101735 | DMC INVESTMENTS LIMITED PARTNERSHIP | $ 438.00 | $ 106.32 | 544.32 |
| 1101914 | JAMES V FRANCH TTEE | $ 1,353.80 | $ 328.62 | 1,682.42 |
| 1101930 | WILLIAM G SCHANCK JR IRA | $ 844.50 | $ 204.99 | 1,049.49 |
| 1101964 | SNG CORPORATION | $ 914.85 | $ 222.07 | 1,136.92 |
| 1102082 | MEREDITH ANN HANSON | $ 590.00 | $ 143.22 | 733.22 |
| 1102086 | SIDNEY SCHUMAN JR | $ 54,000.00 | $ 13,107.91 | 67,107.91 |
| 1102158 | STEPHANIE A GRIMM | $ 182.75 | $ 44.36 | 227.11 |
| 1102400 | HAMID HUSSAIN SHEIKH & AMY SHEIKH JT TEN | $ 880.00 | $ 213.61 | 1,093.61 |
| 1102432 | ANTONIO SHAN & PETUNIA J SHAN JTWROS | $ 2.60 | $ 0.63 | 3.23 |
| 1102461 | BEN DETOSTI & JUNKO DETOSTI JT TEN | $ 1.30 | $ 0.32 | 1.62 |
| 1102522 | JOSEPH R CAMMAROSANO | $ 31.20 | $ 7.57 | 38.77 |
| 1102537 | RAYMOND L HALDORSON | $ 20.80 | $ 5.05 | 25.85 |
| 1102555 | JERRY DOSKOCZYNSKY SEP IRA | $ 20.80 | $ 5.05 | 25.85 |
| 1102604 | JOSEPH ANTHONY ALBERT GILLETT | $ 10.40 | $ 2.52 | 12.92 |
| 1102641 | LINDA ROSS IRA | $ 10.40 | $ 2.52 | 12.92 |
| 1102674 | BEVERLY THELANDER | $ 1,019.90 | $ 247.57 | 1,267.47 |
| 1102701 | AMY S COLEN IRA | $ 10.40 | $ 2.52 | 12.92 |
| 1102899 | DOMINIC GERARD RAYNER | $ 10.40 | $ 2.52 | 12.92 |
| 1102936 | JEFFREY WAGNER | $ 60.03 | $ 14.57 | 74.60 |
| 1103050 | THE ROCSKAY FAMILY REVOCABLE LIVING TRUST | $ 3,847.50 | $ 933.94 | 4,781.44 |
| 1103071 | TIM CUPP & JANIE CUPP COMMUNITY PROPERTY | $ 274.75 | $ 66.69 | 341.44 |
| 1103094 | THOMAS C COMBS & BRENDA L COMBS JT TEN | $ 196.25 | $ 47.64 | 243.89 |
| 1103114 | ROD APPLETON LTD PARTNERSHIP | $ 1,086.40 | $ 263.71 | 1,350.11 |
| 1103146 | CARLTON MONROE DICKERSON IRA | $ 2,590.50 | $ 628.82 | 3,219.32 |
| 1103650 | SUSAN J FRENCH ROTH IRA | $ 148.00 | $ 35.93 | 183.93 |
| 1103750 | DANIEL J LENSKOLD | $ 855.00 | $ 207.54 | 1,062.54 |

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 103822 | BRIAN PERFETTI | $ | 540.06 | $ | 131.09 | $ 671.15 |
| 103837 | CAROL C CURTIN | $ | 2.14 | $ | 0.52 | $ 2.66 |
| 103863 | BRUCE MARK HAMRICK | $ | 1,653.30 | $ | 401.32 | $ 2,054.62 |
| 103894 | ANDREW KLEIN | $ | 855.00 | $ | 207.54 | $ 1,062.54 |
| 103922 | DAVID LEGLER & AMY E LEGLER JT TEN | $ | 1.02 | $ | 0.25 | $ 1.27 |
| 103937 | DONNA J ISRAEL | $ | 855.00 | $ | 207.54 | $ 1,062.54 |
| 103972 | KIRK D NEWMAN | $ | 20.80 | $ | 5.05 | $ 25.85 |
| 104186 | KEVIN J SCANLON | $ | 310.30 | $ | 75.32 | $ 385.62 |
| 104372 | HUNG MANH TRAN | $ | 6.42 | $ | 1.56 | $ 7.98 |
| 104570 | KAREN J DOUGHERTY | $ | 22.92 | $ | 5.56 | $ 28.48 |
| 104590 | ANNE STARK GALLAGHER (SEP IRA) | $ | 20.80 | $ | 5.05 | $ 25.85 |
| 104610 | HENRY D FOSTER RES TRUST | $ | 41.60 | $ | 10.10 | $ 51.70 |
| 104652 | ROSEMARIE GUZZARDO | $ | 2.60 | $ | 0.63 | $ 3.23 |
| 104745 | MARY LEDDING LIVING TRUST | $ | 54.60 | $ | 13.25 | $ 67.85 |
| 104927 | LEA ANN ROSENTHAL | $ | 10.40 | $ | 2.52 | $ 12.92 |
| 104987 | CHRISTINE L SEIFEN IRA | $ | 2.60 | $ | 0.63 | $ 3.23 |
| 104993 | REINALDO REUSS | $ | 62.40 | $ | 15.15 | $ 77.55 |
| 105190 | THE SILVER FAMILY TRUST | $ | 140,000.00 | $ | 33,983.47 | $ 173,983.47 |
| 105231 | NATHAN HASSON IRA | $ | 12,560.00 | $ | 3,048.80 | $ 15,608.80 |
| 105612 | VEVA L MCGINLEY & KENNETH R WILSON JTWROS | $ | 2.54 | $ | 0.62 | $ 3.16 |
| 105636 | MARGARET M HILL | $ | 642.00 | $ | 155.84 | $ 797.84 |
| 105638 | BARBARA A ROSENFELT IRA | $ | 214.00 | $ | 51.95 | $ 265.95 |
| 105780 | CHARLES M KINSOLVING JR IRA | $ | 515.00 | $ | 125.01 | $ 640.01 |
| 106733 | PATRICIA K ALBRIGHT & DARRYL L ALBRIGHT JT TEN WROS | $ | 13.00 | $ | 3.16 | $ 16.16 |
| 106783 | GERALD L GERNDT IRA | $ | 427.50 | $ | 103.77 | $ 531.27 |
| 106813 | BRUCE M JEFFRIS TRUST | $ | 1,272.00 | $ | 308.76 | $ 1,580.76 |
| 106913 | FRED J YODER IRA | $ | 2,565.00 | $ | 622.63 | $ 3,187.63 |
| 107190 | SARA A HEZA | $ | 94.16 | $ | 22.86 | $ 117.02 |
| 107214 | JANE ELLEN BURKEY | $ | 19.50 | $ | 4.73 | $ 24.23 |
| 107218 | JOHN M KOCHENASH & LEONA R KOCHENASH WROS | $ | 66.34 | $ | 16.10 | $ 82.44 |
| 107552 | DORIS N STERN TRUST | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 107563 | MCRAE FAMILY TRUST | $ | 296.40 | $ | 71.95 | $ 368.35 |
| 107570 | BARBARA WELNER | $ | 10.40 | $ | 2.52 | $ 12.92 |
| 107571 | CAROL J FRIEDMAN TRUST | $ | 15.60 | $ | 3.79 | $ 19.39 |
| 107733 | ROBERT S SMITH | $ | 1.24 | $ | 0.30 | $ 1.54 |
| 107734 | GARY P. SCHNEYER IRA | $ | 1,085.40 | $ | 263.47 | $ 1,348.87 |
| 107824 | RICHARD KARL FELDMANN | $ | 9,028.80 | $ | 2,191.64 | $ 11,220.44 |
| 107861 | HARVEY NELSON LERMAN AND ROBERTA SANDRA LERMAN | $ | 12.84 | $ | 3.12 | $ 15.96 |
| 107907 | BRUCE S. BOLTUCH | $ | 52.00 | $ | 12.62 | $ 64.62 |
| 108014 | DONNA LEE KEENE | $ | 41.60 | $ | 10.10 | $ 51.70 |
| 108021 | STEPHEN SIU FOON NG | $ | 19.26 | $ | 4.68 | $ 23.94 |

**SA557**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 1108027 | JAMES H & MARILYN N SPEARS 1999 | $ 1,368.00 | $ 332.07 | $ 1,700.07 |
| 1108044 | JOHN DAVID SMITH III | $ 2,450.14 | $ 594.74 | $ 3,044.88 |
| 1108163 | LEONARD G. HERRING REVOCABLE LIVING TR | $ 599.00 | $ 145.40 | $ 744.40 |
| 1108178 | ANTOINETTE THOMAS | $ 1,710.00 | $ 415.08 | $ 2,125.08 |
| 1108250 | ANDRES E. SALDANA AND ELIZABETH A MILLER JT TEN | $ 100.58 | $ 24.41 | $ 124.99 |
| 1108328 | ROBERT POTTER & SANDRA L POTTER JT TEN | $ 40.66 | $ 9.87 | $ 50.53 |
| 1108346 | WILLIAM BRADY AND SHARON S BRADY JT TEN | $ 12.84 | $ 3.12 | $ 15.96 |
| 1108463 | HEIDI ELIZABETH ARMITAGE | $ 20.80 | $ 5.05 | $ 25.85 |
| 1108480 | MONIQUE ALINE CURRY SEP IRA | $ 27.25 | $ 6.61 | $ 33.86 |
| 1108662 | JOHN M FULTZ | $ 104.00 | $ 25.24 | $ 129.24 |
| 1108739 | THE PATRICIA MC ARTHUR TRUST | $ 6.42 | $ 1.56 | $ 7.98 |
| 1108842 | DIANE A. AMERSON & DAN R. AMERSON | $ 1.56 | $ 0.38 | $ 1.94 |
| 1108865 | STANLEY E. VOGEL | $ 181.40 | $ 44.03 | $ 225.43 |
| 1108874 | BARBARA JOAN DES MARAIS | $ 12.84 | $ 3.12 | $ 15.96 |
| 1109021 | JAY HODIN | $ 12.84 | $ 3.12 | $ 15.96 |
| 1109030 | KATHERINE K.H. LIU | $ 25.68 | $ 6.23 | $ 31.91 |
| 1109073 | HILLTOP INVESTMENTS, LLC | $ 31,020.00 | $ 7,529.77 | $ 38,549.77 |
| 1109115 | JAMES LOWELL BARZUN | $ 20.80 | $ 5.05 | $ 25.85 |
| 1109222 | IRVING CODRON IRA | $ 31.20 | $ 7.57 | $ 38.77 |
| 5004408 | ALEXANDER LOUISE IRR SUCC-CO-T/A | $ 416.00 | $ 100.98 | $ 516.98 |
| 5004411 | ROSENTHAL LEIGHTON CUST | $ 6,280.00 | $ 1,524.40 | $ 7,804.40 |
| 5004414 | CORNING W H #****** SUCC-T/A | $ 2,945.28 | $ 714.93 | $ 3,660.21 |
| 5004420 | CALLAGHAN M/AG GRATRY CAP SP | $ 1,491.50 | $ 362.05 | $ 1,853.55 |
| 5004423 | GILLESPIE CHARLES J JR IRREV T/A | $ 124.80 | $ 30.29 | $ 155.09 |
| 5004435 | ROGERS LH II & SL CRUT EDMP CUST | $ 267.86 | $ 65.02 | $ 332.88 |
| 5004448 | BABIN ANTHONY T/A | $ 457.60 | $ 111.08 | $ 568.68 |
| 5004456 | CHART - GRATRY & CO CIP | $ 5,673.15 | $ 1,377.10 | $ 7,050.25 |
| 5004464 | SHINDLER NEFF ETAL-BAKER B R | $ 34.84 | $ 8.46 | $ 43.30 |
| 5004465 | EGH - DFA INTL SMALL CAP #1 | $ 9,636.00 | $ 2,339.03 | $ 11,975.03 |
| 5004466 | EGH- DFA INTL SMALL CAP #2 | $ 13,432.00 | $ 3,260.47 | $ 16,692.47 |
| 5004489 | ASPEN OVERSEAS PORTFOLIO | $ 1,484.52 | $ 360.35 | $ 1,844.87 |
| 5004499 | DONALD S MORI | $ 5.20 | $ 1.26 | $ 6.46 |
| 5004502 | TOMS SIMS AGENCY | $ 10.40 | $ 2.52 | $ 12.92 |
| 5004505 | LOUIS CHICCONE IRA | $ 11.05 | $ 2.68 | $ 13.73 |
| 5004536 | STUART STEPHANIE REV TRUST | $ 219.96 | $ 53.39 | $ 273.35 |
| 5004538 | WOLFSON TUA LYNN | $ 3,726.00 | $ 904.45 | $ 4,630.45 |
| 5004542 | KYLE IRA WILLIAM A-CLSG | $ 104.00 | $ 25.24 | $ 129.24 |
| 5004546 | BORNQUIST FMLY 1990 GST TRUST | $ 14.56 | $ 3.53 | $ 18.09 |
| 5004548 | HARDING CUSTODY CECILIA -CLSG | $ 21.50 | $ 5.22 | $ 26.72 |
| 5004551 | COHN FDN JACOB & ROSALINE | $ 156.00 | $ 37.87 | $ 193.87 |
| 5004556 | WOLFSON GRNDCHLD GAMCO | $ 3,105.00 | $ 753.70 | $ 3,858.70 |

**SA558**

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 5004557 | HAMM TUA EDWARD H.-CLSG | $ | 19,260.00 | $ | 4,675.15 | $ 23,935.15 |
| 5004558 | MAYER CRT #2 B&N | $ | 13,741.20 | $ | 3,335.53 | $ 17,076.73 |
| 5004559 | MAYER CRT#3 B&N | $ | 20.80 | $ | 5.05 | $ 25.85 |
| 5004560 | PARNESS TR VIVENNE-CLSG | $ | 41.60 | $ | 10.10 | $ 51.70 |
| 5004562 | DENDRINOS REV TR PETER -CLSG | $ | 37.45 | $ | 9.09 | $ 46.54 |
| 5004563 | JEFFRIS FAMILY FOUNDATION | $ | 312.00 | $ | 75.73 | $ 387.73 |
| 5004566 | WITTENBERG TRUST - CLSG | $ | 74.88 | $ | 18.18 | $ 93.06 |
| 5004567 | ETTELSON TRUST ROBERT G. -B | $ | 83.20 | $ | 20.20 | $ 103.40 |
| 5004568 | ILLINOIS STATE BOARD OF INVESTMENT | $ | 1,424.80 | $ | 345.85 | $ 1,770.65 |
| 5004570 | FORD MOTOR COMPANY | $ | 825,075.00 | $ | 200,277.94 | $ 1,025,352.94 |
| 5004587 | VISTEON CORPORATION DEFINED BENEFIT | $ | 11,115.96 | $ | 2,698.28 | $ 13,814.24 |
| 5004593 | MAYO CLINIC MASTER RETIREMENT TRUST | $ | 306,780.00 | $ | 74,467.49 | $ 381,247.49 |
| 5004594 | MAYO CLINIC | $ | 299,912.00 | $ | 72,800.36 | $ 372,712.36 |
| 5004600 | OVP01 - OCEAN VIEW PARTNERS L.P | $ | 656.00 | $ | 159.24 | $ 815.24 |
| 5004601 | MANCUSO FAMILY REVOCABLE TRUST | $ | 4,714.00 | $ | 1,144.27 | $ 5,858.27 |
| 5004602 | GAREN FAMILY TRUST | $ | 1,958.00 | $ | 475.28 | $ 2,433.28 |
| 5004617 | THE URY FAMILY INVESTMENTS L.P | $ | 13,699.00 | $ | 3,325.28 | $ 17,024.28 |
| 5004618 | TNTLDN–THOMAS A.JERMOLUK LIVING TRU | $ | 1,156.00 | $ | 280.61 | $ 1,436.61 |
| 5004619 | THOMAS G. PIGOTT | $ | 864.00 | $ | 209.73 | $ 1,073.73 |
| 5004621 | SCREEN ACTORS GUILD PRODUCERS PENSI | $ | 4,348.60 | $ | 1,055.58 | $ 5,404.18 |
| 5004626 | TEXAS TEACHERS RETIREMENT FUN | $ | 12,480.00 | $ | 3,029.38 | $ 15,509.38 |
| 5004664 | SCHLUMBERGER LIMITED GROUP TRUST | $ | 41.60 | $ | 10.10 | $ 51.70 |
| 5004670 | DIAGEO NORTH AMERICA, INC. MASTER T | $ | 7,276.00 | $ | 1,766.17 | $ 9,042.17 |
| 5004671 | ELMHURST MEMORIAL HEALTHCARE MASTER | $ | 10,904.00 | $ | 2,646.83 | $ 13,550.83 |
| 5004683 | NORTH BROWARD HOSPITAL DISTRICT PEN | $ | 72,150.00 | $ | 17,513.62 | $ 89,663.62 |
| 5004687 | NEEDMOR TRUST U/A/D 12/18/56 | $ | 5,923.60 | $ | 1,437.89 | $ 7,361.49 |
| 5004689 | NESTLE IN THE USA PENSION TRUST | $ | 752,542.90 | $ | 182,671.56 | $ 935,214.46 |
| 5004690 | NESTLE' USA MASTER RETIREMENT TRUST | $ | 145,601.40 | $ | 35,343.15 | $ 180,944.55 |
| 5004691 | THE RETIREMENT PLAN FOR THE CONTIGR | $ | 277,835.00 | $ | 67,441.41 | $ 345,276.41 |
| 5004697 | MARS BENEFITS TRUST | $ | 228.80 | $ | 55.54 | $ 284.34 |
| 5004703 | CTS CORPORATION MASTER RETIREMENT T | $ | 25,850.00 | $ | 6,274.80 | $ 32,124.80 |
| 5004705 | ITT INDUSTRIES RETIREMENT | $ | 103,988.00 | $ | 25,241.95 | $ 129,229.95 |
| 5004706 | UNION PACIFIC CORPORATON-CAPITAL | $ | 4,922.00 | $ | 1,194.76 | $ 6,116.76 |
| 5004713 | OVERNITE-CAPITAL GUARDIAN | $ | 1,926.00 | $ | 467.52 | $ 2,393.52 |
| 5004717 | HSBC - NORTH AMERICA (U.S.) PENSION | $ | 388,020.00 | $ | 94,187.61 | $ 482,207.61 |
| 5004718 | THE LILLY RETIREMENT PLAN MASTER TR | $ | 34,855.00 | $ | 8,460.67 | $ 43,315.67 |
| 5004721 | COCA-COLA COMPANY MASTER RETIREMENT | $ | 4,918.00 | $ | 1,193.79 | $ 6,111.79 |
| 5004724 | HARTMARX RETIREMENT INCOME TRUST | $ | 650.00 | $ | 157.78 | $ 807.78 |
| 5004728 | ROCKFORD POWERTRAIN RETIREMENT TRUS | $ | 72,462.20 | $ | 17,589.41 | $ 90,051.61 |
| 5004733 | CHRISTOPHER TRUST KEVIN -CLSG | $ | 1,600.00 | $ | 388.38 | $ 1,988.38 |
| 5004734 | ROSSO REV TR | $ | 7.74 | $ | 1.88 | $ 9.62 |

**SA559**

| Claim Number | Name | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5004735 | THEODORE R. FRENCH JR | $ 7.28 | $ 1.77 | $ 9.05 |
| 5004740 | SAWYER TRUST MARY ROACH -CLSG | $ 52.00 | $ 12.62 | $ 64.62 |
| 5004755 | ZUCKER BETH –C- | $ 93.60 | $ 22.72 | $ 116.32 |
| 5004762 | KANDERS GOLDFISCHER EMILY-CLSG | $ 330.20 | $ 80.15 | $ 410.35 |
| 5004774 | MARSHFIELD MASTER TRUST GAMCO EQUIT | $ 24,900.00 | $ 6,044.20 | $ 30,944.20 |
| 5004778 | RELAN L.L.C. | $ 138.71 | $ 33.67 | $ 172.38 |
| 5004787 | REED COMMUNITY PROPERTY | $ 138.58 | $ 33.64 | $ 172.22 |
| 5004788 | NORTON SIMON FOUNDATION | $ 8,766.00 | $ 2,127.85 | $ 10,893.85 |
| 5004807 | CITY OF JACKSONVILLE GENERAL EMPLOY | $ 807,300.00 | $ 195,963.25 | $ 1,003,263.25 |
| 5004815 | KENTUCKY RETIREMENT SYSTEMS PENSION | $ 288,434.00 | $ 70,014.20 | $ 358,448.20 |
| 5004817 | KENTUCKY RETIREMENT SYSTEMS | $ 37,175.00 | $ 9,023.82 | $ 46,198.82 |
| 5004826 | FARMERS AUTOMOBILE INSURANCE | $ 520.00 | $ 126.22 | $ 646.22 |
| 5004827 | PEKIN LIFE INSURANCE CO. | $ 520.00 | $ 126.22 | $ 646.22 |
| 5004829 | CYMI EQUITY LP | $ 220,869.00 | $ 53,613.54 | $ 274,482.54 |
| 5004836 | MEMPHIS LIGHT, GAS, & WATER DIVISION | $ 1,241,390.00 | $ 301,333.85 | $ 1,542,723.85 |
| 5004846 | PARK FOUNDATION INC. | $ 15,179.00 | $ 3,684.54 | $ 18,863.54 |
| 5004848 | LUMINA FOUNDATION FOR EDUCATION, IN | $ 168,060.00 | $ 40,794.73 | $ 208,854.73 |
| 5004849 | SHELBY COUNTY RETIREMENT SYSTEM | $ 1,005,960.00 | $ 244,185.79 | $ 1,250,145.79 |
| 5004853 | MOORINGS CAPITAL LLC | $ 48,113.00 | $ 11,678.90 | $ 59,791.90 |
| 5004856 | ST. GEORGE CORPORATION | $ 276,390.00 | $ 67,090.65 | $ 343,480.65 |
| 5004857 | STAMPS FAMILY PARTNERSHIP III | $ 132,480.00 | $ 32,158.07 | $ 164,638.07 |
| 5004860 | UNIVERSITY OF MIAMI | $ 43,525.00 | $ 10,565.22 | $ 54,090.22 |
| 5004868 | THE BROWN FOUNDATION | $ 494,200.00 | $ 119,961.65 | $ 614,161.65 |
| 5004874 | MUNICIPAL EMPLOYEES' ANNUITY AND BE | $ 0.13 | $ 0.03 | $ 0.16 |
| 5004900 | WICHITA RETIREMENT SYSTEMS | $ 12,825.00 | $ 3,113.13 | $ 15,938.13 |
| 5004903 | EAST BAY MUNICIPAL UTILITY DISTRICT | $ 31.20 | $ 7.57 | $ 38.77 |
| 5004926 | SISTERS OF ST. FRANCIS OF PHILADELP | $ 135,384.00 | $ 32,862.99 | $ 168,246.99 |
| 5004927 | INTERNATIONAL MONETARY FUND STAFF R | $ 94,926.00 | $ 23,042.25 | $ 117,968.25 |
| 5004929 | MTL INSURANCE COMPANY – STATE STREE | $ 59.80 | $ 14.52 | $ 74.32 |
| 5004932 | GERMAN MARSHALL FUND OF THE UNTIED | $ 108,180.00 | $ 26,259.51 | $ 134,439.51 |
| 5004940 | API - VALUE GROWTH FUND, LLC | $ 127,680.00 | $ 30,992.92 | $ 158,672.92 |
| 5004950 | ZGORDON FAMILY TR - NOR EQ | $ 977.60 | $ 237.30 | $ 1,214.90 |
| 5005033 | CITY OF NEW YORK | $ 133.38 | $ 32.38 | $ 165.76 |
| 5005038 | OGILVY & MATHER | $ 65.00 | $ 15.78 | $ 80.78 |
| 5007590 | ZOLA CAPITAL MANAGEMENT | $ 2,454.40 | $ 595.78 | $ 3,050.18 |
| 5007596 | OREGON LIONS SIGHT & HEARING FOUNDATION | $ 372.00 | $ 90.30 | $ 462.30 |
| 5007599 | THE JAMES G. STEVENS RESIDUAL TRUST | $ 2.10 | $ 0.51 | $ 2.61 |
| 5007613 | GARY WAYNE ZIMMERMAN TRUST, GARY W ZIMME | $ 1,100.00 | $ 267.01 | $ 1,367.01 |
| 5007736 | ROBERT G. CHERON | $ 844.50 | $ 204.99 | $ 1,049.49 |
| 5008241 | STR TRADING PARTNERS, LLC #1 | $ 717,630.24 | $ 174,196.90 | $ 891,827.14 |
| 5008245 | ELECTRONIC TRADING GROUP, LLC #1 | $ 3,024.00 | $ 734.04 | $ 3,758.04 |

**SA560**

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 5008256 | BERT G. BABB ROLLOVER IRA | $ | 212.52 | $ | 51.59 | $ 264.11 |
| 5008257 | SHIRLEY A. BABB ROLLOVER IRA | $ | 125.58 | $ | 30.48 | $ 156.06 |
| 5008263 | SHARON KITZHABER REVOCABLE TRUST DTD 4-2 | $ | 120.50 | $ | 29.25 | $ 149.75 |
| 5008264 | STEVEN PREECE TTEE U/A DTD 4/1/35 | $ | 67.60 | $ | 16.41 | $ 84.01 |
| 5008265 | L. WAYNE PURDY IRA | $ | 338.00 | $ | 82.05 | $ 420.05 |
| 5008268 | THOMAS J. WENRICH | $ | 268.00 | $ | 65.05 | $ 333.05 |
| 5008274 | CHARNEY TAUB ROSINSKY REVOCABLE TRUST A. | $ | 10.40 | $ | 2.52 | $ 12.92 |
| 5008277 | BOLTON LIMITED PARTNERSHIP | $ | 1,422.00 | $ | 345.17 | $ 1,767.17 |
| 5008287 | WARREN W. KENDALL IRA | $ | 1,282.50 | $ | 311.31 | $ 1,593.81 |
| 5008305 | CYNTHIA A. WELLS | $ | 192.60 | $ | 46.75 | $ 239.35 |
| 5008309 | LOGAN INTERNATIONAL, LLC #1 | $ | 31.20 | $ | 7.57 | $ 38.77 |
| 5008310 | LOGAN INTERNATIONAL, LLC #2 | $ | 312.00 | $ | 75.73 | $ 387.73 |
| 5008311 | LOGAN INTERNATIONAL, LLC #3 | $ | 312.00 | $ | 75.73 | $ 387.73 |
| 5008312 | LOGAN INTERNATIONAL, LLC #4 | $ | 208.00 | $ | 50.49 | $ 258.49 |
| 5008313 | LOGAN INTERNATIONAL, LLC #5 | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 5008317 | LOGAN INTERNATIONAL, LLC #6 | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 5008319 | LOGAN INTERNATIONAL, LLC #7 | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 5008321 | LOGAN INTERNATIONAL, LLC #8 | $ | 31.20 | $ | 7.57 | $ 38.77 |
| 5008322 | LOGAN INTERNATIONAL, LLC #9 | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 5008325 | HEADWATERS CAPITAL #1 | $ | 77,771.00 | $ | 18,878.06 | $ 96,649.06 |
| 5008330 | LOGAN INTERNATIONAL, LLC #10 | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 5008331 | HEADWATERS CAPITAL #2 | $ | 197.60 | $ | 47.97 | $ 245.57 |
| 5008332 | LOGAN INTERNATIONAL, LLC #11 | $ | 31.20 | $ | 7.57 | $ 38.77 |
| 5008333 | LOGAN INTERNATIONAL, LLC #12 | $ | 20.80 | $ | 5.05 | $ 25.85 |
| 5008334 | LOGAN INTERNATIONAL, LLC #13 | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 5008335 | BOTTA CAPITAL MANAGEMENT #1 | $ | 78.00 | $ | 18.93 | $ 96.93 |
| 5008336 | LOGAN INTERNATIONAL, LLC #14 | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 5008341 | LOGAN INTERNATIONAL, LLC #15 | $ | 104.00 | $ | 25.24 | $ 129.24 |
| 5008347 | STR TRADING PARTNERS, LLC #2 | $ | 0.26 | $ | 0.06 | $ 0.32 |
| 5008349 | BOTTA CAPITAL MANAGEMENT #2 | $ | 390.00 | $ | 94.67 | $ 484.67 |
| 5008362 | KENDALL T USD | $ | 7.28 | $ | 1.77 | $ 9.05 |
| 5008366 | BONANNO RAYMOND - USD (C) | $ | 435.00 | $ | 105.59 | $ 540.59 |
| 5008367 | BONANNO JOAN - USD (C) | $ | 435.00 | $ | 105.59 | $ 540.59 |
| 5008368 | DANACZKO E - USD (C) | $ | 430.00 | $ | 104.38 | $ 534.38 |
| 5008371 | CARTER M GST TR - USD | $ | 430.00 | $ | 104.38 | $ 534.38 |
| 5008375 | LENKIN J-BRANDY.USD (C) | $ | 913.60 | $ | 221.77 | $ 1,135.37 |
| 5008376 | LENKIN E-BRANDY.USD (C) | $ | 958.72 | $ | 232.72 | $ 1,191.44 |
| 5008381 | SIMMONS C-BR.USD (C) | $ | 734.01 | $ | 178.17 | $ 912.18 |
| 5008382 | JACOBSON C - BR - USD (C) | $ | 301.45 | $ | 73.17 | $ 374.62 |
| 5008383 | SEDGWICK T-BR - USD (C) | $ | 906.22 | $ | 219.98 | $ 1,126.20 |
| 5008384 | INGRAM JT-BR - USD (C) | $ | 1,754.33 | $ | 425.84 | $ 2,180.17 |

**SA561**

| Claim Number | | Calculated Damages | Prejudgment Interest | | Total |
|---|---|---|---|---|---|
| 5008387 | SORIANO CARMEN - USD | $ 19.50 | $ 4.73 | $ | 24.23 |
| 5008389 | DEREK DAY-ING - USD (C) | $ 3.58 | $ 0.87 | $ | 4.45 |
| 5008390 | GREEN SIMON-ING - USD | $ 6.31 | $ 1.53 | $ | 7.84 |
| 5008391 | JACOBSON MICHAEL - BR - USD (C) | $ 320.03 | $ 77.68 | $ | 397.71 |
| 5008393 | FOXMAN NORTON & CAROL - BR - USD (C | $ 1,345.59 | $ 326.63 | $ | 1,672.22 |
| 5008394 | CAHILL-JT-BR - USD (C) | $ 420.35 | $ 102.04 | $ | 522.39 |
| 5008395 | EZELL STANLEY - BR - USD (C) | $ 936.04 | $ 227.21 | $ | 1,163.25 |
| 5008396 | EZELL JOHN - BR - USD (C) | $ 524.82 | $ 127.39 | $ | 652.21 |
| 5008397 | EZELL - ROBINSON T - BR - USD (C) | $ 566.47 | $ 137.50 | $ | 703.97 |
| 5008404 | SCHIFTER R - ING - USD (C) | $ 1,804.05 | $ 437.91 | $ | 2,241.96 |
| 5008405 | GASPERINA - BR - USD (C) | $ 430.00 | $ 104.38 | $ | 534.38 |
| 5008408 | MENDITCH F-BR - USD (C) | $ 1,033.40 | $ 250.85 | $ | 1,284.25 |
| 5008409 | DLS-BRANDY -USD (C) | $ 321.67 | $ 78.08 | $ | 399.75 |
| 5008427 | GINOS MAR -ING - USD (C) | $ 2,381.00 | $ 577.96 | $ | 2,958.96 |
| 5008433 | ANS-BRANDY .USD(C) | $ 297.62 | $ 72.24 | $ | 369.86 |
| 5008438 | HASLINGER VENTURE - BR - USD (C) | $ 5,806.06 | $ 1,409.36 | $ | 7,215.42 |
| 5008439 | HASLINGER VENTURE - BRDW - USD (C) | $ 3,495.69 | $ 848.54 | $ | 4,344.23 |
| 5008441 | GEORGE MASON UNIV FDN - BR - USD(C) | $ 3,927.81 | $ 953.43 | $ | 4,881.24 |
| 5008447 | JACOR VENTURES-ING - USD (C) | $ 8.58 | $ 2.08 | $ | 10.66 |
| 5008448 | JACOR VENTURES-BR - USD (C) | $ 652.10 | $ 158.29 | $ | 810.39 |
| 5008450 | DAVIS MEMORIAL -ING - USD (C) | $ 475.64 | $ 115.46 | $ | 591.10 |
| 5008451 | DAVIS MEMORIAL - BR - USD (C) | $ 2,651.50 | $ 643.62 | $ | 3,295.12 |
| 5008453 | JCF GAMCO FD B USD (C) | $ 52.00 | $ 12.62 | $ | 64.62 |
| 5008455 | GREAT OAKS FD-G.USD (C) | $ 4,980.00 | $ 1,208.84 | $ | 6,188.84 |
| 5008457 | CITY OF MIAMI BEACH G/E-AXE PRI USD | $ 130.46 | $ 31.67 | $ | 162.13 |
| 5008561 | ELECTRONIC TRADING GROUP, LLC #2 | $ 4,275.00 | $ 1,037.71 | $ | 5,312.71 |
| 5007745 | RUMSON CAPITAL, LLC | $ 249.00 | $ 60.44 | $ | 309.44 |
| 5009156 | CARNEGIE CORPORATION OF NEW YORK | $ 9,630.00 | $ 2,337.58 | $ | 11,967.58 |
| 5009170 | AIR CANADA PENSION TRUST FUND | $ 5,346.00 | $ 1,297.68 | $ | 6,643.68 |
| 5009171 | CENTRAL PENSION FUND OF THE IUOE PA | $ 0.13 | $ 0.03 | $ | 0.16 |
| 5009183 | EWING MARION KAUFFMAN FOUNDATION | $ 2,700.00 | $ 655.40 | $ | 3,355.40 |
| 5009195 | FALLON CLINIC INC PENSION PLAN | $ 19,369.60 | $ 4,701.76 | $ | 24,071.36 |
| 5009204 | TRUSTEES OF BOSTON UNIVERSITY | $ 8,900.00 | $ 2,160.38 | $ | 11,060.38 |
| 5009219 | REEVES BROTHERS INC PENSION PLAN | $ 5,404.00 | $ 1,311.76 | $ | 6,715.76 |
| 5009222 | HALLIBURTON COMPANY EMPLOYEE BENEFI | $ 7,850.00 | $ 1,905.50 | $ | 9,755.50 |
| 5009240 | ASCENSION HEALTH MASTER PENSION TRU | $ 18,819.00 | $ 4,568.11 | $ | 23,387.11 |
| 5009271 | VOUGHT AIRCRAFT INDUSTRIES INC MAST | $ 7,918.00 | $ 1,922.01 | $ | 9,840.01 |
| 5009272 | REED ELSEVIER US RETIREMENT PLAN | $ 10,691.00 | $ 2,595.12 | $ | 13,286.12 |
| 5009286 | BAXTER INTERNATIONAL INC. AND SUBSI | $ 18,450.00 | $ 4,478.54 | $ | 22,928.54 |
| 5009290 | CITY OF MIAMI GENERAL EMPLOYEES' AN | $ 10,751.10 | $ 2,609.71 | $ | 13,360.81 |
| 5009292 | POLICEMEN AND FIREMEN RETIREMENT SY | $ 585.00 | $ 142.00 | $ | 727.00 |

**SA562**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5009317 | SISTERS OF MERCY HEALTH SYSTEM | $ 0.13 | $ 0.03 | $ 0.16 |
| 5009330 | BELLSOUTH CORPORATION RFA VEBA TRUS | $ 280.80 | $ 68.16 | $ 348.96 |
| 5009340 | ENERGY INSURANCE SERVICES INC | $ 18,421.50 | $ 4,471.62 | $ 22,893.12 |
| 5009354 | FIRST NATIONAL BANK OF CHESTER COUN | $ 10.40 | $ 2.52 | $ 12.92 |
| 5009356 | PENN SECURITY BANK & TRUST CO | $ 115.60 | $ 28.06 | $ 143.66 |
| 5009359 | COLUMBIA BANK TRUST SERVICES | $ 41.60 | $ 10.10 | $ 51.70 |
| 5009360 | CITIZENS & NORTHERN BANK | $ 15.60 | $ 3.79 | $ 19.39 |
| 5009365 | TRUST POINT INC. #1 | $ 18.07 | $ 4.39 | $ 22.46 |
| 5009366 | TRUST POINT INC. #2 | $ 42.70 | $ 10.36 | $ 53.06 |
| 5009367 | TRUST POINT INC. #3 | $ 20.80 | $ 5.05 | $ 25.85 |
| 5009368 | TRUST POINT INC. #4 | $ 20.80 | $ 5.05 | $ 25.85 |
| 5009369 | TRUST POINT INC. #5 | $ 20.80 | $ 5.05 | $ 25.85 |
| 5009371 | PRATT COLLARD ADVISORY PARTNERS, LL | $ 3.12 | $ 0.76 | $ 3.88 |
| 5009374 | CASCADE FINANCIAL MANAGEMENT INC #1 | $ 96.30 | $ 23.38 | $ 119.68 |
| 5009375 | CASCADE FINANCIAL MANAGEMENT INC #2 | $ 128.40 | $ 31.17 | $ 159.57 |
| 5009376 | CASCADE FINANCIAL MANAGEMENT INC #3 | $ 149.80 | $ 36.36 | $ 186.16 |
| 5009382 | JEFFERSON BANK #1 | $ 52.00 | $ 12.62 | $ 64.62 |
| 5009384 | STANDARD BANK AND TRUST #1 | $ 2.60 | $ 0.63 | $ 3.23 |
| 5009387 | R.M. DAVIS INC. | $ 0.78 | $ 0.19 | $ 0.97 |
| 5009388 | TRUST COMPANY OF THE SOUTH #1 | $ 310.30 | $ 75.32 | $ 385.62 |
| 5009389 | LODESTAR PRIVATE ASSET MGMT LLC #1 | $ 12.09 | $ 2.93 | $ 15.02 |
| 5009391 | WESTERN NATIONAL TRUST CO. | $ 1,643.52 | $ 398.95 | $ 2,042.47 |
| 5009392 | MAIRS & POWER INC | $ 3,420.00 | $ 830.17 | $ 4,250.17 |
| 5009396 | LODESTAR PRIVATE ASSET MGMT LLC #2 | $ 29.00 | $ 7.04 | $ 36.04 |
| 5009398 | TRUST COMPANY OF THE SOUTH #2 | $ 192.60 | $ 46.75 | $ 239.35 |
| 5009399 | JEFFERSON BANK #2 | $ 41.60 | $ 10.10 | $ 51.70 |
| 5009407 | JEFFERSON BANK #3 | $ 10.40 | $ 2.52 | $ 12.92 |
| 5009408 | JEFFERSON BANK #4 | $ 10.40 | $ 2.52 | $ 12.92 |
| 5009409 | TRUST COMPANY OF THE SOUTH #3 | $ 743.85 | $ 180.56 | $ 924.41 |
| 5009410 | LODESTAR PRIVATE ASSET MGMT LLC #3 | $ 5.33 | $ 1.29 | $ 6.62 |
| 5009411 | COLONIAL GROUP, INC. | $ 294.00 | $ 71.37 | $ 365.37 |
| 5009412 | HORWITZ & ASSOCIATES INC. #1 | $ 1,368.00 | $ 332.07 | $ 1,700.07 |
| 5009415 | HORWITZ & ASSOCIATES INC. #2 | $ 39.00 | $ 9.47 | $ 48.47 |
| 5009423 | TRUST COMPANY OF THE SOUTH #4 | $ 1,342.35 | $ 325.84 | $ 1,668.19 |
| 5009424 | JEFFERSON BANK #5 | $ 589.95 | $ 143.20 | $ 733.15 |
| 5009425 | STANDARD BANK AND TRUST #2 | $ 1.30 | $ 0.32 | $ 1.62 |
| 5009426 | STANDARD BANK AND TRUST #3 | $ 1.30 | $ 0.32 | $ 1.62 |
| 5009427 | STANDARD BANK AND TRUST #4 | $ 1.30 | $ 0.32 | $ 1.62 |
| 5009428 | STANDARD BANK AND TRUST #5 | $ 1.30 | $ 0.32 | $ 1.62 |
| 5009429 | STANDARD BANK AND TRUST #6 | $ 1.30 | $ 0.32 | $ 1.62 |
| 5009430 | CLINTON NATIONAL BANK | $ 5.20 | $ 1.26 | $ 6.46 |

**SA563**

| Claim Number | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|
| 5009432 | HOWLAND CAPITAL MGMT. #1 | $ 104.00 | $ 25.24 | $ 129.24 |
| 5009433 | HOWLAND CAPITAL MGMT. #2 | $ 104.00 | $ 25.24 | $ 129.24 |
| 5009435 | TRUST COMPANY OF THE SOUTH #5 | $ 348.57 | $ 84.61 | $ 433.18 |
| 5009436 | TRUST COMPANY OF THE SOUTH #6 | $ 706.50 | $ 171.50 | $ 878.00 |
| 5009437 | TRUST COMPANY OF THE SOUTH #7 | $ 706.50 | $ 171.50 | $ 878.00 |
| 5009438 | TRUST COMPANY OF THE SOUTH #8 | $ 7,897.10 | $ 1,916.93 | $ 9,814.03 |
| 5009439 | TRUST COMPANY OF THE SOUTH #9 | $ 78.28 | $ 19.00 | $ 97.28 |
| 5009440 | STOCK YARDS TRUST CO. | $ 41.60 | $ 10.10 | $ 51.70 |
| 5009441 | TRUST COMPANY OF THE SOUTH #10 | $ 666.90 | $ 161.88 | $ 828.78 |
| 5009443 | LODESTAR PRIVATE ASSET MGMT LLC #4 | $ 1.82 | $ 0.44 | $ 2.26 |
| 5009444 | TRUST COMPANY OF THE SOUTH #11 | $ 786.60 | $ 190.94 | $ 977.54 |
| 5009448 | TRUST COMPANY OF THE SOUTH #12 | $ 1,633.05 | $ 396.41 | $ 2,029.46 |
| 5009452 | WATERS, PARKERSON & CO., LLC | $ 20.80 | $ 5.05 | $ 25.85 |
| 5009453 | BROWN ADVISORY | $ 0.33 | $ 0.08 | $ 0.41 |
| 5009458 | DEIGHAN WEALTH ADVISORS | $ 88.40 | $ 21.46 | $ 109.86 |
| 5009460 | PIEDMONT FINANCIAL TRUST CO. | $ 206,910.00 | $ 50,225.14 | $ 257,135.14 |
| 5009466 | BBR PARTNERS LLC #1 | $ 124.80 | $ 30.29 | $ 155.09 |
| 5009467 | BBR PARTNERS LLC #2 | $ 62.40 | $ 15.15 | $ 77.55 |
| 5009468 | BBR PARTNERS LLC #3 | $ 62.40 | $ 15.15 | $ 77.55 |
| 5009469 | BBR PARTNERS LLC #4 | $ 124.80 | $ 30.29 | $ 155.09 |
| 5009470 | BBR PARTNERS LLC #5 | $ 124.80 | $ 30.29 | $ 155.09 |
| 5009471 | BBR PARTNERS LLC #6 | $ 62.40 | $ 15.15 | $ 77.55 |
| 5009472 | BBR PARTNERS LLC #7 | $ 124.80 | $ 30.29 | $ 155.09 |
| 5009473 | BBR PARTNERS LLC #8 | $ 124.80 | $ 30.29 | $ 155.09 |
| 5009474 | BBR PARTNERS LLC #9 | $ 62.40 | $ 15.15 | $ 77.55 |
| 5009475 | BBR PARTNERS LLC #10 | $ 62.40 | $ 15.15 | $ 77.55 |
| 5009476 | BBR PARTNERS LLC #11 | $ 124.80 | $ 30.29 | $ 155.09 |
| 5009477 | BBR PARTNERS LLC #12 | $ 124.80 | $ 30.29 | $ 155.09 |
| 5009478 | BBR PARTNERS LLC #13 | $ 62.40 | $ 15.15 | $ 77.55 |
| 5009479 | BBR PARTNERS LLC #14 | $ 62.40 | $ 15.15 | $ 77.55 |
| 5009480 | BBR PARTNERS LLC #15 | $ 62.40 | $ 15.15 | $ 77.55 |
| 5009481 | BBR PARTNERS LLC #16 | $ 124.80 | $ 30.29 | $ 155.09 |
| 5009482 | HAYWOOD SECURITIES | $ 1.56 | $ 0.38 | $ 1.94 |
| 5009483 | GREENWOOD GEARHART #1 | $ 1,045.50 | $ 253.78 | $ 1,299.28 |
| 5009484 | GREENWOOD GEARHART #2 | $ 29.90 | $ 7.26 | $ 37.16 |
| 5009485 | GREENWOOD GEARHART #3 | $ 214.00 | $ 51.95 | $ 265.95 |
| 5009486 | GREENWOOD GEARHART #4 | $ 6.50 | $ 1.58 | $ 8.08 |
| 5009488 | GREENWOOD GEARHART #5 | $ 6.50 | $ 1.58 | $ 8.08 |
| 5009489 | GREENWOOD GEARHART #6 | $ 77.25 | $ 18.75 | $ 96.00 |
| 5009490 | GREENWOOD GEARHART #7 | $ 569.00 | $ 138.12 | $ 707.12 |
| 5009491 | GREENWOOD GEARHART #8 | $ 2,005.70 | $ 486.86 | $ 2,492.56 |

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 5009494 | DOWLING & YAHNKE INC | $ | 2.28 | $ | 0.55 | $ | 2.83 |
| 5009495 | HOWE AND RUSLING | $ | 855.00 | $ | 207.54 | $ | 1,062.54 |
| 5009496 | CORNERSTONE MANAGEMENT #1 | $ | 17.94 | $ | 4.35 | $ | 22.29 |
| 5009499 | CORNERSTONE MANAGEMENT #2 | $ | 24.30 | $ | 5.90 | $ | 30.20 |
| 5009513 | DETROIT EDISON VEBA-WILMOCO | $ | 1,081.60 | $ | 262.55 | $ | 1,344.15 |
| 5009514 | DETROIT ED VEBA FOREIGN EQUITY | $ | 6.20 | $ | 1.50 | $ | 7.70 |
| 5009518 | OAKLAND HOUSING - GRATRY | $ | 627.85 | $ | 152.40 | $ | 780.25 |
| 5009520 | CENTER LINE - INTERINVEST CORP | $ | 31.20 | $ | 7.57 | $ | 38.77 |
| 5009526 | FRANCES L. STEIN IRA CLOS | $ | 13.00 | $ | 3.16 | $ | 16.16 |
| 5009544 | MOTT FOUNDATION INTL EQUITY | $ | 23,659.20 | $ | 5,743.01 | $ | 29,402.21 |
| 5009552 | CITY OF BIRMINGHAM - RHF LAZARD | $ | 594.50 | $ | 144.31 | $ | 738.81 |
| 5009554 | CITY OF MONROE - FISHER INV | $ | 9,990.00 | $ | 2,424.96 | $ | 12,414.96 |
| 5009568 | JANET FISH ESTATE TRUST (SHAD) | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5009576 | MCR - M REED KNIGHT 401K | $ | 232.00 | $ | 56.32 | $ | 288.32 |
| 5009589 | KENNETH LINDSAY FOUNDATION (JPM) | $ | 244.20 | $ | 59.28 | $ | 303.48 |
| 5009591 | FOREIGN EQUITY FUND | $ | 21,466.26 | $ | 5,210.70 | $ | 26,676.96 |
| 5009597 | MATTIE P REISS IRREV. FBO PETER | $ | 949.00 | $ | 230.36 | $ | 1,179.36 |
| 5009641 | VANTAGEPOINT CAPITAL GUARDIAN | $ | 27,155.00 | $ | 6,591.58 | $ | 33,746.58 |
| 5009642 | ATSF CAPITAL GUARDIAN US EQUITY | $ | 16,889.00 | $ | 4,099.62 | $ | 20,988.62 |
| 5009643 | LIFEPATH RETIREMENT MASTER PORTFOLI | $ | 35.10 | $ | 8.52 | $ | 43.62 |
| 5009644 | MIP LIFEPATH 2010 | $ | 193.95 | $ | 47.08 | $ | 241.03 |
| 5009645 | PEPSICO | $ | 2,341.66 | $ | 568.41 | $ | 2,910.07 |
| 5009646 | MIP LIFEPATH 2020 | $ | 1,371.86 | $ | 333.00 | $ | 1,704.86 |
| 5009647 | MIP LIFEPATH 2030 | $ | 368.81 | $ | 89.52 | $ | 458.33 |
| 5009648 | MIP LIFEPATH 2040 | $ | 303.68 | $ | 73.72 | $ | 377.40 |
| 5009650 | ELECTRONIC EQUIPMENT & ENG EPSP | $ | 23.40 | $ | 5.68 | $ | 29.08 |
| 5009651 | RAPPOPORT I. C/F - CLOSING | $ | 26.00 | $ | 6.31 | $ | 32.31 |
| 5009652 | LIU - GABELLI | $ | 104.00 | $ | 25.24 | $ | 129.24 |
| 5009676 | DR. MARSHALL PLAUT IRA ROLLOVER | $ | 10.40 | $ | 2.52 | $ | 12.92 |
| 5009678 | SIDNEY GOTTLIEB, M.D., IRA R/O | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5009684 | MARC WEIL,CENTRAL JERSEY ORAL & | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5009689 | MARYLAND CHEMICAL CO EMP PSP | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5009690 | THE PLAUT FAMILY, LLC | $ | 10.40 | $ | 2.52 | $ | 12.92 |
| 5009748 | BAPTIST HEALTH - FAYEZ SAROFIM | $ | 17,100.00 | $ | 4,150.84 | $ | 21,250.84 |
| 5009749 | WALTHER CANCER INSTITUTE-GAMCO | $ | 14,765.60 | $ | 3,584.19 | $ | 18,349.79 |
| 5009750 | WABASH COLLEGE - CAP GUARDIAN | $ | 15,390.00 | $ | 3,735.75 | $ | 19,125.75 |
| 5009754 | LINK BELT PENSION - ING | $ | 7,576.20 | $ | 1,839.04 | $ | 9,415.24 |
| 5009755 | TYSON FOR REITER | $ | 1.04 | $ | 0.25 | $ | 1.29 |
| 5009759 | GENERAL HEALTH-BRANDYWINE ASSET MGM | $ | 3,445.90 | $ | 836.45 | $ | 4,282.35 |
| 5009765 | GRATRY INTL EQUITY CUST SUB ACCT | $ | 945.86 | $ | 229.60 | $ | 1,175.46 |
| 5009772 | VALEO INC PEN PL - LAZARD | $ | 2,900.00 | $ | 703.94 | $ | 3,603.94 |

**SA565**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5009775 | HONDA TRANS MANUF PEN - GABELLI | $ 518.00 | $ 125.74 | $ 643.74 |
| 5009777 | TRINITY NON UNION EMP EB TUA SUB A/ | $ 546.44 | $ 132.64 | $ 679.08 |
| 5009778 | TRINITY OH NURSES ASSOC EB TA S/A | $ 298.86 | $ 72.54 | $ 371.40 |
| 5009779 | TRINITY AFSCME/OPEIU EB TUA S/A | $ 603.96 | $ 146.60 | $ 750.56 |
| 5009781 | NOBLE FDN-CAP GUARDIAN | $ 24,795.00 | $ 6,018.72 | $ 30,813.72 |
| 5009789 | BRITISH COAL STAFF SUPERANNUATION S | $ 86,388.80 | $ 20,969.94 | $ 107,358.74 |
| 5009804 | MINEWORKERS PENSION SCHEME A/C **** | $ 240,592.60 | $ 58,401.22 | $ 298,993.82 |
| 5009815 | AMERICAN BALANCED FUND | $ 4,316,642.00 | $ 1,047,817.66 | $ 5,364,459.66 |
| 5009824 | EQ ADVISORS TRUST-EQ BLACKROCK BASI | $ 1,120,176.00 | $ 271,910.48 | $ 1,392,086.48 |
| 5009828 | STATE FARM MUTUAL AUTO INS CO CAP G | $ 397,575.00 | $ 96,506.99 | $ 494,081.99 |
| 5009829 | EQ/CAPITAL GUARDIAN U.S EQUITY | $ 38,701.00 | $ 9,394.24 | $ 48,095.24 |
| 5009830 | EQ ADVISORS TRUST - EQ/CAPITAL GUAR | $ 63,708.00 | $ 15,464.42 | $ 79,172.42 |
| 5009836 | STATE FARM MUTUAL AUTOMOBILE INS CO | $ 439,600.00 | $ 106,708.10 | $ 546,308.10 |
| 5009837 | STATE FARM FIRE & CASUALTY-CAPITAL | $ 26,690.00 | $ 6,478.71 | $ 33,168.71 |
| 5009838 | STATE FARM LIFE INSURANCE COMPANY C | $ 65,155.00 | $ 15,815.66 | $ 80,970.66 |
| 5009839 | STATE FARM US EMPLOYEE RETIREMENT T | $ 82,425.00 | $ 20,007.77 | $ 102,432.77 |
| 5009850 | THE FORBES 40 PORTFOLIO/QUALIFIED 2 | $ 107.00 | $ 25.97 | $ 132.97 |
| 5009851 | DIVERSIFIED TRUST ACCOUNTS - MODERATE #1 | $ 10,391.63 | $ 2,522.45 | $ 12,914.08 |
| 5009852 | DIVERSIFIED TRUST ACCOUNTS - MODERATE #2 | $ 5,959.07 | $ 1,446.50 | $ 7,405.57 |
| 5009853 | DIVERSIFIED TRUST ACCOUNTS AGGRESSI | $ 6,187.09 | $ 1,501.85 | $ 7,688.94 |
| 5009854 | INTERNATIONAL PORTFOLIO, SERIES 2 | $ 8,536.66 | $ 2,072.18 | $ 10,608.84 |
| 5009855 | IBBOTSON CONSERVATIVE EQUITY PORTFO | $ 2,214.26 | $ 537.49 | $ 2,751.75 |
| 5009856 | IBBOTSON MODERATE EQUITY PORTFOLIO, | $ 8,109.37 | $ 1,968.46 | $ 10,077.83 |
| 5009857 | IBBOTSON AGGRESSIVE EQUITY PORTFOLI | $ 2,534.35 | $ 615.19 | $ 3,149.54 |
| 5009866 | THE JAMES IRVINE FOUNDATION CAPITAL | $ 27,360.00 | $ 6,641.34 | $ 34,001.34 |
| 5009869 | MET MUSEUM SPECIFIED PURPOSES | $ 35.10 | $ 8.52 | $ 43.62 |
| 5009870 | THE PROFIT SHARING PLAN OF FIRST IN | $ 58.24 | $ 14.14 | $ 72.38 |
| 5009873 | C R BARD, INC. MASTER TRUST GABELLI | $ 49,800.00 | $ 12,088.41 | $ 61,888.41 |
| 5009880 | MCKESSON CORPORATION MASTER TRUST C | $ 9,194.00 | $ 2,231.74 | $ 11,425.74 |
| 5009890 | DEPP-CAPGRD US EQ LGCAP | $ 17,976.00 | $ 4,363.48 | $ 22,339.48 |
| 5009905 | CAPITAL GUARDIAN U.S. EQUITY FUND S | $ 71,418.00 | $ 17,335.94 | $ 88,753.94 |
| 5009915 | CAPITAL GUARDIAN U.S. EQUITY FUND T | $ 109,248.00 | $ 26,518.76 | $ 135,766.76 |
| 5009920 | AT&T-CAPITAL GUARDIAN | $ 54,319.00 | $ 13,185.34 | $ 67,504.34 |
| 5009922 | IBM-CAPITAL GUARDIAN 1000 CORE | $ 146,205.00 | $ 35,489.67 | $ 181,694.67 |
| 5009937 | BOEING RET. MASTER TRUST - CAPITAL | $ 237,765.00 | $ 57,714.85 | $ 295,479.85 |
| 5009938 | NYSCRF/CAPITAL GUARDIAN DOMESTIC CR | $ 155,067.00 | $ 37,640.82 | $ 192,707.82 |
| 5009941 | STANFORD UNIV CAPITAL GUARDIAN CORE | $ 95,347.00 | $ 23,144.44 | $ 118,491.44 |
| 5009943 | YOUNG WOMENS CHRISTIAN ASSOCIATION | $ 6,586.00 | $ 1,598.68 | $ 8,184.68 |
| 5009946 | NEW PERSPECTIVE FUND | $ 58,760.00 | $ 14,263.35 | $ 73,023.35 |
| 5009960 | JPMORGAN SECURITIES LLC | $ 250,083.29 | $ 60,704.99 | $ 310,788.28 |
| 5009968 | AEGON COMPANIES PENSION TRUST | $ 430,752.00 | $ 104,560.34 | $ 535,312.34 |

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 5009970 | CTUW JACK E DENEBEIM FOR LOUISE PRI | $ | 46.80 | $ | 11.36 | $ 58.16 |
| 5009973 | ICAP INTERNATIONAL PRI USD | $ | 102,616.00 | $ | 24,908.91 | $ 127,524.91 |
| 5009974 | PACIFIC ADV MULTI CAP VALUE FD PRI | $ | 5,175.00 | $ | 1,256.17 | $ 6,431.17 |
| 5010016 | LOUISE K BECKLEY WILL | $ | 624.00 | $ | 151.47 | $ 775.47 |
| 5010018 | ALBERT SHAPIRO TR CUST-GAMCO | $ | 156.00 | $ | 37.87 | $ 193.87 |
| 5010026 | WEBER JAMES K JR ILIT | $ | 83.20 | $ | 20.20 | $ 103.40 |
| 5010027 | DONALD CUCCAGLIONE | $ | 10.40 | $ | 2.52 | $ 12.92 |
| 5010030 | COX DAVID M TR U/W-U | $ | 57.20 | $ | 13.88 | $ 71.08 |
| 5010031 | GIOVANNA B LOMONACO TUW | $ | 78.00 | $ | 18.93 | $ 96.93 |
| 5010032 | WYATT TARRANT E HOPSON | $ | 8.45 | $ | 2.05 | $ 10.50 |
| 5010033 | COOPER TIRE CAP GUARD | $ | 12,830.00 | $ | 3,114.34 | $ 15,944.34 |
| 5010041 | CKHS-UNRESTRICTED FD/STONERIDGE | $ | 1,481.45 | $ | 359.61 | $ 1,841.06 |
| 5010045 | ASBESTOS WKRS PENS-STONERIDGE | $ | 13,603.00 | $ | 3,301.98 | $ 16,904.98 |
| 5010046 | SOUTHCO PENSION KAYNE-INTL | $ | 3,596.40 | $ | 872.99 | $ 4,469.39 |
| 5010088 | CRAIG AMMERMAN | $ | 6.50 | $ | 1.58 | $ 8.08 |
| 5010097 | PAUL A EGYES AND JOAN EGYES | $ | 15.60 | $ | 3.79 | $ 19.39 |
| 5010107 | GOLDSMITH FDN INC CUST-GABELLI | $ | 156.00 | $ | 37.87 | $ 193.87 |
| 5010117 | B H & C L POSEY T/U/A | $ | 3.33 | $ | 0.81 | $ 4.14 |
| 5010136 | MARIETTA COLLEGE - LAZARD | $ | 1,160.00 | $ | 281.58 | $ 1,441.58 |
| 5010138 | FRITH JOHN R TRUST B - IR | $ | 208.00 | $ | 50.49 | $ 258.49 |
| 5010141 | SHORT LORRAINE W TUA-SR GST | $ | 91.00 | $ | 22.09 | $ 113.09 |
| 5010148 | BUCKMAN NEDA M TR U/A-U | $ | 54.60 | $ | 13.25 | $ 67.85 |
| 5010153 | CP BASS FBO CB COLEMAN NE IRR | $ | 156.00 | $ | 37.87 | $ 193.87 |
| 5010154 | CP BASS FBO BF BASS NE IRR | $ | 156.00 | $ | 37.87 | $ 193.87 |
| 5010155 | CP BASS FBO RB BASS JR NE IRR | $ | 156.00 | $ | 37.87 | $ 193.87 |
| 5010158 | ROBERTS SHELBY E TR U/A | $ | 364.00 | $ | 88.36 | $ 452.36 |
| 5010159 | MRS EVA LEE COOPER TRU/A-U | $ | 46.80 | $ | 11.36 | $ 58.16 |
| 5010160 | CLARKE ERNEST HOGE TR U/A-L | $ | 62.40 | $ | 15.15 | $ 77.55 |
| 5010167 | PHILLIP TAYLOR 5 CLAUSE TR U/W-U | $ | 249.60 | $ | 60.59 | $ 310.19 |
| 5010168 | WINSTON NANNIE H TRU/W IT 10-U | $ | 218.40 | $ | 53.01 | $ 271.41 |
| 5010169 | LOUISE I TAYLOR TR B TR U/W-U | $ | 124.80 | $ | 30.29 | $ 155.09 |
| 5010171 | E DUMESNIL TRUST U/W | $ | 124.80 | $ | 30.29 | $ 155.09 |
| 5010173 | FETTER GRANDCHILDREN TRU/W-L | $ | 39.00 | $ | 9.47 | $ 48.47 |
| 5010191 | JD RP - SAVIKAS VICTOR | $ | 4,007.00 | $ | 972.66 | $ 4,979.66 |
| 5010193 | JD RP - ZWEIG BERTRAM | $ | 2,733.50 | $ | 663.53 | $ 3,397.03 |
| 5010195 | CALFEE - LYON CHARLES | $ | 10.40 | $ | 2.52 | $ 12.92 |
| 5010196 | ALLEGIANT INTL EQ FD | $ | 80,250.00 | $ | 19,479.81 | $ 99,729.81 |
| 5010197 | ALLEGIANT BALA-ALLOCATION INTL FD | $ | 4,923.00 | $ | 1,195.00 | $ 6,118.00 |
| 5010205 | TABB MARTHA D TR U/W | $ | 208.00 | $ | 50.49 | $ 258.49 |
| 5010207 | RA-WHAYNE/EW HARDWICK TRU/W-L | $ | 260.00 | $ | 63.11 | $ 323.11 |
| 5010208 | MARTHA ANNA-WIDMER TR U/W-L | $ | 91.00 | $ | 22.09 | $ 113.09 |

SA567

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5010211 | STARKS FRANKLIN F JR TRU/A-U | $ 249.60 | $ 60.59 | $ 310.19 |
| 5010212 | JOSEPH GÁ~CRUME TRU/A-U GST | $ 332.80 | $ 80.78 | $ 413.58 |
| 5010213 | ELIZ WÁ~HARDWICK TR #2 TRU/A-U | $ 143.91 | $ 34.93 | $ 178.84 |
| 5010214 | ROTH GRAHAM JR. REV TR U/A-U | $ 130.00 | $ 31.56 | $ 161.56 |
| 5010216 | COOPER WILLIAM F JR TRU/A-U RE | $ 15.60 | $ 3.79 | $ 19.39 |
| 5010220 | DR EMMET FÁ~HORINE TRU/A-SR-U | $ 234.00 | $ 56.80 | $ 290.80 |
| 5010221 | MARTHA RÁ~VAN PETTEN TR U/A-U | $ 124.80 | $ 30.29 | $ 155.09 |
| 5010224 | F NORMANÁ~HINKEBEIN IRR TU/A-U | $ 20.80 | $ 5.05 | $ 25.85 |
| 5010229 | ARMADA ADV INTL EQUITY FUND | $ 1,712.00 | $ 415.57 | $ 2,127.57 |
| 5010231 | MCHENRY L FBO JOHN POTTER TRU/W- | $ 145.60 | $ 35.34 | $ 180.94 |
| 5010232 | REED SR EDSEL TRU/A-U GST | $ 166.40 | $ 40.39 | $ 206.79 |
| 5010234 | COVITT ROBIN COOPER TR U/AU-REV | $ 15.60 | $ 3.79 | $ 19.39 |
| 5010237 | EDWIN P FINCH TRB RES TRU/A-U | $ 75.40 | $ 18.30 | $ 93.70 |
| 5010243 | DEUTSCHE E MAR TRU/W AGT FOR TTE | $ 416.00 | $ 100.98 | $ 516.98 |
| 5010244 | GAR FDN NCB INTERNATIONALIR | $ 1,070.00 | $ 259.73 | $ 1,329.73 |
| 5010250 | STRATER ED PENDLETON TRU/W-U | $ 124.80 | $ 30.29 | $ 155.09 |
| 5010252 | MORRISON RICHARD - CUSTODY SUB 2 | $ 1,081.05 | $ 262.41 | $ 1,343.46 |
| 5010255 | DANEEN A HITCHCOCK TRUST | $ 312.00 | $ 75.73 | $ 387.73 |
| 5010256 | CONWAY KEVIN C TTEE (GRATRY) | $ 1,122.80 | $ 272.55 | $ 1,395.35 |
| 5010262 | CONWAY P D & N A CUST #2(GRATRY) | $ 1,117.50 | $ 271.26 | $ 1,388.76 |
| 5010277 | MACCALLUMIS TTEEUW R MACCALLUM A | $ 18.20 | $ 4.42 | $ 22.62 |
| 5010279 | SMITH PHILLIP N AGENCY | $ 10.40 | $ 2.52 | $ 12.92 |
| 5010280 | HEROLD JEAN R ESTATE | $ 83.20 | $ 20.20 | $ 103.40 |
| 5010287 | OTTA S&P 500 | $ 408.51 | $ 99.16 | $ 507.67 |
| 5010288 | HAMILTON JG II | $ 83.20 | $ 20.20 | $ 103.40 |
| 5010290 | VANGUARD TAX-MANAGED INTERNATIONAL FUND | $ 863.20 | $ 209.53 | $ 1,072.73 |
| 5010296 | VANGUARD EUROPEAN STOCK INDEX FUND | $ 35,380.80 | $ 8,588.30 | $ 43,969.10 |
| 5010302 | COMMINGLED 1 | $ 769.60 | $ 186.81 | $ 956.41 |
| 5010303 | COMMINGLED 2 | $ 2,017.60 | $ 489.75 | $ 2,507.35 |
| 5010306 | CHERYL BREETWOR CHAR TR TA/I | $ 43.29 | $ 10.51 | $ 53.80 |
| 5010307 | BREETWOR 1999 CRUT | $ 117.00 | $ 28.40 | $ 145.40 |
| 5010308 | BREETWOR CHAR LEAD TR TA/I | $ 1,145.20 | $ 277.98 | $ 1,423.18 |
| 5010309 | BREETWOR CHAR FLIP TR TA/I | $ 60.19 | $ 14.61 | $ 74.80 |
| 5010315 | PIPE TRADES #36/INVESCO CAPITAL MGM | $ 1,351.70 | $ 328.11 | $ 1,679.81 |
| 5010321 | SCOTT SCHELL | $ 10.40 | $ 2.52 | $ 12.92 |
| 5010342 | CENTRAL WASHINGTON HOSP FNDN | $ 3,610.25 | $ 876.35 | $ 4,486.60 |
| 5010351 | CHS & LOCAL 21 KALAMA RETIRE. TRUST | $ 212.75 | $ 51.64 | $ 264.39 |
| 5010353 | KYOCERA INTL DBPP-NFJ | $ 873.50 | $ 212.03 | $ 1,085.53 |
| 5010354 | CHILTON INTERNATIONAL, L.P. | $ 87,024.00 | $ 21,124.12 | $ 108,148.12 |
| 5010355 | CHILTON INVESTMENT PARTNERS L.P. | $ 27,386.10 | $ 6,647.68 | $ 34,033.78 |
| 5010356 | CHILTON NEW ERA PARTNERS, L.P. | $ 24,931.20 | $ 6,051.78 | $ 30,982.98 |

**SA568**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5010357 | CHILTON NEW ERA INTERNATIONAL, L.P. | $ 32,241.30 | $ 7,826.22 | $ 40,067.52 |
| 5010358 | CHILTON OPPORTUNITY INTERNATIONAL, | $ 4,027.80 | $ 977.70 | $ 5,005.50 |
| 5010359 | CHILTON QP INVESTMENT PARTNERS, L.P | $ 27,608.70 | $ 6,701.71 | $ 34,310.41 |
| 5010360 | CHILTON OPPORTUNITY TRUST, L.P. | $ 6,363.00 | $ 1,544.55 | $ 7,907.55 |
| 5010375 | CUST PATRICIA DIXSON TR | $ 660.92 | $ 160.43 | $ 821.35 |
| 5010376 | CUST WILLIAM H MCNAIR TRUSTEE | $ 520.00 | $ 126.22 | $ 646.22 |
| 5010378 | AGT TU A WEINMANN 95 GRND-DOM EQ | $ 20.80 | $ 5.05 | $ 25.85 |
| 5010381 | AGT ROBERT WEINMANN PLDG DOM EQ | $ 15.47 | $ 3.76 | $ 19.23 |
| 5010382 | IA J GIFFEN WEINMANN-DOM EQ | $ 41.60 | $ 10.10 | $ 51.70 |
| 5010383 | IA MARY VA W COFFMAN DOM EQ-PLDG | $ 41.60 | $ 10.10 | $ 51.70 |
| 5010384 | CO TUW ADA S EASON NGS-DOM EQ | $ 20.80 | $ 5.05 | $ 25.85 |
| 5010385 | ANNA LEE EASON TUW NGS-S-DOM EQ | $ 83.20 | $ 20.20 | $ 103.40 |
| 5010386 | IA JOHN G WEINMANN - DOM EQ | $ 52.00 | $ 12.62 | $ 64.62 |
| 5010391 | U/A NANCY W MATTIS | $ 6,832.00 | $ 1,658.39 | $ 8,490.39 |
| 5010393 | TR ELIZABETH T HARRIS U/W VCT | $ 99.84 | $ 24.24 | $ 124.08 |
| 5010398 | UD CLARENCE H LITTELL JR 5/9/72 | $ 156.00 | $ 37.87 | $ 193.87 |
| 5010399 | UD MARGARET G SWIFT FOR AH SWIFT | $ 416.00 | $ 100.98 | $ 516.98 |
| 5010400 | UD MG SWIFT GRANDCHILDRENS TR | $ 540.80 | $ 131.27 | $ 672.07 |
| 5010401 | UW EAF EDGERTON FOR J E LANMAN | $ 41.60 | $ 10.10 | $ 51.70 |
| 5010402 | UW M J EDGERTON FOR J E LANMAN | $ 31.20 | $ 7.57 | $ 38.77 |
| 5010406 | UW S OAKLEY FOR S B TRAVERS ETAL | $ 104.00 | $ 25.24 | $ 129.24 |
| 5010407 | UW S OAKLEY FOR S B OGDEN ETAL | $ 104.00 | $ 25.24 | $ 129.24 |
| 5010408 | UW S OAKLEY FOR E B KING ETAL | $ 104.00 | $ 25.24 | $ 129.24 |
| 5010409 | UW S OAKLEY FOR H B SANFORD ETAL | $ 104.00 | $ 25.24 | $ 129.24 |
| 5010410 | UW RUBY ROSENAK FOR MERYL K DAW | $ 174.20 | $ 42.29 | $ 216.49 |
| 5010417 | UW ART6 MG CHACE JR BO J CARROLL | $ 104.00 | $ 25.24 | $ 129.24 |
| 5010418 | UW ART 6 MG CHACE JR FBO ECN | $ 104.00 | $ 25.24 | $ 129.24 |
| 5010419 | UA 121250 MG CHACE JR JC CARROLL | $ 218.40 | $ 53.01 | $ 271.41 |
| 5010420 | UA 121250 MG CHACE FBO EC NOLEN | $ 218.40 | $ 53.01 | $ 271.41 |
| 5010422 | ROBERT KISSANE | $ 16,825.10 | $ 4,084.11 | $ 20,909.21 |
| 5010423 | JOHN & MARY SPOLLEN JTWROS | $ 6,932.90 | $ 1,682.89 | $ 8,615.79 |
| 5010425 | HELEN W KIM | $ 83.20 | $ 20.20 | $ 103.40 |
| 5010426 | SCHUMANN CTR MEDIA&DEMOCRACY INC | $ 12,825.00 | $ 3,113.13 | $ 15,938.13 |
| 5010430 | EDWARD J RAPPA AUSTIN | $ 10,210.00 | $ 2,478.37 | $ 12,688.37 |
| 5010436 | J S MCDONNELL CAT A -DEUTSCHE | $ 304.85 | $ 74.00 | $ 378.85 |
| 5010437 | J S MCDONNELL CAT B-DEUTSCHE PLD | $ 501.02 | $ 121.62 | $ 622.64 |
| 5010459 | ROBERT DUNN - INTERNATIONAL | $ 5.92 | $ 1.44 | $ 7.36 |
| 5010460 | IM NEGAUNEE FND-PHILADELPHIA | $ 3.90 | $ 0.95 | $ 4.85 |
| 5010461 | ROBERT L DUNN SEP-IRA - GOP | $ 4.94 | $ 1.20 | $ 6.14 |
| 5010463 | GLORIA M DAIDONE IRA R/O 7D-169 | $ 172.51 | $ 41.87 | $ 214.38 |
| 5010467 | THE FRYE 1997 LIFETIME TRUST | $ 103.87 | $ 25.21 | $ 129.08 |

**SA569**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5010469 | KAMINSKI INTL INVESTMTS INC USD PL | $ 222.65 | $ 54.05 | $ 276.70 |
| 5010476 | ANDOVER NEWTON THEO SCHOOL | $ 13,345.00 | $ 3,239.35 | $ 16,584.35 |
| 5010481 | WRIGHT III DAVID TRUST | $ 26.00 | $ 6.31 | $ 32.31 |
| 5010487 | CUNNINGHAM, R G JR MAR FBO CONSTANC | $ 31.20 | $ 7.57 | $ 38.77 |
| 5010498 | RAY, MARGARET D. TUA | $ 218.40 | $ 53.01 | $ 271.41 |
| 5010503 | WF ADV DOW JONES TARGET TODAY FD | $ 14,428.30 | $ 3,502.31 | $ 17,930.61 |
| 5010504 | WF ADV DOW JONES TARGET 2010 FUND | $ 14,868.62 | $ 3,609.19 | $ 18,477.81 |
| 5010505 | WF ADV DOW JONES TARGET 2020 FUND | $ 24,727.40 | $ 6,002.31 | $ 30,729.71 |
| 5010513 | PENNZOIL QS - GABELLI | $ 78,390.70 | $ 19,028.49 | $ 97,419.19 |
| 5010516 | HEWLETT, WHELAN & GRATNY CUSTODY | $ 1,400.00 | $ 339.83 | $ 1,739.83 |
| 5010520 | BILTZ, ESTHER FBO D. O'BRIEN T/U/W | $ 41.60 | $ 10.10 | $ 51.70 |
| 5010523 | XCEL ENERGY (NSP) - GAMCO | $ 170,081.30 | $ 41,285.38 | $ 211,366.68 |
| 5010524 | PURDY, JAMES PLEDGED CUSTODY | $ 166.40 | $ 40.39 | $ 206.79 |
| 5010526 | BGEA COVE CHARITABLE TRUST | $ 24,800.00 | $ 6,020.17 | $ 30,821.17 |
| 5010527 | BGEA-FUTURE MINISTRIES FUND | $ 10,327.83 | $ 2,506.97 | $ 12,834.80 |
| 5010537 | BAST, EMMA L TUW #3 | $ 208.00 | $ 50.49 | $ 258.49 |
| 5010541 | BAILEY, RALPH A FBO KEVIN TUW-IRR-C | $ 124.80 | $ 30.29 | $ 155.09 |
| 5010542 | CONYNGHAM J/KATE | $ 31.20 | $ 7.57 | $ 38.77 |
| 5010543 | WG CONYNGHAM TU | $ 10.40 | $ 2.52 | $ 12.92 |
| 5010544 | CONYNGHAM J/JOHN | $ 20.80 | $ 5.05 | $ 25.85 |
| 5010545 | WILLIAMSON FREE SCH ETC END FD TD | $ 10.40 | $ 2.52 | $ 12.92 |
| 5010551 | BREYER, EDITH TRS FBO HENRY III MAI | $ 4,160.00 | $ 1,009.79 | $ 5,169.79 |
| 5010552 | BREYER, EDITH TR6 FBO T RODGERS MAI | $ 1,768.00 | $ 429.16 | $ 2,197.16 |
| 5010553 | BREYER, EDITH TR6 FBO HENRY III MAI | $ 17,472.00 | $ 4,241.14 | $ 21,713.14 |
| 5010554 | KOLLER M-INTL## | $ 2,190.23 | $ 531.65 | $ 2,721.88 |
| 5010562 | DEMARCO,MARGARET CUSTODY | $ 520.00 | $ 126.22 | $ 646.22 |
| 5010589 | ALLEN O&E-SG-STO | $ 852.65 | $ 206.97 | $ 1,059.62 |
| 5010590 | ALLEN POL-SG-STO | $ 3,251.95 | $ 789.38 | $ 4,041.33 |
| 5010591 | ALLEN FIR-SG-STO | $ 4,170.65 | $ 1,012.38 | $ 5,183.03 |
| 5010592 | HANFORD MULT-ER PENSION-CAP GUAR D | $ 25,616.00 | $ 6,218.00 | $ 31,834.00 |
| 5010593 | PURDY, BRUCE B. T/U/A | $ 249.60 | $ 60.59 | $ 310.19 |
| 5010594 | PURDY, BARBARA G. T/U/A | $ 166.40 | $ 40.39 | $ 206.79 |
| 5010595 | PURDY, A. W. T/U/W | $ 1,248.00 | $ 302.94 | $ 1,550.94 |
| 5010602 | GOLDMAN, J & M 97 TR (D&C)PLEDGED | $ 81,252.20 | $ 19,723.08 | $ 100,975.28 |
| 5010603 | HYMAN LIVING TRUST A - CUSTODY | $ 10.40 | $ 2.52 | $ 12.92 |
| 5010607 | NUTKIS, AARON MN TUW | $ 31.20 | $ 7.57 | $ 38.77 |
| 5010630 | CARTER, JOHN TR FBO BARRETT | $ 31.20 | $ 7.57 | $ 38.77 |
| 5010631 | CARLOS, EULA CARLOS-PLDG | $ 112.97 | $ 27.42 | $ 140.39 |
| 5010635 | WARD, RUTH N. T/U/A | $ 135.20 | $ 32.82 | $ 168.02 |
| 5010636 | ESTATE OF GREEN, ALAN JR | $ 241.50 | $ 58.62 | $ 300.12 |
| 5010639 | MCDONALD FBO HIROSHI 1981 - CUSTODY | $ 700.00 | $ 169.92 | $ 869.92 |

**SA570**

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 5010640 | BASIN ELECTRIC VEBA TRUST | $ | 4,896.65 | $ | 1,188.61 | $ | 6,085.26 |
| 5010642 | VEGSO/ING# | $ | 5,769.09 | $ | 1,400.38 | $ | 7,169.47 |
| 5010646 | UM RET GAMCO INV | $ | 650.00 | $ | 157.78 | $ | 807.78 |
| 5010657 | LANE LELLEN F. | $ | 24.96 | $ | 6.06 | $ | 31.02 |
| 5010660 | WARD, JOHN M. IMA | $ | 52.00 | $ | 12.62 | $ | 64.62 |
| 5010662 | COHODAS BROS CO PARTIAL PLEDGED | $ | 208.00 | $ | 50.49 | $ | 258.49 |
| 5010675 | CORMIE, M CRUT INT ALL - CUST | $ | 688.75 | $ | 167.19 | $ | 855.94 |
| 5010678 | UNITED HOLD GAM | $ | 208.00 | $ | 50.49 | $ | 258.49 |
| 5010679 | DUDDEN IMPLEMENT-P DUDDEN SUB | $ | 435.00 | $ | 105.59 | $ | 540.59 |
| 5010692 | NORTH SOUND LEGACY INSTITUTIONAL | $ | 890.67 | $ | 216.20 | $ | 1,106.87 |
| 5010699 | ONE WALL STREET PARTNERS L.P. | $ | 13.00 | $ | 3.16 | $ | 16.16 |
| 5010705 | WSCI LIMITED PARTNERSHIP | $ | 156.00 | $ | 37.87 | $ | 193.87 |
| 5010710 | SUSAN ENGLANDER | $ | 12,916.00 | $ | 3,135.22 | $ | 16,051.22 |
| 5010726 | J J LOVE FBO MARY SHAW MAY | $ | 582.40 | $ | 141.37 | $ | 723.77 |
| 5010731 | COUPLAND ETHEL G | $ | 249.60 | $ | 60.59 | $ | 310.19 |
| 5010732 | WHIPPLE CHRISTOPHER MARK | $ | 83.20 | $ | 20.20 | $ | 103.40 |
| 5010733 | STUART JUDE WHIPPLE CUSTODY | $ | 83.20 | $ | 20.20 | $ | 103.40 |
| 5010734 | WHIPPLE MELANIE M | $ | 124.80 | $ | 30.29 | $ | 155.09 |
| 5010739 | ISABELLE S. HAIK IRA ROLLOVER | $ | 83.20 | $ | 20.20 | $ | 103.40 |
| 5010741 | FESSENDEN L CRUT CUS | $ | 62.40 | $ | 15.15 | $ | 77.55 |
| 5010743 | VAN NORT/RICHARD TUW | $ | 41.60 | $ | 10.10 | $ | 51.70 |
| 5010746 | NATHANIEL MADDOX GDN ACCT | $ | 10.40 | $ | 2.52 | $ | 12.92 |
| 5010749 | RUTH FRENCH FAM TR | $ | 10.40 | $ | 2.52 | $ | 12.92 |
| 5010752 | M FINNIGAN TR FBO KATHRYN FINNIGAN | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5010753 | M FINNIGAN TR FBO BRIAN FINNIGAN | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5010754 | M FINNIGAN TR FBO CHRISTIAN FINNIGAN | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5010755 | M FINNIGAN TR FBO HOLLY FINNIGAN | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5010756 | M FINNIGAN TR FBO ROBERT FINNIGAN | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5010759 | JANET BRYANT TR | $ | 655.20 | $ | 159.04 | $ | 814.24 |
| 5010761 | ROGER SENN 1975 TR | $ | 83.20 | $ | 20.20 | $ | 103.40 |
| 5010762 | BARBARA GROVE REV TR | $ | 62.40 | $ | 15.15 | $ | 77.55 |
| 5010860 | PETERSON FAM TR | $ | 41.60 | $ | 10.10 | $ | 51.70 |
| 5010868 | T MOWBRAY FAM TR INVESCO GLOBAL | $ | 20.74 | $ | 5.03 | $ | 25.77 |
| 5010869 | M MOWBRAY FAM TR INVESCO GLOBAL | $ | 64.97 | $ | 15.77 | $ | 80.74 |
| 5010985 | ROBERT MATSON IRA | $ | 20.80 | $ | 5.05 | $ | 25.85 |
| 5010987 | SHAUN OMALLEY IRA CUST GRATRY | $ | 11.64 | $ | 2.83 | $ | 14.47 |
| 5010988 | EVAN PETERSON IRA | $ | 1,035.00 | $ | 251.23 | $ | 1,286.23 |
| 5011001 | PENELOPE AYERS CLT CUST - GRATRY | $ | 4.36 | $ | 1.06 | $ | 5.42 |
| 5011002 | PENELOPE AYERS TR CUST GRATRY | $ | 174.00 | $ | 42.24 | $ | 216.24 |
| 5011003 | IRVING GLADSTEIN 1991 TR CUST-GRATRY | $ | 548.00 | $ | 133.02 | $ | 681.02 |
| 5011004 | P AYERS TTEE J BULL TR GRATRY | $ | 202.90 | $ | 49.25 | $ | 252.15 |

| Claim Number | | Calculated Damages | | Prejudgment Interest | | Total |
|---|---|---|---|---|---|---|
| 5011005 | P AYERS FAM LP CUST GRATRY | $ | 32.85 | $ | 7.97 | $ | 40.82 |
| 5011008 | ALBERT M GREENFIELD FDN CUST GRATRY | $ | 23.27 | $ | 5.65 | $ | 28.92 |
| 5011010 | MARY DUNN CUST GRATRY | $ | 3,199.70 | $ | 776.69 | $ | 3,976.39 |
| 5011011 | IRVING GLADSTEIN INV CUST GRATRY | $ | 1,787.68 | $ | 433.94 | $ | 2,221.62 |
| 5011018 | JANE GLADSTEIN CUST GRATRY | $ | 41.52 | $ | 10.08 | $ | 51.60 |
| 5011019 | SUNRISE SHOPRITE INC CUST GRATRY | $ | 3,726.40 | $ | 904.54 | $ | 4,630.94 |
| 5011020 | PRAKO INVESTMENTS CUST SANTA BARBARA | $ | 898.30 | $ | 218.05 | $ | 1,116.35 |
| 5011021 | PENELOPE AYERS CUST GRATRY | $ | 5,258.55 | $ | 1,276.46 | $ | 6,535.01 |
| 5011026 | MODINE MFG BRANDYWINE INV ACCT | $ | 23,425.00 | $ | 5,686.16 | $ | 29,111.16 |
| 5011036 | MARRONE'S INC. PROFIT SHARING PLAN | $ | 10.40 | $ | 2.52 | $ | 12.92 |
| 5011041 | LATHAM & WATKINS - RANDALL BASSETT | $ | 8,550.00 | $ | 2,075.42 | $ | 10,625.42 |
| 5011060 | CUST NEGHS LTF/INTL-INVESCO | $ | 9,538.00 | $ | 2,315.25 | $ | 11,853.25 |
| 5011061 | TR BROWN SHOE PEN/CAPITAL GUARD | $ | 8,766.00 | $ | 2,127.85 | $ | 10,893.85 |
| 5011063 | CUST MCG DN/HARRIS | $ | 6,225.00 | $ | 1,511.05 | $ | 7,736.05 |
| 5011064 | CUST SUNNY ISLAND SETTLE / S | $ | 10,143.00 | $ | 2,462.10 | $ | 12,605.10 |
| 5011065 | GENUINE PARTS CO PEN/GAMCO TR | $ | 26,200.00 | $ | 6,359.76 | $ | 32,559.76 |
| 5011068 | NEGHS PENSION- INVESCO GLOBAL TR | $ | 835.50 | $ | 202.81 | $ | 1,038.31 |
| 5011070 | TR FHSC/BRANDYWINE ASSET MGMT. | $ | 10,760.50 | $ | 2,611.99 | $ | 13,372.49 |
| 5011078 | ZIEGLER ALVIN JR CUSTODY | $ | 51.50 | $ | 12.50 | $ | 64.00 |
| 5011079 | SHIRLEY WEINSTEIN TRUST | $ | 36.40 | $ | 8.84 | $ | 45.24 |
| 5011082 | ROGERS, DOYLE SD-IRA | $ | 435.00 | $ | 105.59 | $ | 540.59 |
| 5011083 | EISENBACH, DOROTHY TTEE CU | $ | 104.00 | $ | 25.24 | $ | 129.24 |
| 5011091 | WINTON,MOLLIE SUC-CO-TA 8(386) | $ | 156.00 | $ | 37.87 | $ | 193.87 |
| 5011097 | SMYNTEK LAWRENCE/PCUSECPLDGS82 | $ | 12.48 | $ | 3.03 | $ | 15.51 |
| 5011100 | SCHWARTZ, EDITH R. TR MA CLOSING | $ | 5.59 | $ | 1.36 | $ | 6.95 |
| 5011106 | DESAUSSURE,M FBO T H PRINCE(640) | $ | 26.00 | $ | 6.31 | $ | 32.31 |
| 5011107 | T.HARRISON PRINCE TTEE TUA 640 | $ | 26.00 | $ | 6.31 | $ | 32.31 |
| 5011112 | JOSEPH, DAVID TR -CUSTODY PLD | $ | 2.60 | $ | 0.63 | $ | 3.23 |
| 5011118 | JOSEPH, MICHAEL & FAIGA PLD | $ | 112.84 | $ | 27.39 | $ | 140.23 |
| 5011124 | NORMAN ESIASON-*****,****** *** | $ | 267.06 | $ | 64.83 | $ | 331.89 |
| 5011132 | PHILIP L. SCHNEIDER IRA 966 | $ | 12.22 | $ | 2.97 | $ | 15.19 |
| 5011134 | NICHOLSON TF SJ | $ | 65.00 | $ | 15.78 | $ | 80.78 |
| 5011136 | NICHOLSON TF WH | $ | 39.00 | $ | 9.47 | $ | 48.47 |
| 5011138 | NICHOLSON TF SNS | $ | 52.00 | $ | 12.62 | $ | 64.62 |
| 5011140 | ASSISI-SAME | $ | 161,838.00 | $ | 39,284.41 | $ | 201,122.41 |
| 5011174 | CAPITAL NURSERY CO PS PL-INVESCO - | $ | 64.75 | $ | 15.72 | $ | 80.47 |
| 5011191 | KINTETSU WORLD EXPRESS PS IVORY-SIM | $ | 24.42 | $ | 5.93 | $ | 30.35 |
| 5011208 | VISION METALS SAL EE PEN PL - ING- | $ | 15,817.50 | $ | 3,839.53 | $ | 19,657.03 |
| 5011237 | MS FOCUS GROWTH FUND | $ | 25,810.00 | $ | 6,265.10 | $ | 32,075.10 |
| 5011238 | MS VAR EQTY FUND | $ | 108,460.00 | $ | 26,327.48 | $ | 134,787.48 |
| 5011239 | MS VAR AGGR EQTY FUND | $ | 4,495.00 | $ | 1,091.11 | $ | 5,586.11 |

**SA572**

Case 15-2881, Document 87, 08/12/2015, 1574499, Page123 of 132

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5001249 | CONCORDE VALUE FUND | $ 41,040.00 | $ 9,962.01 | $ 51,002.01 |
| 5001253 | FOLEY & LARDNER MICHAEL GROOB | $ 2.60 | $ 0.63 | $ 3.23 |
| 5001257 | ELEANOR V. THORNE TRUST ESTATE | $ 2.60 | $ 0.63 | $ 3.23 |
| 5001259 | LIGHT REVOLUTION FUND | $ 22,347.12 | $ 5,424.52 | $ 27,771.64 |
| 5001260 | MADISON CULTURAL-GABELLI MID PLEDGE | $ 8,217.00 | $ 1,994.59 | $ 10,211.59 |
| 5001262 | W JEROME FRAUTSCHI REV GABELLI | $ 6,723.00 | $ 1,631.93 | $ 8,354.93 |
| 5001263 | PLEASANT T ROWLAND REV GABELLI-PLED | $ 10,831.50 | $ 2,629.23 | $ 13,460.73 |
| 5001264 | OVERTURE FDN-GABELLI MID PLEDGED | $ 4,482.00 | $ 1,087.96 | $ 5,569.96 |
| 5001265 | PTR FDN-GABELLI MID CAP | $ 7,096.50 | $ 1,722.60 | $ 8,819.10 |
| 5001266 | JCI CAPITAL GUARDIAN TR CO | $ 13,473.00 | $ 3,270.42 | $ 16,743.42 |
| 5001271 | THOMPSON COBURN P/S MINTON/LAZARD | $ 32.46 | $ 7.88 | $ 40.34 |
| 5001277 | NORFOLK SOUTHERN PENS PLAN/CAP GUAR | $ 48,753.00 | $ 11,834.26 | $ 60,587.26 |
| 5001278 | TYE,MARTHA ELLEN FOUND (INVESCO) | $ 1,548.80 | $ 375.95 | $ 1,924.75 |
| 5001310 | SARGENT MANAGEMENT COMPANY | $ 1,697.80 | $ 412.12 | $ 2,109.92 |
| 5001311 | SARGENT INDEX FUND | $ 280.80 | $ 68.16 | $ 348.96 |
| 5001329 | FRANK H LEISEROWITZ TRUST | $ 31.20 | $ 7.57 | $ 38.77 |
| 5001340 | BOYAR VALUE FUND, INC. | $ 28,699.20 | $ 6,966.42 | $ 35,665.62 |
| 5001347 | LINDNER COMMUNICATIONS FUND | $ 10,260.00 | $ 2,490.50 | $ 12,750.50 |
| 5001348 | THE HAVERI VALUE FUND | $ 4,975.00 | $ 1,207.63 | $ 6,182.63 |
| 5001351 | EUROPEAN GROWTH & INCOME FUND | $ 3,069.88 | $ 745.18 | $ 3,815.06 |
| 5001359 | CARDIO & THOR SURGNS P/S/P FB FLEGE | $ 4,382.00 | $ 1,063.68 | $ 5,445.68 |
| 5001362 | PURISIMA PURE FOREIGN FUND | $ 690.00 | $ 167.49 | $ 857.49 |
| 5001365 | THOMPSON COBURN P/S SABLEMAN | $ 10.40 | $ 2.52 | $ 12.92 |
| 5001368 | LANGSDORF,THOMAS K. TRUST AGENCY | $ 208.00 | $ 50.49 | $ 258.49 |
| 5001378 | SMITH, SARA J TUA | $ 10.40 | $ 2.52 | $ 12.92 |
| 5001397 | ANNA R BLANK MASTER TRUST | $ 998.40 | $ 242.35 | $ 1,240.75 |
| 5001398 | ABRAHAM H BLANK MASTER TRUST | $ 1,996.80 | $ 484.70 | $ 2,481.50 |
| 5001402 | RUSSELL KITTLESON DDS REVOCABLE TR | $ 83.20 | $ 20.20 | $ 103.40 |
| 5001404 | ARCHDIOCESE OF DENVER - GAMCO | $ 130.00 | $ 31.56 | $ 161.56 |
| 5001405 | THE CATHOLIC FDN - GAMCO | $ 31.20 | $ 7.57 | $ 38.77 |
| 5001407 | JOSEPH B SCOTT | $ 97.11 | $ 23.57 | $ 120.68 |
| 5001409 | SCOTT CHILDRENS' TRUST F/ANTHONY | $ 145.60 | $ 35.34 | $ 180.94 |
| 5001410 | SCOTT CHILDRENS' TRUST F/BRIAN | $ 145.60 | $ 35.34 | $ 180.94 |
| 5001429 | OSF-KAYNE ANDERSON RUDNICK/PLEDGED | $ 2,359.60 | $ 572.77 | $ 2,932.37 |
| 5001431 | COX HEALTH SYSTEMS ERISA-INVESCO | $ 576.75 | $ 140.00 | $ 716.75 |
| 5001432 | COX HEALTH SYSTEMS NONERISA-INVESCO | $ 2,237.75 | $ 543.19 | $ 2,780.94 |
| 5001438 | RBC CAPITAL MARKETS LLC | $ 105,585.80 | $ 25,629.80 | $ 131,215.60 |
| 5001441 | RESEARCH CORPORATION TECH. ******** | $ 14,115.00 | $ 3,426.26 | $ 17,541.26 |
| 5001444 | COLLIER TR FBO S COLLIER/BRANDYWINE | $ 1,552.95 | $ 376.96 | $ 1,929.91 |
| 5001445 | LUELLA HANNAN FOUNDATION IMA JUNE 28, 20 | $ 1,284.00 | $ 311.68 | $ 1,595.68 |
| 5001447 | ROBERT R. TAYLOR FLP IMA-LAZARD INT | $ 884.50 | $ 214.70 | $ 1,099.20 |

**SA573**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5011448 | RR TAYLOR FLP IMA/BRANDVOLD-LAZARD | $ 543.75 | $ 131.99 | $ 675.74 |
| 5011449 | C EDWARDS FBO JOHN/JP MORGAN | $ 5.98 | $ 1.45 | $ 7.43 |
| 5011450 | C EDWARDS FBO MICHAEL/JP MORGAN | $ 5.46 | $ 1.33 | $ 6.79 |
| 5011451 | C EDWARDS FBO STEPHEN/JP MORGAN | $ 351.77 | $ 85.39 | $ 437.16 |
| 5011458 | MARTIN HOFFMANN TR-HRDING LOEVNR INT | $ 171.70 | $ 41.68 | $ 213.38 |
| 5011461 | LYNNETTE L. MAURER IMA-INVESCO INTERNATI | $ 44.94 | $ 10.91 | $ 55.85 |
| 5011468 | R GRIFFITHS 1999 TRUST | $ 115.56 | $ 28.05 | $ 143.61 |
| 5011552 | TERESA M. SMITH TRUST B | $ 10,254.90 | $ 2,489.26 | $ 12,744.16 |
| 5011587 | RICHARD J.ALMEIDA 1991 TR./FISHER | $ 1,971.00 | $ 478.44 | $ 2,449.44 |
| 5011595 | BRANDYWINE/WOMWNS DIV. GSP ****** | $ 1,479.00 | $ 359.01 | $ 1,838.01 |
| 5011596 | BPB INVESTMENT LIMITED PARTNERSHIP/ | $ 7,261.25 | $ 1,762.59 | $ 9,023.84 |
| 5011600 | CA SA- CA TITRES BRUNOY | $ 10,142.70 | $ 2,462.03 | $ 12,604.73 |
| 5011603 | GERTRUDE K CHISHOLM 1997 ANN TR/GRA | $ 2,549.00 | $ 618.74 | $ 3,167.74 |
| 5011612 | ROBBINS HELEN ALLEY TR U/W ART II | $ 3.90 | $ 0.95 | $ 4.85 |
| 5011617 | LEE ALEXANDER P.-IMA | $ 78.82 | $ 19.13 | $ 97.95 |
| 5011727 | HUNT ROY A ***** PRISCILLA-TR | $ 5,130.00 | $ 1,245.25 | $ 6,375.25 |
| 5011757 | WURTMAN RICHARD J (IMA) | $ 52.00 | $ 12.62 | $ 64.62 |
| 5011812 | HANNA BOYS CENTER CAPITAL GUARDIAN | $ 1,498.00 | $ 363.62 | $ 1,861.62 |
| 5011821 | KAS DEPOSITORY TRUST CO. TREATY ACC | $ 40.95 | $ 9.94 | $ 50.89 |
| 5011831 | WOMENS DIVISION NYC | $ 1,479.00 | $ 359.01 | $ 1,838.01 |
| 5011833 | UNIVERSITY OF OREGON/FISHER INVESTM | $ 8,176.00 | $ 1,984.63 | $ 10,160.63 |
| 5011834 | R P LUCIANO / LAZARD ASSET MANAGE | $ 756.00 | $ 183.51 | $ 939.51 |
| 5011843 | EDITH THYS MORGAN TUA CUSTODY ACCOU | $ 5,467.00 | $ 1,327.05 | $ 6,794.05 |
| 5011844 | NET FORBES FORTY INDEX TRUST SERIES | $ 1,231.20 | $ 298.86 | $ 1,530.06 |
| 5011852 | HARRIS TRUST COMPANY | $ 14,372.55 | $ 3,488.78 | $ 17,861.33 |
| 5011858 | KEN & SUE POORMAN/FW | $ 2.35 | $ 0.57 | $ 2.92 |
| 5011868 | VIVEND UNIVERSAL STOCK FUND | $ 5,128.65 | $ 1,244.92 | $ 6,373.57 |
| 5011880 | VKAC BRAND NAME EQUITY TRUST SERIES #1 | $ 249.91 | $ 60.66 | $ 310.57 |
| 5011881 | VKAC BRAND NAME EQUITY TRUST SERIES #2 | $ 70.29 | $ 17.06 | $ 87.35 |
| 5011884 | TELE-GLOBAL PORT SERIES 16A | $ 1,780.28 | $ 432.14 | $ 2,212.42 |
| 5011887 | TELE-GLOBAL PORT SERIES 17B | $ 3,292.23 | $ 799.15 | $ 4,091.38 |
| 5011889 | TELE-GLOBAL PORT. CLSSIC SRS 18 | $ 3,099.30 | $ 752.32 | $ 3,851.62 |
| 5011898 | CRANE CO.-GABELLI ASSET MANAGEMENT | $ 8,435.00 | $ 2,047.50 | $ 10,482.50 |
| 5011899 | CMHC INVEST - INVESCO | $ 9,556.00 | $ 2,319.61 | $ 11,875.61 |
| 5011904 | AEP SYS RET TR-AXE HOUGHTON | $ 16,095.00 | $ 3,906.89 | $ 20,001.89 |
| 5011906 | ABS PENSION - GABELLI | $ 8,485.00 | $ 2,059.64 | $ 10,544.64 |
| 5011912 | BRUNSWICK MASTERS TR-CAPITAL GUARDI | $ 7,700.00 | $ 1,869.09 | $ 9,569.09 |
| 5011913 | MEDPOINTE PENSION - CAPITAL GUARDIA | $ 7,698.00 | $ 1,868.61 | $ 9,566.61 |
| 5011938 | CENTRAL MAINE PENSION - INVESCO | $ 2,980.00 | $ 723.36 | $ 3,703.36 |
| 5011942 | COMPOSTELA - EQUITY FUND LAZARD | $ 2,664.00 | $ 646.66 | $ 3,310.66 |
| 5011945 | USC-SUPPORT STAFF RETIRMENT PLN CAP | $ 15,393.00 | $ 3,736.48 | $ 19,129.48 |

**SA574**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5001953 | BROCKTON HOSPITAL ENDOWMENT | $ 9,024.05 | $ 2,190.49 | $ 11,214.54 |
| 5001954 | BROCKTON HOSPITAL PENSION PLAN | $ 4,605.15 | $ 1,117.85 | $ 5,723.00 |
| 5001959 | C F KETTERING INCORPORATED | $ 4,704.00 | $ 1,141.84 | $ 5,845.84 |
| 5001960 | EMPLOYEES' RETIREMENT FD CITY OF FO | $ 11,332.00 | $ 2,750.72 | $ 14,082.72 |
| 5001976 | CANTERBURY TRUST COMPANY | $ 5,996.50 | $ 1,455.58 | $ 7,452.08 |
| 5001989 | GMI/DRI INV TR PENSION & SAVINGS | $ 14,940.00 | $ 3,626.52 | $ 18,566.52 |
| 5002010 | METZLER PAYDEN | $ 3,096.50 | $ 751.64 | $ 3,848.14 |
| 5002013 | MYCFO | $ 2,832.20 | $ 687.49 | $ 3,519.69 |
| 5002034 | ROCHESTER GAS & ELECTRIC CORPORATIO | $ 11,762.00 | $ 2,855.10 | $ 14,617.10 |
| 5002036 | SOUTHDOWN INC | $ 4,892.50 | $ 1,187.60 | $ 6,080.10 |
| 5002038 | SOCIETY OF JESUS OF NEW ENGLAND | $ 12,190.70 | $ 2,959.16 | $ 15,149.86 |
| 5002042 | TEMPLE UNIVERSITY | $ 14,490.00 | $ 3,517.29 | $ 18,007.29 |
| 5002050 | U OF MISSOURI RETIREMENT | $ 2,470.00 | $ 599.57 | $ 3,069.57 |
| 5002063 | WITCO CORPORATION RETIREMENT TRUST | $ 325.00 | $ 78.89 | $ 403.89 |
| 5002068 | JANE STREET CAPITAL LLC******** | $ 309,514.00 | $ 75,131.14 | $ 384,645.14 |
| 5002070 | D. E. SHAW INVESTMENTS, L.P. | $ 85,398.00 | $ 20,729.43 | $ 106,127.43 |
| 5002075 | D. E. SHAW VALENCE, L.L.C. | $ 277,746.60 | $ 67,419.95 | $ 345,166.55 |
| 5002081 | TR U/W FOR WALTER S BOPP | $ 208.00 | $ 50.49 | $ 258.49 |
| 5002097 | GOLDMAN J CLT/SE | $ 57,411.10 | $ 13,935.92 | $ 71,347.02 |
| 5002098 | GOLDMAN J LTT/SE | $ 75,714.00 | $ 18,378.75 | $ 94,092.75 |
| 5002106 | JOHN GOLDMAN 2001 TR SE | $ 26,910.00 | $ 6,532.11 | $ 33,442.11 |
| 5002109 | JAY FURMAN TRUST U/A FOREIGN SUB | $ 130.00 | $ 31.56 | $ 161.56 |
| 5002114 | TOLKIN ARNOLD & BARBARA | $ 104.00 | $ 25.24 | $ 129.24 |
| 5002119 | E. FONDREN 82 TR-DMU SAROFIM | $ 728.00 | $ 176.71 | $ 904.71 |
| 5002176 | STEPHEN R STOVER | $ 36.40 | $ 8.84 | $ 45.24 |
| 5002253 | THOMAS C YOUNG - EQUITY | $ 31.20 | $ 7.57 | $ 38.77 |
| 5002388 | ANNE LARSEN SIMONSON - TOD | $ 312.00 | $ 75.73 | $ 387.73 |
| 5002444 | LASHINSKI CREDIT TRUST | $ 10.40 | $ 2.52 | $ 12.92 |
| 5002484 | MARGARET Z LARSEN TRUST | $ 520.00 | $ 126.22 | $ 646.22 |
| 5002531 | LEO J CROLL TRUST FOR EDWINA DAVIS | $ 104.00 | $ 25.24 | $ 129.24 |
| 5002532 | LEO J CROLL TRUST FOR ALAN D CROLL | $ 104.00 | $ 25.24 | $ 129.24 |
| 5002561 | SYCR PSP FBO SCHAAF/RIA-LAZARD | $ 246.50 | $ 59.84 | $ 306.34 |
| 5002562 | SYCR PSP FBO FRYDMAN/LAZARD | $ 159.50 | $ 38.72 | $ 198.22 |
| 5002567 | WILLIAM M HABER CUSTODY ACCT | $ 738.40 | $ 179.24 | $ 917.64 |
| 5002571 | FELDNGER CHILDREN'S TRUST | $ 108.38 | $ 26.31 | $ 134.69 |
| 5002572 | W & A HEINEMAN TR AGY A&C CO-TTEES | $ 2,198.00 | $ 533.54 | $ 2,731.54 |
| 5002573 | THOMAS BLISS & MERRILY WEISS TR AGY | $ 10.40 | $ 2.52 | $ 12.92 |
| 5002585 | JAMES H. COBURN, III-TIRA | $ 124.80 | $ 30.29 | $ 155.09 |
| 5002587 | HB&W JOSEPH A. TURRI | $ 1,936.50 | $ 470.06 | $ 2,406.56 |
| 5002588 | WATSON PSP-EDWARD PISKO | $ 20.80 | $ 5.05 | $ 25.85 |
| 5002604 | NGKE PSP FBO RICHARD C. HARRIS | $ 213.75 | $ 51.89 | $ 265.64 |

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5012635 | WILLIAM T. DAWSON PERSONAL ACCOUNT | $ 4,350.00 | $ 1,055.91 | $ 5,405.91 |
| 5012655 | JACQUELINE PLUMEZ & JEAN PLUMEZ JTW | $ 18.20 | $ 4.42 | $ 22.62 |
| 5012665 | VERNON E. JORDAN JR. REV TR DTD 3/1 | $ 125.20 | $ 30.39 | $ 155.59 |
| 5012676 | LAZARD INTERNATIONAL EQUITY SELECT | $ 3,303.95 | $ 802.00 | $ 4,105.95 |
| 5012686 | IFIN LP | $ 870.00 | $ 211.18 | $ 1,081.18 |
| 5012688 | LOCAL 413 PENSION FUND | $ 1,366.00 | $ 331.58 | $ 1,697.58 |
| 5012690 | LONGVIEW COLLECTIVE INVESTMENT | $ 7,342.53 | $ 1,782.32 | $ 9,124.85 |
| 5012692 | LONGVIEW VEBA 500 | $ 421.20 | $ 102.24 | $ 523.44 |
| 5012700 | PIATKOWSKI, FAMILY ADMIN.-INTERNAT. | $ 582.30 | $ 141.35 | $ 723.65 |
| 5013085 | M/DINGVP/INTL VALUEPORT | $ 56,268.00 | $ 13,658.44 | $ 69,926.44 |
| 5013087 | INTERNATIONAL CORE FUND | $ 21,018.12 | $ 5,101.92 | $ 26,120.04 |
| 5013101 | IAM SHARES | $ 44,460.00 | $ 10,792.18 | $ 55,252.18 |
| 5013119 | NB INTERNATIONAL FUND | $ 81,485.82 | $ 19,779.79 | $ 101,265.61 |
| 5013130 | SPENCER G. ATHA TRUST | $ 115.96 | $ 28.15 | $ 144.11 |
| 5013152 | MILLENNIUM PARTNERS, LLC: ADMIN | $ 1,064.88 | $ 258.49 | $ 1,323.37 |
| 5013155 | MILLENNIUM PARTNERS, LLC: CROWLEY #1 | $ 1,236.00 | $ 300.03 | $ 1,536.03 |
| 5013158 | MILLENNIUM PARTNERS, LLC: CROWLEY #2 | $ 2,963.00 | $ 719.24 | $ 3,682.24 |
| 5013161 | MILLENNIUM PARTNERS, LLC: FRIEDMAN | $ 41,365.00 | $ 10,040.90 | $ 51,405.90 |
| 5013166 | MILLENNIUM PARTNERS, LLC: MCTERNAN | $ 42,000.00 | $ 10,195.04 | $ 52,195.04 |
| 5013174 | MANAGERS AMG FQ TAX-MANAGED U.S. EQ | $ 5,175.00 | $ 1,256.17 | $ 6,431.17 |
| 5013247 | YORK CAPITAL MANAGEMENT, L.P. | $ 9,169.80 | $ 2,225.87 | $ 11,395.67 |
| 5013249 | THE POINT COMMUNITY DEVELOPMENT CORP. | $ 10.40 | $ 2.52 | $ 12.92 |
| 5013286 | JHVIT- LIFESTYLE BALANCED TRUST | $ 186,000.00 | $ 45,149.47 | $ 231,149.47 |
| 5013288 | JHVIT-AMERICAN ASSET ALLOCATION TRUST | $ 65,434.00 | $ 15,883.39 | $ 81,317.39 |
| 5013290 | JHVIT-AMERICAN GROWTH-INCOME TRUST | $ 106,265.00 | $ 25,794.67 | $ 132,059.67 |
| 5013295 | JHVIT-CAPITAL APPRECIATION TRUST | $ 1,388.40 | $ 337.02 | $ 1,725.42 |
| 5013328 | PACIFIC SELECT DIVIDEND GROWTH PORTFOLIO | $ 129,765.00 | $ 31,499.04 | $ 161,264.04 |
| 5013362 | ADVANCED SERIES TRUST: AST SMALL-CAP VAL | $ 216,426.00 | $ 52,535.05 | $ 268,961.05 |
| 5013372 | STRATEGIC PARTNERS STYLE SPECIFIC FUNDS | $ 146,416.60 | $ 35,541.03 | $ 181,957.63 |
| 5013388 | SUPERIOR LABEL LAZARD ACCOUNT | $ 362.50 | $ 87.99 | $ 450.49 |
| 5013409 | DOMINICAN SISTERS-DIAMOND HILL | $ 159,390.00 | $ 38,690.18 | $ 198,080.18 |
| 5014196 | CORBOY | $ 797.50 | $ 193.58 | $ 991.08 |
| 5014498 | ANBEE & CO | $ 1,570.00 | $ 381.10 | $ 1,951.10 |
| 5014209 | NORTHEAST FINANCIAL GROUP, INC. | $ 568.70 | $ 138.05 | $ 706.75 |
| 5014211 | OLD NATIONAL TRUST COMPANY | $ 217.50 | $ 52.80 | $ 270.30 |
| 5014217 | SVA PLUMB FINANCIAL LLP | $ 4,325.35 | $ 1,049.93 | $ 5,375.28 |
| 5014218 | THE MDE GROUP #1 | $ 667.00 | $ 161.91 | $ 828.91 |
| 5014220 | THE MDE GROUP #2 | $ 3,933.00 | $ 954.69 | $ 4,887.69 |
| 5014223 | THE MDE GROUP #3 | $ 130.50 | $ 31.68 | $ 162.18 |
| 5014224 | THE MDE GROUP #4 | $ 166.75 | $ 40.48 | $ 207.23 |
| 5014232 | CITADEL TRADING GROUP LLC | $ 2,766.40 | $ 671.51 | $ 3,437.91 |

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 5014237 | NELSON PARTNERS LTD | $ 13,634.40 | $ 3,309.60 | $ 16,944.00 |
| 5014239 | CITADEL JACKSON INVESTMENTS LTD #1 | $ 187.20 | $ 45.44 | $ 232.64 |
| 5014244 | OLYMPUS SECURITIES LTD | $ 2,776.80 | $ 674.04 | $ 3,450.84 |
| 5014246 | CITADEL CREDIT TRADING LTD | $ 6,331.50 | $ 1,536.90 | $ 7,868.40 |
| 5014250 | CITADEL JACKSON INVESTMENTS LTD #2 | $ 686.40 | $ 166.62 | $ 853.02 |
| 5014268 | COLLEGE RETIREMENT EQUITIES FUND STOCK ACCOUNT | $ 19,639.35 | $ 4,767.24 | $ 24,406.59 |
| 5014279 | ROSENTHAL REVOCABLE LIVING TRUST | $ 876.00 | $ 212.64 | $ 1,088.64 |
| 5014308 | JPMIM GLOBALADR ACCOUNT | $ 342.00 | $ 83.02 | $ 425.02 |
| 5014336 | OSHRIN, EDWARD J. | $ 4,024.25 | $ 976.84 | $ 5,001.09 |
| 5014337 | OSHRIN, ANDREW M. | $ 6,971.40 | $ 1,692.23 | $ 8,663.63 |
| 5014342 | ANFORA CORPORATION | $ 2,000.00 | $ 485.48 | $ 2,485.48 |
| 5014364 | WILLIAM & KATHARINE BECKER-GABELLI | $ 1,529.67 | $ 371.31 | $ 1,900.98 |
| 5014367 | DAVID & DIANA SUN TRUST (GABELLI) | $ 14,218.20 | $ 3,451.31 | $ 17,669.51 |
| 5014369 | JOHN & MARY TU TRUST (GABELLI) | $ 14,218.20 | $ 3,451.31 | $ 17,669.51 |
| 5014387 | ADVISOR DIVERSIFIED STOCK | $ 11,230.70 | $ 2,726.13 | $ 13,956.83 |
| 5014393 | TRAVELERS LARGE CAP | $ 760.50 | $ 184.60 | $ 945.10 |
| 5014397 | ADVISOR GROWTH OPPORTUNITIES | $ 2,607,358.00 | $ 632,907.66 | $ 3,240,265.66 |
| 5014400 | DIVERSIFIED INTL FUND | $ 1,975,342.84 | $ 479,492.88 | $ 2,454,835.72 |
| 5014401 | LARGE CAP STOCK | $ 1,808.30 | $ 438.95 | $ 2,247.25 |
| 5014405 | ADVISOR LARGE CAP | $ 1,630.20 | $ 395.71 | $ 2,025.91 |
| 5014406 | VIP III GROWTH OPPORTUNITIES | $ 282,642.00 | $ 68,608.26 | $ 351,250.26 |
| 5014407 | FA DIVERSIFIED INTERNATIONAL | $ 118,999.16 | $ 28,885.75 | $ 147,884.91 |
| 5014458 | UNIVERSAL MUSIC GROUP 401(K) PLAN | $ 4,897,365.60 | $ 1,188,781.97 | $ 6,086,147.57 |
| 5014460 | MARIAN CRONHEIM CRUT FBO LEWIS-CUST | $ 2,744.00 | $ 666.08 | $ 3,410.08 |
| 5014461 | MO FOUNDATION - BANK OF NEW YORK | $ 17,319.00 | $ 4,204.00 | $ 21,523.00 |
| 5014463 | GARY G VANATTA IRA ROLLOVER | $ 145.00 | $ 35.20 | $ 180.20 |
| 5014464 | L.J. LONGO 1985 IR-CREDIT SUISSE | $ 1,739.28 | $ 422.19 | $ 2,161.47 |
| 5014467 | MWE ESTATE TR ELISE JOSEPH-EAGLE F | $ 430.00 | $ 104.38 | $ 534.38 |
| 5014468 | MWE ESTATE JAMES ELKINS III-EAGLE F | $ 430.00 | $ 104.38 | $ 534.38 |
| 5014469 | MWE ESTATE TR LESLIE ELKINS-EAGLE F | $ 430.00 | $ 104.38 | $ 534.38 |
| 5014473 | D. SCOTT MICKLE REVOCABLE TR | $ 3,330.00 | $ 808.32 | $ 4,138.32 |
| 5014475 | GOLDSTEN, J. IRREV TR DANIEL GILL | $ 428.00 | $ 103.89 | $ 531.89 |
| 5014486 | BAYHEALTH MEDICAL CTR PP | $ 602.50 | $ 146.25 | $ 748.75 |
| 5014488 | MACARTHUR COMPANY/LAZARD | $ 291.15 | $ 70.67 | $ 361.82 |
| 5014489 | MACARTHUR SAL EES PEN/ FAYEZ | $ 434.16 | $ 105.39 | $ 539.55 |
| 5014490 | MCNAUGHTON MCKAY/SPA-INVESCO | $ 1,410.50 | $ 342.38 | $ 1,752.88 |
| 5014494 | SUSQUEHANNA INVESTMENT GROUP #1 | $ 113.40 | $ 27.53 | $ 140.93 |
| 5014504 | SUSQUEHANNA INVESTMENT GROUP #2 | $ 140.00 | $ 33.98 | $ 173.98 |
| 5014507 | SUSQUEHANNA INVESTMENT GROUP #3 | $ 18,224.00 | $ 4,423.68 | $ 22,647.68 |
| 5014508 | SUSQUEHANNA INVESTMENT GROUP #4 | $ 5,175.00 | $ 1,256.17 | $ 6,431.17 |
| 5014509 | SIG-SS CBOE JOINT ACCOUNT | $ 19,196.00 | $ 4,659.62 | $ 23,855.62 |

| Claim Number | | Calculated Damages | Prejudgment Interest | | Total |
|---|---|---|---|---|---|
| 5014512 | SUSQUEHANNA CAPITAL GROUP | $ 7,987.20 | $ 1,938.81 | $ | 9,926.01 |
| 7002921 | JACATA ENTERPRISES | $ 447.45 | $ 108.61 | $ | 556.06 |
| 7003042 | G & K LEAK FAMILY TRUST | $ 104.76 | $ 25.43 | $ | 130.19 |
| 7003153 | MIHO SUGIMOTO | $ 14.00 | $ 3.40 | $ | 17.40 |
| 10000033 | WALTER FRANKLIN HORNE IRA | $ 2,355.00 | $ 571.65 | $ | 2,926.65 |
| 10000049 | BENJAMIN GOLDFIELD | $ 48.88 | $ 11.87 | $ | 60.75 |
| 10000065 | RICHARD L WEST & JONNIE K WEST TTEE | $ 609.12 | $ 147.86 | $ | 756.98 |
| 10000116 | STEPHEN P RASHAN & EILEEN FAHEY RASHAN JT TEN | $ 828.00 | $ 200.99 | $ | 1,028.99 |
| 10000123 | ROBERT L THOMSSEN | $ 220.00 | $ 53.40 | $ | 273.40 |
| 10000152 | VIPULA YALAMANCHILI AND RAO YALAMANCHILI | $ 642.00 | $ 155.84 | $ | 797.84 |
| 10000153 | ROBERT W DIETRICH | $ 42.94 | $ 10.42 | $ | 53.36 |
| 10000159 | EUGENE J HUO JEFFREY S HUO JT TEN | $ 2.60 | $ 0.63 | $ | 3.23 |
| 10000162 | PHILIP J SHERIDAN AND JANE M SHERIDAN | $ 255.52 | $ 62.02 | $ | 317.54 |
| 10000171 | GARY WORTMAN | $ 70.00 | $ 16.99 | $ | 86.99 |
| 10000178 | SALLY L TRAIDMAN | $ 17.90 | $ 4.35 | $ | 22.25 |
| 10000193 | MICHAEL R. CHALIAN | $ 1,035.00 | $ 251.23 | $ | 1,286.23 |
| 10000236 | LIN LUO | $ 292.00 | $ 70.88 | $ | 362.88 |
| 10000277 | NORMAN SHABEL | $ 176.74 | $ 42.90 | $ | 219.64 |
| 10000300 | JOHN H PLANT & MARTHA H PLANT TIC | $ 238.74 | $ 57.95 | $ | 296.69 |
| 10000302 | RICHARD & JENNIFER SCHAIBLE LIVING TRUST | $ 365.00 | $ 88.60 | $ | 453.60 |
| 10000305 | JOHN EDWARD & KAREN BELT TRUST | $ 203.25 | $ 49.34 | $ | 252.59 |
| 10000328 | LAURETTE ANN WENMAN | $ 138.84 | $ 33.70 | $ | 172.54 |
| 10000337 | LINDA LUND | $ 609.55 | $ 147.96 | $ | 757.51 |
| 10000344 | CHRISTOPHE PAROT | $ 78.50 | $ 19.06 | $ | 97.56 |
| 10000350 | MARION COOPER AND STEVEN COOPER JTWROS | $ 26.00 | $ 6.31 | $ | 32.31 |
| 10000388 | PAUL D PAGE III & PHYLLIS D PAGE JTWROS | $ 149.54 | $ 36.30 | $ | 185.84 |
| 10000392 | TERRIE E. ROBINSON | $ 1,154.32 | $ 280.20 | $ | 1,434.52 |
| 10000400 | LYNN BEVERIDGE | $ 31.20 | $ 7.57 | $ | 38.77 |
| 10000402 | LAKES INVESTMENT INC | $ 4,764.20 | $ 1,156.46 | $ | 5,920.66 |
| 10000414 | CARL DAVID JACOBS | $ 292.00 | $ 70.88 | $ | 362.88 |
| 10000421 | TIMOTHY J CARPENTER | $ 584.00 | $ 141.76 | $ | 725.76 |
| 10000424 | DOLORES MISTRETTA | $ 66.60 | $ 16.17 | $ | 82.77 |
| 10000427 | TIMOTHY J CARPENTER AND KAY MILES CARPENTER TIC | $ 511.00 | $ 124.04 | $ | 635.04 |
| 10000478 | CHARLOTTE K REITH & JOHN H REITH JT TEN | $ 48.75 | $ 11.83 | $ | 60.58 |
| 20000088 | GEORGE A SABOL & CHRISTINE C SABOL | $ 4,980.00 | $ 1,208.84 | $ | 6,188.84 |
| 20000099 | ROBERT S WOZNIAK LIVING TRUST | $ 10.40 | $ 2.52 | $ | 12.92 |
| 20000116 | JACQUELINE V JUDD TRUST | $ 41.60 | $ 10.10 | $ | 51.70 |
| 20000206 | GRANVILLE M BRUMBAUGH JR | $ 3,424.40 | $ 831.24 | $ | 4,255.64 |
| 20000595 | TIMOTHY G WILSON | $ 1,177.50 | $ 285.83 | $ | 1,463.33 |
| 20000724 | JOSEPH C LUDEWIG & MARTHA JOHNSON LUDEWIG JTWROS | $ 10.40 | $ 2.52 | $ | 12.92 |
| 20000728 | EPIPHANIUS ZAKRZEWSKI | $ 31.20 | $ 7.57 | $ | 38.77 |

**SA578**

| Claim Number | | Calculated Damages | Prejudgment Interest | Total |
|---|---|---|---|---|
| 2000751 | DOMINIC D'ADDARIO UND IRA | $ 33.80 | $ 8.20 | $ 42.00 |
| 20002443 | RFI 2 LLC | $ 1,260.00 | $ 305.85 | $ 1,565.85 |
| 20002805 | JACK G MUNSON IRA | $ 1,710.00 | $ 415.08 | $ 2,125.08 |
| 20002824 | ROBERT A WILLIAMS | $ 855.00 | $ 207.54 | $ 1,062.54 |
| 20002850 | GEORGE F ST. JOHN III | $ 3,147.00 | $ 763.90 | $ 3,910.90 |

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
                                             :
                                             :   No. 02 Civ. 05571 (SAS)
IN RE VIVENDI UNIVERSAL, S.A. SECURITIES :
LITIGATION,                                  :
                                             :
                                             :
                                             :
                                             :
-------------------------------------------------------------X
```

## ORDER FOR RULE 62(D) STAY AND DEPOSIT OF FUNDS
## INTO AN INTEREST-BEARING ACCOUNT

**WHEREAS** on January 29, 2010, the jury in this securities fraud class action returned a verdict against Vivendi Universal, S.A. ("Vivendi"); and

**WHEREAS** by order dated November 12, 2014, the Court approved the entry of a partial final judgment with respect to certain claims described therein; and

**WHEREAS** on December 22, 2014, partial final judgment in favor of certain plaintiffs and plaintiff class members (the "Judgment") was entered.

**IT IS HEREBY ORDERED**:

1. Vivendi may obtain a stay of execution or enforcement pending appeal of the Judgment pursuant to Federal Rule of Civil Procedure 62(d) upon the deposit of funds in the amount of $55 million (the "Security Amount") into the Court registry in an interest-bearing account in lieu of a supersedeas bond.

2. To obtain a stay, Vivendi must deposit the Security Amount within 14 days after the entry of the Judgment.

3. Upon Vivendi's timely deposit of the Security Amount into the Court registry, a stay of the Judgment pursuant to Rule 62(d) will be in effect.

**SA581**

4.  The Clerk is hereby ordered to invest the Security Amount in the Court registry in an interest-bearing account.

5.  The Clerk is further ordered to deduct from the income on the investment of the Security Amount a fee equal to ten percent (10%) of the income earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

6.  The Court retains jurisdiction over the Security Amount and may take such actions with regard to the Security Amount as it deems appropriate for the security of the plaintiffs.


SO ORDERED this _____ day of December 2014:


_____
Hon. Shira A. Scheindlin
United States District Judge

WEIL:\95189806\4\79204.0028